# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.: 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

    Plaintiff,

v.

WELLPATH, LLC;
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO, COLORADO;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

    Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to this Court's Order [ECF 4] there is no Scheduling/Planning Conference currently scheduled. Should the Court determine a conference is necessary, the following counsel will appear for the parties:

| | |
|---|---|
| Anna Holland Edwards<br>Dan Weiss<br>HOLLAND, HOLLAND EDWARDS & GROSSMAN<br>1437 High Street<br>Denver, CO 80218<br>303-860-1331<br>anna@hheglaw.com | Nathan Whitney<br>Bryan E. Schmid<br>EL PASO COUNTY ATTORNEY'S OFFICE<br>200 S. Cascade Ave.<br>Colorado Springs, CO 80903<br>719-520-6485<br>nathanwhitney@elpaso.com |

| | |
|---|---|
| dan@hheglaw.com<br>*Attorneys for Plaintiff* | bryanschmid@elpaso.com<br>*Attorneys for El Paso County Defendants* |
| Patrick Hale<br>Brenda S. McClearn<br>HALL BOOTH SMITH, P.C.<br>5445 DTC Parkway, Suite 900<br>Greenwood Village, CO 80111<br>303-773-3500<br>PHale@hallboothsmith.com<br>BMcClearn@hallboothsmith.com<br>*Attorneys for Wellpath Defendants* | Ryan D. Doherty<br>OFFICE OF THE CITY ATTORNEY<br>30 S. Nevada Ave., Suite 501<br>Colorado Springs, CO 80903<br>719-385-5909<br>ryan.doherty@coloradosprings.gov<br>*Attorney for Defendant Scott* |

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

Supplemental pendent jurisdiction is based on 28 U.S.C. §1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

**Defendant SCOTT**: This Court may decline to exercise supplemental jurisdiction over the claims for relief asserted against SCOTT because the Plaintiff alleges that its claims for relief against SCOTT raise novel issues of state law. *See* 28 U.S.C.A. § 1367 (c)(1) (2023) ("The district courts may decline to exercise supplemental jurisdiction over a claim under

subsection (a) if – (1) the claim raises a novel or complex issue of State law ….”); Doc. 1, ¶¶ 246, 247.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.     <u>Plaintiff</u>:

Christo Canett died of a perforated duodenal ulcer in El Paso County Jail on April 26, 2022. Mr. Canett was living in Community Corrections had arranged with ComCor to be home late because he was going to the hospital. An "escape" warrant was erroneously sent by ComCor. Arresting officers were told by ComCor employees that ComCor did not mean to send the warrant, but arrested him anyway because the warrant had been sent. Mr. Canett was arrested in the hospital ER waiting room by Sergeant Scott while still waiting to be seen by the doctor. Sgt Scott decided on her own that Mr. Canett would not get to see a doctor and that she thought he was just drug seeking. Mr. Canett was not drug seeking and actually had an extremely painful ulcer which continued to worsen during his arrest. When he arrived at El Paso County Jail he told the booking deputies and medical staff that he needed to be seen by a nurse or a doctor, that he had new symptoms including new emergency symptoms of abdominal and shoulder pain. Medical staff ignored his complaints while he deteriorated over the next 24 hours. Mr. Canett's medical situation was such an obvious emergency that deputies called medical on multiple occasions to try to get help for him, which medical staff largely ignored, only eventually giving ibuprofen (which is terrible for an ulcer) to placate officers, but not even doing a nursing exam, let alone calling a doctor. Mr. Canett died of internal bleeding from his incredibly painful perforated ulcer on the floor of his cell. His Estate has brought claims under 42 U.S.C. 1983 against individual medical

staff, Anthony Lupo, Michelle Silva and Makayla Patterson for their deliberate indifference, as well as against their employer Wellpath, for its unconstitutional practices, policies, customs, training and staffing which were moving forces in the deliberate indifference of individual medical defendants. Plaintiff has also brought suit against El Paso County, through Sheriff Joseph Roybal in his official capacity, and the Board of County Commissioners of the County of El Paso, Colorado, both because they are non delegably liable for the unconstitutional policies of Wellpath and because of their own unconstitutional policy decision to rehire and retain Wellpath despite their extensive awareness of Wellpath's unconstitutional policies. Plaintiff Estate also has brought a claim against Sergeant Scott under C.R.S.A. §13-21-131 for violating the Colorado Constitution in deciding without any medical basis to deprive Mr. Canett of medical care during arrest.

b.  **Defendant SCOTT**: On April 24, 2022, Cristo Canett ("Canett") was supposed to be serving a six-year sentence for two different felonies, kidnapping and criminal mischief, with the ComCor, Inc. Diversion Program ("ComCor"), a community corrections provider for the State of Colorado. Canett was not serving this sentence; in fact, Canett was a fugitive and ComCor sought and the El Paso County District Court issued a felony warrant for Canett's arrest.

