## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo,

      Plaintiff,

v.

WELLPATH, LLC,
SHERIFF JOSEPH ROYBAL, in his official capacity,
ANTHONY LUPO, individually,
MICHELLE SILVA, individually,
MAKAYLA PATTERSON, individually, and

      Defendants.

---

## ANSWER AND JURY DEMAND ON BEHALF OF DEFENDANT
## SHERIFF JOSEPH ROYBAL TO PLAINTIFF'S COMPLAINT

---

Defendant, Sheriff Joseph Roybal ("Defendant Roybal"), through the Office of the El Paso County Attorney, and for his Answer to Plaintiff's Complaint (Doc. 1), states as follows:

## I.    INTRODUCTION

1. Defendant Roybal admits that Canett died while in the El Paso County Criminal Justice Center ("CJC") but is without sufficient information regarding the remaining allegations in Paragraph 1 and denies them.

2. Defendant Roybal admits that Canett went to the emergency room but is without sufficient information regarding the remaining allegations in Paragraph 2 and denies them.

3. Defendant Roybal admits Canett was arrested at the hospital but is without sufficient information regarding the remaining allegations in Paragraph 3 and denies them.

4.    Defendant Roybal is without sufficient information regarding the allegations in Paragraph 4 and denies them.

5.    Defendant Roybal admits that Canett was provided a wheelchair in CJC but is without sufficient information regarding the remaining allegations in Paragraph 5 and denies them.

6.    Defendant Roybal admits that a deputy called the jail medical unit but is without sufficient information regarding the specific actions taken by Wellpath staff.

7.    Defendant Roybal admits that died of a perforated duodenal ulcer.

## II.      JURISDICTION AND VENUE

8.    Defendant Roybal admits Paragraph 8.

9.    Defendant Roybal admits Paragraph 9.

10.   Defendant Roybal denies Paragraph 10.

11.   Paragraph 11 is a statement of law to which no response is required.

## III.      PARTIES

12.   Defendant Roybal is without sufficient information regarding Paragraph 12 and denies it.

13.   Defendant Roybal is without sufficient information regarding Paragraph 13 and denies it.

14.   Defendant Roybal admits Paragraph 14 but states that the Board of County Commissioners ("BoCC") has been dismissed as a party from this lawsuit.

15.   In response to Paragraph 15, Defendant Roybal affirmatively states that the BoCC has been dismissed as a party from this lawsuit.

16.   In response to Paragraph 16, Defendant Roybal admits that Sheriff Roybal, as the elected Sheriff, is a policymaker for EPSO.

17.   Paragraph 17 does not require a response.

18.   Defendant Roybal denies Paragraph 18.

19.     Defendant Roybal admits Paragraph 19.

20.     Paragraph 20 is a statement of law to which no response is required.

21.     Paragraph 21 does not require a response.

22.     Defendant Roybal is without sufficient information regarding Paragraph 22 and denies it.

23.     Defendant Roybal is without sufficient information regarding Paragraph 23 and denies it.

24.     Defendant Roybal is without sufficient information regarding Paragraph 24 and denies it.

25.     Defendant Roybal is without sufficient information regarding Paragraph 25 and denies it.

26.     Paragraph 26 does not require a response.

## IV.     STATEMENT OF FACTS

27.     Defendant Roybal admits Paragraph 27.

28.     Defendant Roybal admits that Canett had a job at Whole Foods but is without sufficient information regarding the remaining allegations in Paragraph 28 and denies them.

29.     Defendant Roybal admits that Canett died from a perforated duodenal ulcer but is without sufficient information regarding the remaining allegations in Paragraph 29 and denies them.

