IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

| | |
|---|---|
| Civil Action No: 23-cv-01211-DDD-MDB | Date: August 20, 2024 |
| Courtroom Deputy: E. Lopez Vaughan | FTR: Courtroom 101 |

| *Parties:* | *Counsel:* |
|---|---|
| Elizabeth Naranjo | Rachel Kennedy |
| | Erica Grossman |
| Plaintiff, | |
| v. | |
| Wellpath, LLC et al | Phillip Friduss |
| | Nathan Whitney |
| Defendant. | |

**COURTROOM MINUTES**

**DISCOVERY CONFERENCE**

**11:05 a.m.    Court in session.**

Court calls case. Appearances of counsel.

Discussion held about Wellpath Defendant's objection to topics 1, 3 and 4(h) of the 30(b)(6) notice, which seek information related to mortality reviews- a topic of prior discovery hearings and rulings.

Defendant Wellpath seeks an opportunity to brief the mortality review issue. The Court notes that while some portion of the issue has already been decided (Parts I and II previously disclosed, and Part III protected), the Court is nevertheless interested in briefing because it's considering the same issue in a similar case and would like an opportunity to consider them in concert. However, if it allows briefing on this issue, the Court will give Plaintiff an opportunity to argue the entire issue (meaning Part III could be subject to disclosure despite the Court's prior ruling).

Defendant Wellpath confirms it wishes to brief. Over Plaintiff's objection, it is:

**ORDERED**: On or before **September 6, 2024**, Defendant Wellpath shall file a Motion for Protective Order over all Parts of the mortality review (Parts I-III), and related information that could be elicited during deposition. On or before **September 15,**

**2024**, Plaintiff shall respond as to why no Part of the mortality review should receive protection in this case, and even if some Parts are protectable, why deposition testimony related to the same is not privileged or otherwise protectable. Both briefs are limited to 12 pages. No Reply. The Court asks the parties to collect cases—even if not in this jurisdiction—on this issue (disclosure of mortality reviews and application of PSQIA) and give the Court a sense for what courts are doing around the country when it comes to disclosure/non-disclosure of mortality reviews in the context of prisoner death cases.

The 30(b)(6) deposition shall move forward with the following limitations:
- Defendant may lodge reasonable objections on topic No. 1 if and when the questions clearly veer into mortality review territory (meaning the question seeks disclosure of the contents of those reports).
- Topic No. 3 shall be modified as follows: Whether Wellpath's care of the following individuals was consistent with Wellpath's policies, practices, and procedures: [insert names of 7 individuals listed in notice]. Plaintiff's counsel is cautioned as to reasonableness. While the 30b6 witness must be properly prepared on Wellpath policies/procedures and the care the listed individuals received (in order to know whether that care was consistent with the policies/procedures as they existed at the time), no person can be expected to be encyclopedic. Additionally, as with Topic No. 1, Defendant is permitted to lodge reasonable objections if and when Plaintiff's questions veer into mortality review territory.
- Topic No. 4h (to the extent not already covered by revised Topic No. 3 above), shall not be permitted.

If the Court's ruling on Defendant's Motion for a Protective Order warrants re-opening of the 30(b)(6) deposition, Plaintiff shall request the same from Defendant, and if the parties cannot agree, it shall be raised as a discovery dispute with the Court.

**11:50 a.m.      Court in recess.**

Hearing concluded.
Total in-court time    00:45

*To order transcripts of hearings, please contact Patterson Transcription Company at (303) 755-4536 or AB Litigation Services at (303) 629-8534.