# EXHIBIT A

## Notice of Deposition of Wellpath

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

  Plaintiff,

v.

WELLPATH, LLC;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;

  Defendants.

_____

**REVISED NOTICE OF 30(b)(6) DEPOSITION OF WELLPATH BASED ON
COURT RULING ON AUGUST 20, 2024**

_____

**PLEASE TAKE NOTICE** that on a date to be determined, at 9:30 a.m. at Holland,

Holland Edwards & Grossman, LLC, 1437 High St., Denver, CO 80218 (or an alternative

location agreed upon by the parties), the undersigned attorney will take the deposition of the

representative(s) of Wellpath, LLC, pursuant to Federal Rule of Civil Procedure 30(b)(6).

The areas of inquiry are as follows:

1. Whether the clinical care and actions by Wellpath staff with respect to Cristo Canett in April, 2022 were appropriate and within the policies, protocols, procedures, practices and expectations of Wellpath; and whether any corrective action in Wellpath's policies, procedures, or practices or whether any employee discipline or retraining was deemed or was considered to be warranted related to Mr. Canett's care and outcome, and if any corrective action was warranted, what actions were taken, why and when.

2. During the period from January 1, 2019, through the end of Wellpath's most recent contract to provide medical care at the El Paso Criminal Justice Center ("CJC"), Wellpath's planned or promised medical staffing of CJC, Wellpath's actual staffing of

CJC, including qualifications, licensure, and supervision of all such staff, and backlogs of kites (or other detainee/inmate requests for medical care) not yet responded to by Wellpath staff, and uncompleted initial health assessments or other critical tasks not yet performed by Wellpath staff.

3. Whether the care of the Wellpath staff members involved in the deaths listed below was consistent with Wellpath policy, procedure, practice and expectations:[1]

   a. Adison Reed;
   b. Sean Williams;
   c. Laura Gibbs;
   d. Cassandra Ramirez;
   e. Daniel Murray;
   f. Felicia Hudson;
   g. Savannah Poppell.

4. From January 1, 2019, through the end of Wellpath's most recent contract to provide medical care at the El Paso Criminal Justice Center ("CJC"), Wellpath's communications and agreements with El Paso County about:

   a. providing medical care to detainees/inmates at the El Paso CJC;
   b. providing adequate medical intake screenings to El Paso CJC detainees/inmates when they are first booked into the Jail or when they are returned to the Jail from a hospital or other off-site medical caregivers;
   c. responding timely to kites or other requests for medical care by El Paso CJC detainees/inmates;
   d. backlogs of kites, detainee/inmate requests for medical care, and critical tasks that have not yet been responded to or performed by Wellpath staff;
   e. medical staffing plans and actual staffing levels at the El Paso CJC (including qualifications of staff selected for various positions at this Jail, supervision of such staff, and required number of hours for each licensure level);
   f. budgetary, fiscal or financial communications relating to the cost of medical care at the El Paso CJC, including discussions regarding any actual or projected budget, budget line-items, overages, budget breakdown by category, and documents or materials reflecting and analysis of actual costs and expenses relative to budget for the years 2019 through the end of Wellpath's role as provider of medical care at CJC; and,
   g. contract performance, including any benchmark reports or similar reports, and the decision to terminate, not renew, or otherwise not continue Wellpath's role as the medical provider at CJC.

---

[1] The language of topic 3 and 4(h) have been revised based on the Court's Order on August 20, 2024 at the hearing on this topic. If the Court denies Defendants' Motion for Protective Order related to the other portions of topic 3 and topic 4(h) included in the May 24, 2024 notice, another 30(b)(6) deposition will be set to address those.

    h.  [Reserved for after ruling].


**This Deponent is requested, through counsel, to bring to its deposition the following
documents and tangible items:**

    1.  Any documents that identify, explain or relate to the areas of inquiry set forth above.


This deposition will be taken in accordance with the Federal Rules of Civil Procedure,
before a certified shorthand reporter, and will continue until completed.

Respectfully submitted this 21st day of August, 2024.

*/s/ Rachel Kennedy*
Rachel Kennedy
Anna Holland Edwards
Erica Grossman
Dan Weiss
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
rachel@hheglaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I caused a true and correct copy of the foregoing
**NOTICE OF 30(b)(6) DEPOSITION OF WELLPATH** to be served via electronic mail to the
following:

| | |
|---|---|
| Brenda S. McClearn | Nathan J. Whitney |
| Katherine Wilson Dandy | Bryan E. Schmid |
| John E. Hall | Steven Martyn |
| Robin E. Daitch | EL PASO COUNTY ATTORNEY'S OFFICE |
| Phillip E. Friduss | nathanwhitney@elpasoco.com |
| HALL BOOTH SMITH, P.C. | bryanSchmid@elpasoco.com |
| BMcClearn@hallboothsmith.com | stevenmartyn@elpasoco.com |
| kdandy@hallboothsmith.com | *Attorneys for Defendant Roybal* |
| jhall@hallboothsmith.com | |
| rdaitch@hallboothsmith.com | |
| pfriduss@hallboothsmith.com | |
| *Attorneys for Defendants Wellpath & Silva* | |

Brandon P. Hull
Jeremy B. Goldblatt
Lindsey Jay
OVERTURF, MCGATH & HULL, P.C.
bph@omhlaw.com
jbg@omhlaw.com
lwj@omhlaw.com
*Attorneys for Sheriff Roybal*

Paul A. Faraci
Charles Wood
FARACI LEASURE, LLC
pfaraci@faracileasure.com
cwood@faracileasure.com
*Attorney for Defendant Lupo*

*/s/ Brooke Thiele-LaForest*
Brooke Thiele-LaForest, Paralegal

4