IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

    Plaintiff,

v.

WELLPATH, LLC;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

    Defendants.

---

**PLAINTIFF'S FIRST SET OF
COMBINED DISCOVERY REQUESTS TO WELLPATH RELATED DEFENDANTS**

---

Plaintiff, by and through its undersigned attorneys, hereby submit this First Set of Combined Discovery Requests to Wellpath Related Defendants, as specified below.

### I. DEFINITIONS AND INSTRUCTIONS

The following definitions shall be applied to all words, phrases, and terms used in these Requests:

1.    "Wellpath Related Defendants" refers to Wellpath, LLC, Anthony Lupo, Michelle Silva, and Makayla Patterson.

2.    "Wellpath" includes Wellpath, LLC and any other companies controlled by or operating pursuant to the direction or authority of Wellpath, and includes any d/b/a's under which

1

Wellpath operates or has operated within the relevant time frame specified in each request, including but not limited to, Correct Care Solutions, LLC, Correctional Healthcare Companies, Correctional Healthcare Management, and Conmed Healthcare Management ("Conmed"). Further, if Wellpath acquired, merged with, combined operations with, or was jointly managed or operated in whole or in part with another company within the time frame contained within a specific request, and if it has custody or control of documents or materials of that other company, then all such documents or materials should be produced if they fall within the relevant time frame of a specific request.

3. "Individual Wellpath Defendants" refers to Defendants Anthony Lupo, Michelle Silva, and Makayla Patterson.

4. "Contract" refers to the Health Services Agreement between El Paso County and Wellpath in place from 2019 to 2023.

5. The term "documents and materials" means every instrument, writing, photograph, recording or other thing used for the purpose of conveying, retaining or transmitting information, thought or expression. The term "documents and materials" shall be construed in its broadest sense and specifically includes, without limitation, kites, medical request forms, other medical forms, screening forms, facility forms, booking forms, inmate forms, inmate to staff communication forms, inventories of evidence, transfer reports, cell assignment reports, jail logs, all forms of computerized documents and records, including the contents of e-mails, floppy disks, hard drives, backups and other devices. A copy of a document or material that has any notation, comment or written mark of any kind, different from another copy of the document is a separate document and must be produced. The term "documents and materials" includes documents and materials

prepared by you or by any other person, that are in your possession, custody, or control. The term "documents and materials" also includes notes; log books; written or recorded statements; interviews; transcripts; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; diaries; plans; drawings; sketches; diagrams; photographs; photocopies; charts; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; transcripts of telephone conversations; phone mail; electronic-mail; notices; recordings of any kind including video recordings; and electronically stored data (e.g., computer, disc and text) from which information can be obtained either directly or by translation through detection devices or readers. The term "documents and materials" also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems or video retrieval or recording systems), together with instructions and all other materials necessary to use or interpret such data compilations.

6. The term "you," "your" or "defendant" means the defendant to whom these requests are directed and/or each such defendant's representatives, agents, and all other persons acting for it, on its behalf, or at its direction.

7. The term "Health Care Workers" includes the Health Service Administrator, Director of Nursing, Medical Director/Physicians, NP/PA Mid-level/Physician Extenders, Psychiatrists, Registered Nurses, Licensed Practical Nurses, Certified Nursing Aids, Paramedics, EMTs, Medical Assistants, Mental Health Professionals, and any other person working in a health care related capacity.

8. The term "Subject Confinement" means the confinement of Cristo Canett at the El

3

Paso County Jail from April 25, 2022, to April 26, 2022.

9. If any documents or materials are withheld from production on grounds of privilege or otherwise, please provide all discoverable information that may be useful or necessary for the Court or counsel to analyze the alleged basis for non-production, including (without limitation):

   a. the author(s) of the documents or materials;

   b. the identity of everyone who received copies;

   c. the subject matter of the document or materials;

   d. the date of the document or materials; and

   e. the grounds for withholding the document or materials.

10. If a document or material called for by a request is known to have existed, but cannot now be located, identify the document or material and state:

   a. whether the missing document or material has been in your possession, custody, or control;

   b. when and where the missing document or material was known to be in your possession, custody, or control; and

   c. in whose possession, custody, or control such document or material may be found or, as applicable, whether the document has been destroyed or has otherwise ceased to exist.

11. After each request, state whether all documents and materials responsive to that request have been produced.

12. These requests are continuing and must be supplemented as set forth in the applicable civil rules.

13.   The term "identify" means to state a person's full name and present or last known address and business address and telephone numbers, together with the partnership, firm, association, corporation or other business, government or legal entity by which that person is employed or with which he or she is affiliated, and his or her position there if known.