During his escape, Canett had taken his sister's automobile without her permission or knowledge. Canett's sister tracked Canett down and called the Colorado Springs Police Department ("CSPD") to assist in repossessing her automobile. CSPD officers and SCOTT responded to this domestic disturbance and investigation. During the investigation into the automobile's ownership, SCOTT and the CSPD officers learned about the El Paso County District Court's felony warrant for Canett's arrest. After confirming the validity of the warrant, the CSPD officers arrested Canett, without incident.

Scott denies the substance of Plaintiff's Complaint and denies that she violated any constitutional rights or acted unreasonably. Scott asserts the following defenses: (1) Plaintiff's claims are barred or reduced, at least in part, by his failure to take reasonable steps under the circumstances to minimize or mitigate his alleged damages; (2) Plaintiff's damages, if any, are not to the nature and extent alleged; (3) comparative fault of Plaintiff or others; (4) Plaintiff's Complaint fails, at least in part, to state a claim for relief against Scott; (5) the absence of supplemental jurisdiction over the claims for relief asserted against Scott; and (6) Scott adopts and incorporates all defense raised in an Answer filed and reserves the right to add additional defenses as they become apparent through disclosure and discovery.

**El Paso County Defendants**: The El Paso County Defendants deny that they violated Plaintiff's rights under the United States Constitution or any other law by making a policy decision to rehire WellPath as the medical contractor in the El Paso County Criminal Justice Center. The El Paso County Defendants deny that WellPath maintained a custom or policy of providing constitutionally inadequate medical care in the El Paso County Criminal Justice Center for which the El Paso County Defendants may be liable under the nondelegable duty doctrine. Further still, the El Paso County Board of County Commissioners is not a proper party because sheriffs, not boards of county commissioners, are responsible for operating county jails. *See* C.R.S. § 30-10-511; *Terry v. Sullivan*, 58 P.3d 1098, 1102 (Colo. 2002). The El Paso County Defendants have not yet filed an Answer but reserve the right to assert additional denials and affirmative defenses.

**Wellpath Defendants:** The Wellpath Defendants affirmatively assert that their actions met

all applicable constitutional standards. The Wellpath Defendants deny that they violated Plaintiff's rights under the United States Constitution or any other law. The Wellpath Defendants deny that they maintained a custom or policy of providing constitutionally inadequate medical care in the El Paso County Criminal Justice Center, as a general practice and in this situation. The Wellpath Defendants further deny that they disregarded Mr. Canett's serious medical complaints or that they refused Mr. Canett medical care. The Wellpath Defendants deny that Wellpath's practices, policies, customs and habits were moving forces or the cause of the death of Cristo Canett. The Wellpath Defendants have not yet filed an Answer but reserve the right to assert additional denials and affirmative defenses.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. At all times pertinent hereto, the decedent, Cristo Canett, was a citizen of the United States of America and a resident of the State of Colorado.

2. At all times pertinent hereto, Defendant Wellpath, LLC ("Wellpath") contracted with El Paso County, Colorado.

3. Defendant Sheriff Roybal is the elected Sheriff in charge of the El Paso County Jail, which is the law enforcement body in charge of operating the El Paso County Jail.

4. At all times relevant hereto, Jennene Scott was a citizen of the United States and a resident of Colorado and employed by the Colorado Springs Police Department.

## 5. COMPUTATION OF DAMAGES

a. <u>Plaintiff</u>: Appropriate relief at law and equity; declaratory relief and other appropriate

equitable relief; economic losses on all claims as allowed by law; compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of companionship and association with family members, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the appropriate lawful rate; any further relief that this court deems just and proper, and any other relief as allowed by law.

Plaintiff Estate has suffered injuries and losses, including the death of Mr. Canett, entitling it to recover his compensatory, economic and special damages, including, but not limited to, for loss of constitutional rights, loss of enjoyment of life, loss off income, and his herein described horrific and terrifying pain and suffering during and leading up this fatal event.