30.     Defendant Roybal is without sufficient information regarding Paragraph 30 and denies it.

31.     Defendant Roybal is without sufficient information regarding Paragraph 31 and denies it.

32.     Defendant Roybal is without sufficient information regarding Paragraph 32 and denies it.

33.     Defendant Roybal is without sufficient information regarding Paragraph 33 and denies it.

34.     Defendant Roybal is without sufficient information regarding Paragraph 34 and denies it.

35.     Defendant Roybal is without sufficient information regarding Paragraph 35 and denies it.

36.     Defendant Roybal is without sufficient information regarding Paragraph 36 and denies it.

**Mr. Canett Was Recklessly Removed from the St. Francis ER Waiting Room by CSPD Sgt. Scott Before He Could Be Evaluated by a Doctor**

37.     Defendant Roybal is without sufficient information regarding Paragraph 37 and denies it.

38.     Defendant Roybal admits that Canett went to the ER on April 14, 2022, but is without sufficient information regarding the remaining allegations in Paragraph 38 and denies them.

39.     Defendant Roybal admits Paragraph 39.

40.     Defendant Roybal is without sufficient information regarding Paragraph 40 but states that the interactions are captured on Colorado Springs Police Department ("CSPD") body cam.

41.     Defendant Roybal is without sufficient information regarding Paragraph 41 and denies it.

42.     Defendant Roybal is without sufficient information regarding Paragraph 42 but states that the interactions are captured on CSPD body cam.

43.     Defendant Roybal admits that these were two of the CSPD officers who responded.

44.     Defendant Roybal is without sufficient information regarding Paragraph 44 but states that the interactions are captured on CSPD body cam.

45.     Defendant Roybal is without sufficient information regarding Paragraph 45 but states that the interactions are captured on CSPD body cam.

46.     Defendant Roybal is without sufficient information regarding Paragraph 46 but states that the interactions are captured on CSPD body cam.

47.     Defendant Roybal is without sufficient information regarding Paragraph 47 but states that the interactions are captured on CSPD body cam.

48.     Defendant Roybal is without sufficient information regarding Paragraph 48 but states that the interactions are captured on CSPD body cam.

49. Defendant Roybal is without sufficient information regarding Paragraph 49 but states that the interactions are captured on CSPD body cam.

50. Defendant Roybal is without sufficient information regarding Paragraph 50 but states that the interactions are captured on CSPD body cam.

51. Defendant Roybal is without sufficient information regarding Paragraph 51 but states that the interactions are captured on CSPD body cam.

52. Defendant Roybal is without sufficient information regarding Paragraph 52 but states that the interactions are captured on CSPD body cam.

53. Defendant Roybal is without sufficient information regarding Paragraph 53 but states that the interactions are captured on CSPD body cam.

54. Defendant Roybal is without sufficient information regarding Paragraph 54 but states that the interactions are captured on CSPD body cam.

55. Defendant Roybal is without sufficient information regarding Paragraph 55 and denies it.

56. Defendant Roybal is without sufficient information regarding Paragraph 56 and denies it.

57. Defendant Roybal is without sufficient information regarding Paragraph 57 and denies it.

58. Defendant Roybal is without sufficient information regarding Paragraph 58 and denies it.

59. Defendant Roybal states that the hospital records speak for themselves but is without sufficient information regarding the remaining allegations in Paragraph 59 and denies them.

60. Paragraph 60 is a statement of law to which no response is required.

61. Defendant Roybal is without sufficient information regarding Paragraph 61 and denies it.

62. Defendant Roybal admits that Canett dies about 26 hours later of a perforated ulcer but is without sufficient information regarding the remaining allegations in Paragraph 62 and denies them.

**Charge Nurse Anthony Lupo Recklessly Disregarded Mr. Canett's Serious Medical Complaints and Visibly Ill Appearance**

63.     In response to Paragraph 63, Defendant Roybal states that the referenced interaction is captured on CSPD body cam.

64.     Defendant Roybal admits Paragraph 64.

65.     Defendant Roybal is without sufficient information regarding Paragraph 65 but states that the interactions are captured on CSPD body cam.