14.   "Incident" includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

15.   If you contend that any document, material or request for information called for in these discovery requests is protected by HIPPA or any other similar state or local law, please redact all information identifying the patient, and produce the document, material or information in redacted form subject to further discussions and/or court order about whether the document, material or request for information should be produced subject to an appropriate protective order in an unredacted form.

## II.   INTERROGATORIES

**TO INDIVIDUAL WELLPATH DEFENDANTS ONLY:**

<u>INTERROGATORY NO. 1</u>:  Identify all dates and times that you had any contact with Mr. Canett through any form of personal observation or oral dialogue, and the substance of the observation, communication, or contact. If you are unable to state the date and time of any such contact, please provide your best estimate. Please identify when and where such personal observation or oral dialogue occurred and give a description of the encounter.

<u>INTERROGATORY NO. 2</u>:  Identify all dates and times that you communicated with any other person about Mr. Canett and/or any aspect of his condition or confinement, whether in person, via telephone, or via any form of written or electronic communication, at any time. If you are unable

5

to state the date and time of any such contact, please provide your best estimate. Please identify the manner of such communication, with whom you communicated, and the subject matter of the communication, and who else was part of the communication.

**TO ALL WELLPATH DEFENDANTS:**

<u>INTERROGATORY NO. 3:</u> Identify each person you believe has knowledge of Mr. Canett's medical condition during the Subject Confinement, and summarize the knowledge you believe each person to have.

<u>INTERROGATORY NO. 4:</u> Identify all phone numbers (land line, company or county issued cell, or personal cell) used by any Individual Defendants and any other health care workers related to El Paso County Jail for calling or texting in April and May 2022, including all phones that would have been used to communicate with an on-call provider or deputies. Please be sure to identify who each number belongs to and what type of phone it is.

<u>INTERROGATORY NO. 5:</u> Identify every person who had any responsibility of any kind or nature whatsoever for investigating or inquiring (whether formal or informal) into any aspect of the facts or circumstances surrounding the conditions of confinement and/or death of Cristo Canett.

<u>INTERROGATORY NO. 6:</u> Was there any internal mortality review conducted in connection with the death of Cristo Canett and/or the subject confinement? If so, identify every person who participated in the review, every person who provided information relevant to the review, and every person who received any communication about the subject of the review or the results thereof. Individual Defendants should indicate whether they were interviewed (whether formally or informally) or whether they provided any information for any such review.

**TO WELLPATH, LLC ONLY:**

INTERROGATORY NO. 7: Identify every person at El Paso County Jail during the Subject Confinement who discussed Mr. Canett's medical needs, his medical care or his medical condition. Be sure to specifically inquire as to whether any charge nurse, DON, Nurse Practitioner, Physician's Assistant, doctor, health services administrator or other supervisory persons were involved in anyway. *This question is specifically asked in an effort to identify any people who may have been consulted by any of the individual defendants, and to identify other security personnel or health care workers involved with Mr. Canett during April of 2022.*

INTERROGATORY NO. 8: Identify all policies, procedures, protocols, guidelines, training materials or forms governing any aspect of Cristo Canett's care or the conditions of his confinement between April 25 to April 26, 2022, whether or not such policies, procedures, protocols, guidelines or forms were actually followed. Please include a table of contents for all such policies and procedures.

INTERROGATORY NO. 9: Identify critical positions, and non-critical positions at the El Paso County Jail as discussed in the 2021 Renewal of the contract between El Paso County and Wellpath, and what positions were unfilled in each category in 2021 and 2022.

INTERROGATORY NO. 10: Identify any individual temporary staff from agencies or who were not employed by Wellpath who were providing medical care in the El Paso County jail in the first 5 months of 2022, including the name of any agencies through which they were placed.

INTERROGATORY NO. 11: Identify every person who had any responsibility for instituting or placing into effect policies or procedures concerning medical care, evaluation, or treatment of persons detained or confined at the El Paso County Detention Center that was in effect in April 2022.

7

INTERROGATORY NO. 12: Identify every occasion where an inmate or detainee has died in a facility with which Wellpath has had a contract at the time of the death between 2017 to the present. For each such occasion, identify the name of the decedent, the location of the facility and the cause of the death if known.