In addition to compensatory, consequential and special damages, Plaintiff Estate is entitled to punitive damages against individual medical Defendants and Wellpath, in that their actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiffs.

Plaintiff is also entitled to attorneys' fees and costs, and prejudgment and post-judgment interest and costs as allowable by federal law.

   b. Defendants:

**Defendant SCOTT**: SCOTT does not seek damages at this time but reserves the right to pursue attorney fees and costs of litigation to which she may be entitled.

**El Paso County Defendants**: The El Paso County Defendants do not seek damages but may seek to recover their attorneys' fees and costs as permitted by law.

**Wellpath Defendants:** The Wellpath Defendants do not seek damages but may seek to recover their attorneys' fees and costs as permitted by law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: July 7, 2023.

b. Names of each participant and party he/she represented:

   Anna Holland Edwards for the Plaintiff;

   Nathan Whitney and Bryan E. Schmid for the El Paso County Defendants;

   Brenda McClearn and Patrick Hale for the Wellpath Defendants;

   Ryan D. Doherty for Defendant SCOTT.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   Rule 26(a)(1) disclosures will be made by agreement on or before July 26, 2023.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

   None.

e. Statement concerning any agreements to conduct informal discovery:

   None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have agreed to the use of a unified exhibit numbering system and have agreed in a general sense to take all reasonable steps to reduce discovery and other litigation costs.

Otherwise, there are no specifically agreed-upon procedures to reduce discovery or litigation costs.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that this case will involve extensive amounts of electronically stored information ("ESI"). The parties have taken steps to preserve any emails, texts, videos, and other ESI which may exist regarding this matter. The parties agree that all ESI will be produced in electronic form unless production in electronic form is not possible, and the parties agree to exchange ESI in native and/or PDF format to the fullest extent feasible. The parties agree to work cooperatively to identify custodians and search terms. The parties agree to each utilize a single Bates labeling system (*i.e.*, one set of Bates numbers for each party) to identify disclosures and discovery to reduce discovery costs. The parties further agree to work cooperatively to avoid discovery disputes related to electronically stored information and to be guided by the Sedona Principles to resolve any disputes which may arise concerning ESI.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Pursuant to Fed. R. Civ. P. 26(f), the parties briefly discussed the possibility for a prompt settlement or resolution of the case. The parties agreed any further discussions of the sort are premature at this time until further disclosures have been made and discovery have been conducted, as the parties have differing views as to the case's merits. The parties agree that they will continually reassess the prospects of settlement as this case progresses and that appropriate discussions may be entertained following adequate disclosures − including for experts − and

discovery in the case in order to make such discussions or a settlement conference an economical use of time and expense.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

With respect to interrogatories:

**~~Plaintiff's proposal, with which El Paso County Defendants and Sgt. Scott agree~~**

Plaintiff may serve 25 interrogatories on the Wellpath Defendants and 25 interrogatories on El Paso County Related Defendants and 25 on Defendant Scott.

El Paso County Related Defendants may serve 25 interrogatories on Plaintiff.

Wellpath Related Defendants may serve 25 interrogatories on Plaintiff.

Defendant Scott may serve 25 interrogatories on Plaintiff.

~~Based on undersigned plaintiff's counsel's experience in very similar previous 1983 cases, and especially those alleging an entity claim as well, this is reflective of the amount of discovery necessary. These numbers are based on what undersigned believes is likely to be sufficient to conduct the necessary targeted discovery and will not be used to conduct unnecessary discovery. Plaintiff would increase this number to address Wellpath Defendants desire for more for each of their defendants, but contends that 20 for each Wellpath Defendant is burdensome as it would mean that just that one group of Defendants could serve 80 interrogatories and 80 requests for production on Plaintiff Estate.~~

10

**~~Wellpath Defendants' proposal:~~**

~~Plaintiffs may serve 20 interrogatories on each of the Wellpath Defendants and 25 interrogatories on El Paso County Related Defendants and 25 on Defendant Scott.~~

~~El Paso County Related Defendants may serve 25 interrogatories on Plaintiff.~~

~~Wellpath Related Defendants may each serve 20 interrogatories on Plaintiff.~~

~~Defendant Scott may serve 25 interrogatories on Plaintiff.~~

<u>With respect to depositions</u>:

The parties shall be limited to 15 depositions per side, in addition to named parties and retained experts.

b.  <u>Limitations which any party proposes on the length of depositions</u>.