66.     Defendant Roybal is without sufficient information regarding how Canett felt.  Defendant Roybal further states that Canett's behavior is captured on CSPD body cam.

67.     In response to Paragraph 67, Defendant Roybal states that the referenced interaction is captured on CSPD body cam.

68.     In response to Paragraph 68, Defendant Roybal states that the referenced interaction is captured on CSPD body cam.

69.     In response to Paragraph 69, Defendant Roybal states that the referenced interaction is captured on CSPD body cam.

70.     Defendant Roybal states that the referenced interaction is captured on CSPD body cam and/or El Paso County Sheriff's Office ("EPSO") surveillance video.

71.     Defendant Roybal is without sufficient information regarding Paragraph 71 and denies it.

72.     Defendant Roybal admits Paragraph 72.

73.     In response to Paragraph 73, Defendant Roybal states that the referenced interaction is captured on EPSO surveillance video.

74.     Defendant Roybal is without sufficient information regarding Paragraph 74 and denies it.

75.     Defendant Roybal denies Paragraph 75.

76. Defendant Roybal is without sufficient information regarding Paragraph 76 and denies it.

77. In response to Paragraph 77, Defendant Roybal states that the notes from Lupo's screening speak for themselves.

78. In response to Paragraph 78, Defendant Roybal states that the notes from Lupo's screening speak for themselves.

79. Defendant Roybal is without sufficient information regarding Paragraph 79 and denies it.

80. Defendant Roybal is without sufficient information regarding Paragraph 80 and denies it.

81. Defendant Roybal admits that Lupo did not house Canett in the medical unit but is without sufficient information regarding the remaining allegations in Paragraph 81 and denies them.

**Nurses Refused Mr. Canett Necessary Medical Care Despite Deputies Calling for Help**

82. Defendant Roybal is without sufficient information regarding Canett's condition on April 25, 2022. Defendant Roybal admits that Canett was not seen by a NP or a PA.

83. Defendant Roybal admits that Canett interacted with Deputies Divine, Przymus, and DeLuca. Their deposition testimony regarding their observations of Canett speaks for itself.

84. Defendant Roybal admits Paragraph 84.

85. Defendant Roybal admits that Deputy Devine knew Canett from prior incarcerations and thought Canett did not appear normal.

86. Defendant Roybal admits Paragraph 86.

87. Defendant Roybal admits that Deputy DeLuca knew Canett from prior incarcerations and thought Canett did not appear normal.

88. Defendant Roybal admits Paragraph 88.

89. Defendant Roybal is without sufficient information regarding Paragraph 89 and denies it.

90.    Defendant Roybal denies Paragraph 90.

91.    Defendant Roybal admits Nurse Silva did not see Canett.

92.    Defendant Roybal admits Nurse Silva did not call a provider.

93.    Defendant Roybal admits that Nurse Silva did not send Canett to the hospital.

94.    Defendant Roybal admits that Nurse Silva did not have Canett housed in the medical unit.

95.    Defendant Roybal admits that Nurse Silva authorized a lower bunk restriction and a wheelchair for Canett but is without sufficient information regarding the remaining allegations in Paragraph 95 and denies them.

96.    Defendant Roybal admits that Deputy DeLuca performed 15-minute welfare checks on Canett and affirmatively states that Deputy DeLuca's deposition testimony regarding his observations of Canett speaks for itself.

97.    Defendant Roybal admits Paragraph 97.

98.    Defendant Roybal admits that Deputy DeLuca immediately opened the cell door and affirmatively states that Deputy DeLuca's deposition testimony regarding his observations of Canett speaks for itself.

99.    Defendant Roybal is without sufficient information regarding Paragraph 99 and denies it.

100.   Defendant Roybal admits that Canett previously went to the hospital and told nurses about being in pain but denies that he sent an electronic kit through CJC's kite system.