INTERROGATORY NO. 13: Did Wellpath make any changes to policies, procedures, protocols or operating standards, or did it institute any remedial measures in response to the death of Cristo Canett or the conditions of his confinement? If so, describe them.

### III.   REQUESTS FOR PRODUCTION

**TO ALL WELLPATH DEFENDANTS:**

REQUEST FOR PRODUCTION NO. 1:   Produce all documents related to your responses to these discovery requests.

REQUEST FOR PRODUCTION NO. 2:   Produce all documents and materials that depict, mention, reference, or relate to Mr. Canett, including records, photos, texts, e-mails, social media messages, diaries, notes, memos, faxes, and/or video or audio recordings.

Please confirm in response that you have searched your email, social media, and text messages, including any cloud or backup storage of deleted messages. If any such materials once existed but have been deleted or erased, please describe what once existed with as much particularity as you can.

REQUEST FOR PRODUCTION NO. 3:   Produce all text messages, social media messages, and emails in your possession relating to Mr. Canett, and all text messages between any individual defendants during the Subject Confinement. For the Corporate Defendant please produce any such messages relating to Mr. Canett by other Wellpath employees. While not all custodians are

8

currently known, at a minimum please be sure to search the phones and emails of the HSA, DON, Medical Director, and any other supervisors in April 2022 and the following individuals have been searched: Melissa Cantu, MSM, Christine Mohr, M.D, Michael Mohr, NP, Alicia Reavis, Alan Taylor, Dr. Trivette, Christa Valdez. *Please also confirm that each Individual Defendant has taken appropriate steps to preserve all text messages, social media messages, and emails related in any way to this litigation, to Mr. Canett, or to other incarcerated people.*

REQUEST FOR PRODUCTION NO. 4: Produce all documents and materials evidencing or relating to any complaint or expression of dissatisfaction with your work as a health care worker.

REQUEST FOR PRODUCTION NO. 5: Produce records of all calls made or received by the phones used by health care workers, including on-call health care workers, during the Subject Confinement.

REQUEST FOR PRODUCTION NO. 6: Produce all documents and materials that mention or relate to Wellpath's or any Individual Wellpath Defendant's insurance coverage, including any communications about whether the insurance Wellpath provided proof of to El Paso County met the requirements of the County, whether those communications are internal or between El Paso County and Wellpath.

REQUEST FOR PRODUCTION NO. 7: Produce each Individual Wellpath Defendant's entire personnel file, including any and all training records, complaints, grievances, disciplinary records, records reflecting dates of hire and change in title or position. Plaintiff is amenable to redactions for purely personal information such as dates of birth, home addresses, social security numbers, and other purely personal information. To the extent any individual defendant no longer works for

Wellpath, produce all materials relating to your severance, including, but not limited to, any confidentiality agreements or payment of financial compensation over and above your base salary.

**TO WELLPATH, LLC, ONLY:**

REQUEST FOR PRODUCTION NO. 8:   Produce the staffing schedule, and documents sufficient to show every person providing healthcare in any capacity to inmates and detainees at El Paso County Jail during the Subject Confinement, showing the days, shifts, assignment, and hours when these persons worked. Please specifically be sure to include the HSA, the DON, any charge nurses, any RNs, any LPNs, any CNAs, any paramedics of any level, any Physicians, any Mid-Levels, and on-call providers.  Please be sure to include all call lists and provider schedules in effect with regard to the El Paso County Jail during the Subject Confinement, showing the schedules of off-site on-call providers and names and contact information for the same.

REQUEST FOR PRODUCTION NO. 9:   Produce all documents and materials reflecting any standards, policies, procedures, algorithms, practices, customs, protocols (nursing or otherwise), training or guidance on any of the below listed topics in place at El Paso County Jail as of April 2022, and the Table of Contents for all health care protocols and policies so counsel can ascertain if there are other topics which should be specifically requested here.

- Abdominal Pain;
- Shoulder Pain;
- Elevated pulse;
- Elevated respirations;
- Diaphoresis;
- Restlessness and agitation;
- Low blood oxygen concentration;
- Seizure;

- Chest pain;
- Medical Screening of detainees/inmates;
- Critical Vital Signs,
- Problem Oriented Records
- Changes in behavior or mental status or physical status;
- Physical examinations of detainees/inmates;
- Taking and recording vital signs of detainees/inmates;
- Medical emergencies;
- Transfer of detainees/inmates to acute care facilities or to outside medical facilities;
- Contacting responsible physicians, on-call medical providers or other providers;
- Record keeping, retention of documents or destruction of documents and materials relating to medical care, evaluation, or treatment.