None. The Parties agree a deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2), unless the Parties otherwise stipulate.

c.  <u>Limitations which any party proposes on the number of requests for production and/or requests for admission.</u>

**~~Plaintiff's Proposal, agreed to by El Paso County Defendants and Sgt. Scott:~~**

Plaintiff may serve 25 Requests for Production of Documents on Wellpath Related Defendants, 25 Requests for Production of Documents on El Paso County Related Defendants and 25 Requests for Production of Documents on Defendant Scott.

Wellpath Related Defendants may serve 25 Requests for Production of Documents on Plaintiff.

El Paso Related Defendants may serve 25 Requests for Production of Documents on Plaintiff.

11

Defendant Scott may serve 25 Requests for Production of Documents on Plaintiff.

**Wellpath Defendants' proposal:**

~~Plaintiff may serve 20 Requests for Production of Documents on each Wellpath Related Defendant, 25 Requests for Production of Documents on El Paso County Related Defendants and 25 Requests for Production of Documents on Defendant Scott.~~

~~Wellpath Related Defendants may each serve 20 Requests for Production of Documents on Plaintiff.~~

~~El Paso Related Defendants may serve 25 Requests for Production of Documents on Plaintiff.~~

~~Defendant Scott may serve 25 Requests for Production of Documents on Plaintiff.~~

~~With respect to Request for Admissions:~~

**Plaintiff's proposal with which El Paso County Defendants and Sgt. Scott agree:**

Plaintiff may serve 20 Requests for Admission on each Wellpath Related Defendants, 25 Requests for Admission on El Paso County Related Defendants and 25 Requests for Admission on Defendant Scott.

Each Wellpath Related Defendant may serve 20 Requests for Admission on Plaintiff.

El Paso County Related Defendants may serve 25 Requests for Admission on Plaintiff.

Defendant Scott may serve 25 Requests for Admission on Plaintiff.

**Wellpath Defendants' proposal:**

~~Plaintiff may serve 20 Requests for Admission on each Wellpath Related Defendants, 25 Requests for Admission on El Paso County Related Defendants and 25 Requests for Admission on Defendant Scott.~~

12

~~Each Wellpath Related Defendant may serve 20 Requests for Admission on Plaintiff.~~

~~El Paso County Related Defendants may serve 25 Requests for Admission on Plaintiff.~~

~~Defendant Scott may serve 25 Requests for Admission on Plaintiff.~~

As the Rules state, the parties agree that these limitations on the Requests for Admission do not include Requests for Admissions concerning authenticity or genuineness of documents. These numbers are based on what undersigned believes is likely to be sufficient to conduct the necessary targeted discovery and will not be used to conduct unnecessary discovery

d. <u>Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions</u>:

March 14, 2024 (47 days before proposed discovery cut-off date of April 30, 2024).

e. Other Planning or Discovery Orders

None.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

October 10, 2023, proposed amendments that meet the requirements of F.R.C.P. 15 shall be considered good cause to amend this deadline.

Motions to amend the pleadings to seek punitive damages against the health care providers shall be governed by the Health Care Availability Act.

b. Discovery Cut-off: April 30, 2024.

c. Dispositive Motion Deadline: May 31, 2024.

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any:

13

Plaintiff: Plaintiff anticipate calling witnesses in the following possible fields: emergency medicine, gastroenterology, law enforcement, correctional healthcare, nursing care and economics. Plaintiffs may designate experts in other areas as well, including in areas endorsed by other parties.

Plaintiff also anticipates calling other expert witnesses necessary for rebuttal and/or impeachment purposes.

Defendants:

**Defendant SCOTT**: SCOTT anticipates retaining a police procedures expert and rebuttal experts to all of Plaintiff's affirmative experts.

**El Paso County Defendants**: The El Paso County Defendants anticipate calling expert witness in the following fields: emergency medicine, government procurement and contracting, correctional health care, nursing case, and any other field endorsed by any other party. The El Paso County Defendants reserve the right to endorse and call expert witnesses in additional fields of expertise.

**Wellpath Defendants:** The Wellpath Defendants anticipates retaining expert witnesses related to: correctional healthcare, nursing care, emergency medicine, gastroenterology, and any other fields where Plaintiff or other Defendants have retained experts. The Wellpath Defendants reserve the right to retain additional expert witnesses in other fields of expertise.