101.   Defendant Roybal is without sufficient information regarding Paragraph 101 and denies it.

102.   Defendant Roybal admits that Deputy DeLuca called Nurse Silva.

103.   Defendant Roybal admits that Nurse Silva told Deputy DeLuca that medical was aware of Canett.

104.    Defendant Roybal admits that a nurse brought Canett non-prescription pain medication.

105.    In response to Paragraph 105, Defendant Roybal affirmatively states that the deposition testimony of Deputy DeLuca and Nurse Silva regarding this interaction speaks for itself.

106.    Defendant Roybal is without sufficient information regarding Paragraph 106 and denies it.

107.    Defendant Roybal admits that EMT Patterson brought Canett Tylenol and Ibuprofen.

108.    Defendant Roybal is without sufficient information regarding Paragraph 108 and denies it.

109.    Defendant Roybal is without sufficient information regarding Paragraph 109 and denies it.

110.    Defendant Roybal is without sufficient information regarding Paragraph 110 and denies it.

111.    Defendant Roybal is without sufficient information regarding Paragraph 111 and denies it.

112.    Defendant Roybal is without sufficient information regarding Paragraph 112 and denies it.

113.    Defendant Roybal admits that Deputies made such observations of Canett over the next 24 hours.

114.    Defendant Roybal is without sufficient information regarding Paragraph 114 and denies it.

115.    Defendant Roybal is without sufficient information regarding Paragraph 115 and denies it.

116.    Defendant Roybal is without sufficient information regarding Paragraph 116 and denies it.

117. Defendant Roybal is without sufficient information regarding Paragraph 117 and denies it.

118. Defendant Roybal admits Paragraph 118.

119. Defendant Roybal admits Paragraph 119.

120. Defendant Roybal admits Paragraph 120.

121. Defendant Roybal admits Paragraph 121.

122. Defendant Roybal is without sufficient information regarding Paragraph 122 and denies it.

123. Defendant Roybal admits Paragraph 123.

124. Defendant Roybal is without sufficient information regarding Paragraph 124 and denies it.

125. Defendant Roybal is without sufficient information regarding Paragraph 125 and denies it.

126. Defendant Roybal is without sufficient information regarding Paragraph 126 and denies it.

127. Defendant Roybal is without sufficient information regarding Paragraph 127 and denies it.

128. In response to Paragraph 128, Defendant Roybal states that Canett's autopsy report speaks for itself.

129. Defendant Roybal is without sufficient information regarding Paragraph 129 and denies it.

130. Defendant Roybal admits that Canett was 48 years old when he died but is without sufficient information regarding the remaining allegations in Paragraph 130 and denies them.

131. Defendant Roybal is without sufficient information regarding Paragraph 131 and denies it.

132. Defendant Roybal is without sufficient information regarding Paragraph 132 and denies it.

**Wellpath's Practice, Policies, Customs, and Habits Were Moving Forces in the Unconstitutional Death of Cristo Canett**

133. Defendant Roybal admits Paragraph 133.

134. Defendant Roybal denies Paragraph 134.

135. Defendant Roybal denies Paragraph 135.

136. Defendant Roybal denies Paragraph 136.

137. Defendant Roybal affirmatively states that the quote is taken out of context.

138. Defendant Roybal affirmatively states that the Denver 5280 Magazine article speaks for itself.

139. Defendant Roybal denies Paragraph 139.

140. Defendant Roybal admits that the jail staffing plan called for RN's on each shift and that Canett was not seen by a RN.

141. Defendant Roybal is without sufficient information regarding Paragraph 141 and denies it.

142. Defendant Roybal is without sufficient information regarding Paragraph 142 and denies it.

**Mr. Canett's Death Was Preceded and Followed by Many Other Deaths and Serious Injuries at the Jail**

143. Defendant Roybal denies Paragraph 143.

144. Defendant Roybal admits that Shawn Meehan died in CJC by suicide but denies the remaining allegations in Paragraph 144.