REQUEST FOR PRODUCTION NO. 10: Produce any and all letters of concern, corrective action letters, notifications of deficiencies (Alert, Warning and/or Notice of Intent to Take Action) and other communications about Wellpath's staffing levels, quality of care, and fulfillment of the Contract requirements at El Paso County Jail from 2020 to present.

REQUEST FOR PRODUCTION NO. 11: Produce the minutes, agenda, and any summaries from all monthly or periodic nursing staff type meetings, Multidisciplinary Assessment Committee ("MAC") meetings, CQI meetings, and shift change or handoff meetings from 2020 through the first quarter of 2023. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*[1]

---

[1] Federal privilege controls this case and there is no recognized federal peer review/quality assurance type privilege. *See e.g.*, *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644, 647 (D. Colo. 2004). (concluding that the federal common law does not recognize a peer review or risk management privilege); *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1211–12 (D.N.M. 2019);

11

REQUEST FOR PRODUCTION NO. 12:    Produce all documents and materials concerning when and how mortality reviews, morbidity reports, root cause analyses or any similar type of internal investigations or reviews are to be conducted, the way in which they are to be conducted, the persons who are to conduct them, and any other document bearing on the manner, method or procedure of such reviews or who is to conduct them and the purpose(s) for which they are conducted. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

REQUEST FOR PRODUCTION NO. 13:    Produce all mortality reviews, morbidity reports, root cause analyses, sentinel event reports, or any similar type of internal investigations or reviews relating to any serious injuries or deaths in the El Paso County Jail since the time Wellpath started providing medical services in the facility to the present and in any facility at which Wellpath provides the medical services from 2017-2022. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

---

*Cox v. Glanz*, No. 11-CV-457-CVE-FHM, 2012 U.S. Dist. LEXIS 71467, at *2-3 (N.D. Okla. May 22, 2012) (citing *Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007); *Agster v. Maricopa County*, 422 F.3d 836 (9th Cir. 2005); *Virmani v. Novant Health, Inc.*, 259 F.3d 284 (4th Cir. 2001); *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir. 1981); *Williams v. University Medical Center of Southern Nevada*, 760 F.Supp.2d 1026 (D. Nev. 2010); *Jenkins v. DeKalb County, Georgia*, 242 F.R.D. 652 (N.D. Ga. 2007); *Cohlmia v. Ardent Health Services, LLC.*, 448 F.Supp.2d 1253 (N.D. Okla. 2006); *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.*, 400 F.Supp.2d 386 (D. Mass. 2005); *Weiss ex rel. Estate of Weiss v. County of Chester*, 231 F.R.D. 202 (E.D. Pa. 2005); *Nilavar v. Mercy Health System-Western Ohio*, 210 F.R.D. 597 (S.D. Ohio 2002).

REQUEST FOR PRODUCTION NO. 14: Produce the Audit Trail for Mr. Canett's records from the Subject Confinement, including any entries made after he died.

REQUEST FOR PRODUCTION NO. 15: Produce all documents and materials related to the El Paso County Inmate Medical Services contract, subsequent renewals, and terminations concerning the contracts from 2019 to the present. Please be sure to the following categories and all exhibits, attachments, addenda, question and answer forms, and supplements.

- The Request for Proposals for Inmate Medical Services;
- All proposals received in response to the RFP for providing health care services at the El Paso County Jail;
- Negotiations of any kind between the County or any representative and Wellpath or any other correctional health care company (including documents that mention or relate to Wellpath's insurance coverage, about allowing the insurance requirement to be met with the documents Wellpath produced, whether those communications are internal or between El Paso County and Wellpath);
- the Contract with all attachments, including renewals, communications relating to the Contract and renewals, fee schedules, billing, staffing plans, and any amendments or extensions of the Contract.

REQUEST FOR PRODUCTION NO. 16: Produce all documents and materials relating to any budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail including, but not limited to, any actual or projected budget, budget line-items, budget breakdown by category, and documents or materials reflecting and analysis of actual costs and expenses relative to budget for the years 2020 through the present.

REQUEST FOR PRODUCTION NO. 17:   Produce all documents reflecting or relating to any communications between any representative of EPSO and any representative of Welllpath or any other correctional health care company relating to the following Reporting required by the RFP or Bid since January 1, 2020 to the present:

a. Narrative report of emergency hospital transports (RFP H.c.);

b. Staffing positions unfilled (RFP H.e.);

c. Medical incident reports (H.f.);

d. Monthly reports (H.m.);

e. Statistical reports (H,k.);

f. Quality assurance reports (H.o.);

g. Wellpath's monthly report of inmate grievances (section 4.3.5 of proposal and B.21.c. of RFP);

h. Any summaries or compilations of inmate kites from 2022.