2. Limitations which the parties propose on the use or number of expert witnesses.

Five (5) specially retained experts per side without leave of the Court. This limitation does not apply to treating or non-retained experts.

       3.      Plaintiff shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Feb 29, 2024

       4.      Defendants shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 28, 2024

       5.      Plaintiffs shall designate rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 25, 2024.

      e.      Identification of Persons to Be Deposed:

The parties are presently determining their discovery needs. Accordingly, the schedule listed below is not exhaustive and is not necessarily presented in the order in which the parties will conduct depositions. Further, the dates and times of depositions are tentative and have not yet been determined or noticed. Finally, the parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Elizabeth Naranjo | TBD | TBD | TBD |
| Sheriff Joseph Royball | TBD | TBD | TBD |
| Anthony Lupo | TBD | TBD | TBD |
| Michelle Silva | TBD | TBD | TBD |
| Makayla Patterson | TBD | TBD | TBD |
| Jennene Scott | TBD | TBD | TBD |
| Officer Alison Steinhardt | TBD | TBD | TBD |
| Deputy Divine | TBD | TBD | TBD |
| Deputy Przymu | TBD | TBD | TBD |

| Deputy Deluca | TBD | TBD | TBD |
|---|---|---|---|
| Other inmates, including Mr. Canett's cellmate, not yet identified | TBD | TBD | TBD |
| Alicia Reavis | TBD | TBD | TBD |
| As of yet unidentified CCSO personnel | TBD | TBD | TBD |
| 30(b)(6) of Wellpath | TBD | TBD | TBD |
| 30(b)(6) of El Paso County | TBD | TBD | TBD |
| Further witnesses as discovered through litigation | TBD | TBD | TBD |
| Experts | TBD | TBD | TBD |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

b. ~~A final pretrial conference will be held in this case on _____ at _____ o'clock ___.m.~~ The Court will generally contact the parties to set dates for Trial, Final Pretrial and Trial Preparation Conferences after the dispositive motions deadline has passed and the Court has issued rulings on all such motions.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipate length of trial and whether trial is to the court or jury.

The parties anticipate a ten (10) day jury trial.

16

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, CO 81301.

**Defendant SCOTT**: SCOTT believes that this case may more effectively be tried at the facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476, as the events in this matter are alleged to have occurred in Colorado Springs, Colorado and all the witnesses and documents reside in Colorado Springs, Colorado.

**El Paso County Defendants**: The El Paso County Defendants believe it would be more efficient to hold the trial in this case in the courtroom in Colorado Springs because this case occurred in Colorado Springs and involves witnesses located in Colorado Springs.

**Wellpath Defendants:** The Wellpath Defendants believe that the greatest efficiency would be for trial in this case to be held in Colorado Springs. The events giving rise to the Complaint occurred in Colorado Springs and the action involves a number of witnesses located in Colorado Springs.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 13th day of July, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Anna Holland Edwards* <br> Anna Holland Edwards <br> Dan Weiss <br> HOLLAND, HOLLAND EDWARDS & GROSSMAN <br> 1437 High Street <br> Denver, CO 80218 <br> 303-860-1331 <br> anna@hheglaw.com <br> dan@hheglaw.com <br> *Attorneys for Plaintiff* | */s/ Nathan Whitney* <br> Nathan Whitney <br> Bryan E. Schmid <br> EL PASO COUNTY ATTORNEY'S OFFICE <br> 200 S. Cascade Ave. <br> Colorado Springs, CO 80903 <br> 719-520-6485 <br> nathanwhitney@elpaso.com <br> bryanschmid@elpaso.com <br> *Attorneys for El Paso County Defendants* |
| */s/ Patrick Hale* <br> Patrick Hale <br> Brenda S. McClearn <br> HALL BOOTH SMITH, P.C. <br> 5445 DTC Parkway, Suite 900 <br> Greenwood Village, CO 80111 <br> 303-773-3500 <br> PHale@hallboothsmith.com <br> BMcClearn@hallboothsmith.com <br> *Attorneys for Wellpath Defendants* | */s/ Ryan D. Doherty* <br> Ryan D. Doherty <br> OFFICE OF THE CITY ATTORNEY <br> 30 S. Nevada Ave., Suite 501 <br> Colorado Springs, CO 80903 <br> 719-385-5909 <br> ryan.doherty@coloradosprings.gov <br> *Attorney for Defendant Scott* |