145.    Defendant Roybal admits that Addison Reed was transferred to the hospital in apparent diabetic ketoacidosis and later died at the hospital but denies the remaining allegations in Paragraph 145.

146.    Defendant Roybal admits that William Johnson died in CJC from a number of factors but denies the remaining allegations in Paragraph 146.

147.    Defendant Roybal admits that Sean Williams died in CJC, affirmatively states that the EPSO surveillance video depicts the referenced interactions, but denies the remaining allegations in Paragraph 147.

148.    Defendant Roybal admits that Laura Gibbs died in CJC but denies the remaining allegations in Paragraph 148.

149.    Defendant Roybal is without sufficient information regarding Paragraph 149 and denies it.

150.    Defendant Roybal admits that Dezeree Archuleta died in CJC by suicide but is without sufficient information regarding the remaining allegations in Paragraph 150 and denies them.

151.    Defendant Roybal admits that Cassandra Ramirez died in CJC but is without sufficient information regarding the remaining allegations in Paragraph 151 and denies them.

152.    Defendant Roybal admits that Daniel Murray died in CJC but denies the remaining allegations in Paragraph 152.

153.    Defendant Roybal admits that Felicia Hudson died in CJC but is without sufficient information regarding the remaining allegations in Paragraph 153 and denies them.

154.    Defendant Roybal admits that Savannah Poppell died in CJC but denies the remaining allegations in Paragraph 154.

**The El Paso County Deaths and Serious Injuries are Part of Wellpath's National Pattern of Unconstitutional Care**

155.    Defendant Roybal denies Paragraph 155.

156.    Defendant Roybal denies Paragraph 156.

157.    Defendant Roybal denies Paragraph 157.

158.    Defendant Roybal denies Paragraph 158.

159.    Defendant Roybal is without sufficient information regarding Paragraph 159 and denies it.

160.    Defendant Roybal is without sufficient information regarding Paragraph 160 and denies it.

161.    Defendant Roybal Defendant Roybal is without sufficient information regarding Paragraph 161 and denies it.

162.    Defendant Roybal is without sufficient information regarding Paragraph 162 and denies it.

163.    Defendant Roybal states that Paragraph 163 mischaracterizes Elder's testimony and is without sufficient information regarding Paragraph 163 and denies it.

164.    Defendant Roybal denies Paragraph 164.

165.    Defendant Roybal is without sufficient information regarding Paragraph 165 and denies it.

166.    Defendant Roybal is without sufficient information regarding Paragraph 166 and denies it.

167.    Defendant Roybal is without sufficient information regarding Paragraph 167 and denies it.

168. Defendant Roybal is without sufficient information regarding Paragraph 168 and denies it.

169. Defendant Roybal is without sufficient information regarding Paragraph 169 and denies it.

170. Defendant Roybal is without sufficient information regarding Paragraph 170 and denies it.

171. Defendant Roybal Defendant Roybal is without sufficient information regarding Paragraph 171 and denies it.

172. Defendant Roybal is without sufficient information regarding Paragraph 172 and denies it.

173. Defendant Roybal is without sufficient information regarding Paragraph 173 and denies it.

174. Defendant Roybal is without sufficient information regarding Paragraph 174 and denies it.

175. Defendant Roybal is without sufficient information regarding Paragraph 175 and denies it.

176. Defendant Roybal is without sufficient information regarding Paragraph 176 and denies it.

177. Defendant Roybal is without sufficient information regarding Paragraph 177 and denies it.

178. Defendant Roybal is without sufficient information regarding Paragraph 178 and denies it.

179. Defendant Roybal is without sufficient information regarding Paragraph 179 and denies it.

180. Defendant Roybal is without sufficient information regarding Paragraph 180 and denies it.

181. Defendant Roybal is without sufficient information regarding Paragraph 181 and denies it.

**County Defendants Are Liable for their Policy Decision to Re-Hire and Maintain Wellpath as the Medical Company in the Jail Despite Known Misconduct and Continuing Unconstitutional Care Prior to Mr. Canett's Death**

182. Defendant Roybal admits that CCS did provide medical services in CJC.

183. Defendant Roybal denies Paragraph 183.

184. In Response to Paragraph 184, Defendant Roybal states that CCS's contract was not renewed after CJC's medical contract was put out to bid.