REQUEST FOR PRODUCTION NO. 18:   Produce all prepared summaries and analyses of the income, expenses, costs and profits or losses attributable to Wellpath's relating to the Contract from 2020 to the present, including the corporate tax returns and profit and loss statements for Wellpath for 2020 through end of 2023. Be sure to include documents sufficient to reflect Wellpath's *actual* EBITDA (Earnings Before Interest, Tax, Depreciation and Amortization) and *budgeted* EBITDA for the years 2020-present.

REQUEST FOR PRODUCTION NO. 19:   Produce all documents and materials, including e-mails, memos, analyses, directives, suggestions, proposals, ideas or any other form of communications among or between any officer, director, or employee of Wellpath (including, but

not limited to, the Chief Medical Officer) on the subject of reducing costs or expenses relating to inmate heath care or any aspect thereof under any contract including, but not limited to, staffing, medications, screenings, medical services, transportation by emergency vehicle or other means, hospitalization, or transfer to an acute care facility.

REQUEST FOR PRODUCTION NO. 20:   For every person who was working as health care worker at the El Paso County jail during the Subject Confinement, produce all documents and materials evidencing training provided to that person by Wellpath (or any of its employees or subcontractors or affiliated or related companies) on the policies, procedures, protocols, forms and guidelines applicable to his or her work or the work of Wellpath in providing care. Please be sure to include any nurse orientation manuals and any manuals relevant to the provision of health care services by any other class of provider such as psychologists, physicians assistants and physicians in effect as of April, 2022.

REQUEST FOR PRODUCTION NO. 21:   Produce all documents and materials generated in connection with or in response to any audits at the El Paso County Jail relating to the provision of health care, from 2020-present, including, but not limited to, audits or accreditation reviews by the NCCHC, ACA, or any governmental agency.

REQUEST FOR PRODUCTION NO. 22:   Produce all documents relating to Wellpath's acquisition of Correct Care Solutions (CCS) and resulting corporate structure, including, but not limited to:

- the definitive acquiring documents setting forth the terms of Wellpath's acquisition of CCS;
- any ancillary documents concerning the acquisition of CCS by Wellpath;
- any state filings associated with the acquisition;
- the articles of incorporation, by-laws and all other documents reflecting the corporate governance and ownership of Wellpath, LLC, including documents sufficient to show

which individuals own Wellpath, LLC and the percentage of ownership enjoyed by each such individual.

## IV. REQUEST FOR INSPECTION

REQUEST FOR INSPECTION NO. 1:   Pursuant to F.R.C.P. 34, Plaintiff also requests an inspection of Wellpath/El Paso County's CorEMR system with access to the medical record for Mr. Canett from April 2022. Plaintiff is specifically asking to be able to click on the different tabs associated with Mr. Canett's medical record and see the underlying information in the various formats (including the time and date of entry) available through CorEMR for Mr. Canett. Plaintiffs are willing to do this at a mutually agreeable time and location.

Respectfully submitted this 5th day of October, 2023

/s/ Anna Holland Edwards
Anna Holland Edwards
Erica Grossman
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
*Attorneys for Plaintiff*

16

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023 I caused a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO WELLPATH RELATED DEFENDANTS** to be served via electronic mail to the following:

Nathan J. Whitney
Bryan E. Schmid
Steven Martyn
EL PASO COUNTY ATTORNEY'S OFFICE
nathanwhitney@elpasoco.com
bryanSchmid@elpasoco.com
stevenmartyn@elpasoco.com
*Attorneys for El Paso County Defendants*

Brenda S. McClearn
HALL BOOTH SMITH, P.C.
BMcClearn@hallboothsmith.com
*Attorney for Defendants Wellpath, Silva & Patterson*

Ryan D. Doherty
COLORADO SPRINGS CITY ATTORNEY'S OFFICE
Ryan.doherty@coloradosprings.gov
*Attorney for Defendant Scott*

Paul A. Faraci
FARACI LEASURE, LLC
pfaraci@faracileasure.com
*Attorney for Defendant Lupo*

*/s/ Brooke Thiele-LaForest*
Brooke Thiele-LaForest, Paralegal

17