185. Defendant Roybal denies Paragraph 185.

186. Defendant Roybal admits Paragraph 186.

187. Defendant Roybal admits that Wellpath was retained as CJC's medical provider after Armor. Defendant Roybal denies Armor's stated reasons for ending its contractual relationship with EPSO.

188. In response to Paragraph 188, Defendant Roybal states that the referenced article speaks for itself.

189. Defendant Roybal denies Paragraph 189.

190. Defendant Roybal admits that a contract was signed with Wellpath in 2019 for it to provide medical services in CJC for 2020 and affirmatively states that the referenced article speaks for itself.

191. Defendant Roybal denies Paragraph 191.

192. Defendant Roybal denies Paragraph 192.

193. Defendant Roybal denies Paragraph 193.

194. Defendant Roybal admits Paragraph 194.

195. Defendant Roybal denies Paragraph 195.

196. Defendant Roybal admits that Wellpath's contract was renewed and that certain amendments were put in place.

197. Defendant Roybal denies Paragraph 197.

198. Defendant Roybal admits that Wellpath's option was extended for 2022.

199. Defendant Roybal denies Paragraph 199.

200. Defendant Roybal denies Paragraph 200.

201. Defendant Roybal denies Paragraph 201.

202. Defendant Roybal denies Paragraph 202.

**Defendants Have Spoliated Video Evidence Central to these Claims**

203. Defendant Roybal admits Paragraph 203.

204. Defendant Roybal admits that many general areas in CJC are covered by surveillance cameras.

205. Defendant Roybal admits Paragraph 205.

206. Defendant Roybal admits that in 2022 the practice of EPSO's investigative team was to preserve surveillance video as part of its investigation into a death within CJC.

207. Defendant Roybal admits a preservation letter was sent.

208. Defendant Roybal admits a preservation letter was sent.

209. Defendant Roybal states that the preservation letter speaks for itself.

210. Defendant Roybal states that the preservation letter speaks for itself.

211. Defendant Roybal admits Paragraph 211.

212. Defendant Roybal admits that the video provided in response to the CORA request was of the emergency response but affirmatively states that EPSO has produced surveillance

video from Canett's intake into CJC, his transfer from Bravo Ward to Delta Ward, and his entire stay in Delta Ward up to the time of his death in discovery.

213. Defendant Roybal admits Paragraph 213.

214. Defendant Roybal denies Paragraph 214.

215. Defendant Roybal denies Paragraph 215.

216. Defendant Roybal denies Paragraph 216.

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – 14th Amendment**
**Unconstitutional Medical Care**
(Plaintiff Estate against Defendants Anthony Lupo, Michelle Silva, and Makayla Patterson)

217. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 217.

218. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 218

219. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 219.

220. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 220.

221. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 221.

222. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 222.

223. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 223.

224. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 224.

225. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 225.

226. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 226.

227. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 227.

228. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 228.

229. No response is required from Defendant Roybal. To the extent a response is required, Defendant Roybal denies Paragraph 229.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – 14th Amendment**
**Unconstitutional Policies**
(Plaintiff Estate against Entity Defendants)

230. Defendant Roybal denies Paragraph 230.

231. Defendant Roybal denies Paragraph 231.

232. Defendant Roybal denies Paragraph 232.

233. Defendant Roybal denies Paragraph 233.

234. Defendant Roybal denies Paragraph 234.

235. Defendant Roybal denies Paragraph 235.

236. Defendant Roybal denies Paragraph 236.

237. Defendant Roybal denies Paragraph 237.

238. Defendant Roybal denies Paragraph 238.

239. Defendant Roybal denies Paragraph 239.

240. Defendant Roybal denies Paragraph 240.

241. Defendant Roybal denies Paragraph 241.

**THIRD CLAIM FOR RELIEF**
**Colo. Rev. Stat. § 13-21-131**
**Cruel and Unusual Punishment and Deprivation of Due Process**
**Violation of Colorado Constitution, Article 2, Sections 20 & 25**
(Plaintiff Estate against Defendant CSPD Sgt. Scott in her individual capacity)

242. No response is required because this claim has been dismissed.

243. No response is required because this claim has been dismissed.

244. No response is required because this claim has been dismissed.

245. No response is required because this claim has been dismissed.

246. No response is required because this claim has been dismissed.

247. No response is required because this claim has been dismissed.

248. No response is required because this claim has been dismissed.

249. No response is required because this claim has been dismissed.

250. No response is required because this claim has been dismissed.

251. No response is required because this claim has been dismissed.

## VI.    PRAYER FOR RELIEF

Defendant Roybal requests that all relief requested in paragraphs (a) through (e) be denied.

## GENERAL DENIAL

Defendant Roybal denies every allegation and averment in Plaintiff's Complaint not specifically admitted in this Answer.

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to punitive damages from Defendant Roybal.

3. Defendant Roybal did not act with deliberate indifference.

4. Defendant Roybal is not liable under the nondelegable duty doctrine.

5. Plaintiff may have failed to mitigate damages, if any, as required by law.

6. Plaintiff's alleged damages, if any, may be the sole and proximate result of a pre-existing condition.

7. Defendant Roybal respectfully requests the right to amend this Answer in the future to include additional affirmative defenses as discovery reveals are apparent.

**DEFENDANT ROYBAL HEREIN DEMAND ALL ISSUES BE TRIED TO A JURY.**

WHEREFORE, having fully answered the Complaint and all claims for relief set for therein, Defendant, Sheriff Joseph Roybal, prays for judgment against the Plaintiff and dismissal of all claims with prejudice. Further, Defendant, Joseph Roybal, prays for such costs and expenses as may be incurred in this action, for expert witness fees, and for such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 1st day of May 2024.

OFFICE OF THE COUNTY ATTORNEY
OF EL PASO COUNTY, COLORADO

By: *s/ Nathan J. Whitney*
Nathan J. Whitney, Reg. No. 39002
First Assistant County Attorney
200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Phone)
(719) 520-6487 (Fax)
NathanWhitney@elpasoco.com
*Attorneys for El Paso County Defendants*

OVERTURF, MCGATH & HULL, P.C.

Brandon P. Hull
Jeremy B. Goldblatt
Lindsey Jay
625 E. 16th Ave.
Denver, CO 80203
(303) 866-9484 (Phone)
(303) 860-2869 (Fax)
bph@omhlaw.com
jbg@omhlaw.com
lwj@omhlaw.com
*Attorneys for Sheriff Roybal*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, I electronically filed the foregoing **ANSWER AND JURY DEMAND ON BEHALF OF DEFENDANT SHERIFF JOSEPH ROYBAL TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants, as follows:

Anna Holland Edwards
Erica Grossman
HOLLAND, HOLLAND EDWARDS &
GROSSMAN, LLC
erica@hheglaw.com
anna@hheglaw.com
*Attorneys for Plaintiff*

Brenda S. McClearn
Robert R. McLeod
HALL BOOTH SMITH, P.C.
5445 DTC Parkway, Suite 900
rmcleod@hallboothsmith.com
bmcclearn@hallboothsmith.com
*Attorneys for Defendants Wellpath LLC,*
*Michelle Silva, and Makayla Patterson*

Charles Wood
FARACI LEASURE, LLC
pfaraci@faracileasure.com
cwood@faracileasure.com
*Attorneys for Defendant Lupo*

*/s/ Meleah Williams*
Paralegal