IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-1211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
By and through its personal representative Elizabeth Naranjo;

       Plaintiff,

v.

WELLPATH, LLC;
THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF EL PASO, COLORADO;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

       Defendants.

---

**WELLPATH RELATED DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET
OF COMBINED DISCOVERY REQUESTS TO WELLPATH RELATED DEFENDANTS**

---

       Defendants Wellpath, LLC, Michelle Silva, and Makayla Patterson, through undersigned counsel, hereby submit their responses to Plaintiff's First Set of Combined Discovery Requests to Wellpath Related Defendants:

## I.      GENERAL OBJECTIONS

       These Defendants hereby incorporate each general objection listed below to each response to Plaintiff's First Set of Combined Discovery Requests to Wellpath Related Defendants, as if fully set forth therein. The assertion of further specific objections does not waive, modify, or limit these applicable General Objections.

1.      These Defendants maintain their right to challenge the relevance, materiality, or admissibility of the information or documents provided and object to its use in any subsequent proceedings, including but not limited to trial of this matter.

2.      Discovery is ongoing, and as such these Defendants reserve their right to supplement or amend these responses, consistent with the Federal Rules of Civil Procedure.

3.      These Defendants object to Plaintiff's requests to the extent they seek documents pertaining to any review of the quality of care provided by health care professionals, internal investigations, quality management activities, i.e., information related to the review and improvement of patient care. *See* C.R.S. § 12-30-204(11)(a); *see also* C.R.S. § 25-3-109(4) (records, reports, and other information of a quality management program designed to identify, evaluate, and reduce ethe risk of patient or resident injury "shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding.").

4.      These Defendants object to Plaintiff's requests to the extent they seek patient safety work product information that is privileged and non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). *See* 42 U.S.C. § 299b-22.

5.      These Defendants object to Plaintiff's requests to the extent they seek confidential commercial information.

6.      These Defendants object to Plaintiff's requests to the extent any request encompasses information subject to the attorney-client privilege and work product doctrine.

7.      These Defendants object to Plaintiff's requests which seek information outside the relevant time period, *i.e.*, April 26, 2022. Any information regarding events occurring after that date are irrelevant and beyond the scope of discovery.

8.      These Defendants object to Plaintiff's "definitions and instructions" to the extent they seek to impose greater discovery obligations than permitted by the Federal Rules of Civil Procedure.

9.      These Defendants object to Plaintiff's requests as overbroad and unduly burdensome, including but not limited to instances upon which Plaintiff's requests seek information which: (a) imposes upon these Defendants any obligation to compile and create responsive documentation; (b) would cause these Defendants to incur unreasonable expenses; and/or (c) would result in an unreasonable burden on these Defendants because the responsive information is available to Plaintiff from an alternative, less burdensome source.

10.     These Defendants object to Plaintiff's requests to the extent they seek information and/or documents that are equally available to Plaintiff, pursuant to F.R.C.P. 33(d).

## II.     INTERROGATORIES

**TO INDIVIDUAL WELLPATH DEFENDANTS ONLY:**

<u>INTERROGATORY NO. 1:</u> Identify all dates and times that you had any contact with Mr. Canett through any form of personal observation or oral dialogue, and the substance of the observation, communication, or contact. If you are unable to state the date and time of any such contact, please provide your best estimate. Please identify when and where such personal observation or oral dialogue occurred and give a description of the encounter.

**RESPONSE: These Defendants state they have had no contact with Mr. Canett outside of the periods of incarceration reflected in the records produced in this case. These Defendants refer Plaintiff to these medical records and jail documentation.** *See* **Def 000001–000312; EPSO_000001–002611.**

INTERROGATORY NO. 2: Identify all dates and times that you communicated with any other person about Mr. Canett and/or any aspect of his condition or confinement, whether in person, via telephone, or via any form of written or electronic communication, at any time. If you are unable to state the date and time of any such contact, please provide your best estimate. Please identify the manner of such communication, with whom you communicated, and the subject matter of the communication, and who else was part of the communication.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad and most of it includes privileged attorney-client communications and attorney work product.**

**Subject to and without waiving the foregoing objection, these Defendants state to the best of their present recollection they have not discussed Mr. Canett in-person or via telephone outside of the periods of incarceration reflected in the records produced in this case. These Defendants refer Plaintiff to these medical records and jail documentation.** *See* **Def 000001– 000312; EPSO_000001–002611.**

**TO ALL WELLPATH DEFENDANTS:**

INTERROGATORY NO. 3: Identify each person you believe has knowledge of Mr. Canett's medical condition during the Subject Confinement, and summarize the knowledge you believe each person to have.

**RESPONSE: These Defendants state that the parties to this lawsuit have personal knowledge, and otherwise refer Plaintiff to the names of various individuals reflected in the medical records and jail documentation produced in this case.** *See* **Def 000001–000312; EPSO_000001–002611.**

INTERROGATORY NO. 4: Identify all phone numbers (land line, company or county issued cell, or personal cell) used by any Individual Defendants and any other health care workers related to El Paso County Jail for calling or texting in April and May 2022, including all phones that would have been used to communicate with an on-call provider or deputies. Please be sure to identify who each number belongs to and what type of phone it is.

4

**RESPONSE: Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses. This interrogatory seeks information disproportionate from the needs of this case and available by less burdensome means. It is unduly burdensome for Wellpath to identify "all phone numbers" used by all the health care workers related to El Paso County Jail in April and May 2022. Furthermore, the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records, let alone their personal telephone numbers that are requested in this interrogatory. *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1983).**

INTERROGATORY NO. 5: Identify every person who had any responsibility of any kind or nature whatsoever for investigating or inquiring (whether formal or informal) into any aspect of the facts or circumstances surrounding the conditions of confinement and/or death of Cristo Canett.

**RESPONSE: Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, and seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22. Subject to and without waiving the foregoing objection, these Defendants refer Plaintiff to the following Policies produced herewith: HCD-100_A-09A Morbidity –El Paso CO, HCD-100_A-09B Critical Events –El Paso CO, and HCD-100_A-09 Procedure in the Event of a Death –El Paso CO. *See* Def 000661-678.**

INTERROGATORY NO. 6: Was there any internal mortality review conducted in connection with the death of Cristo Canett and/or the subject confinement? If so, identify every person who participated in the review, every person who provided information relevant to the review, and every person who received any communication about the subject of the review or the results thereof. Individual Defendants should indicate whether they were interviewed (whether formally or informally) or whether they provided any information for any such review.

**RESPONSE: Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, and seeks facially privileged information non-discoverable pursuant to the PSQIA. Patient safety work product is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22. Subject to and without waiving the foregoing objection, an internal mortality review was conducted, and these Defendants refer Plaintiff to the following Policies produced herewith: HCD-100_A-09A Morbidity –El Paso CO and HCD-100_A-09 Procedure in the Event of a Death –El Paso CO. *See* Def 000661-673.**

5

**TO WELLPATH, LLC ONLY:**

INTERROGATORY NO. 7: Identify every person at El Paso County Jail during the Subject Confinement who discussed Mr. Canett's medical needs, his medical care or his medical condition. Be sure to specifically inquire as to whether any charge nurse, DON, Nurse Practitioner, Physician's Assistant, doctor, health services administrator or other supervisory persons were involved in anyway. *This question is specifically asked in an effort to identify any people who may have been consulted by any of the individual defendants, and to identify other security personnel or health care workers involved with Mr. Canett during April of 2022.*

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad, unreasonably cumulative, and can be obtained from a more convenient source. Subject to and without waiving the foregoing objection, these Defendants state that the medical records and jail documentation produced in this case reflects the identities of persons at El Paso County Jail who discussed Mr. Canett during the Subject Confinement. This Defendant refers Plaintiff to these medical records and jail documentation. *See* Def 000001–000312; EPSO_000001–002611.**

INTERROGATORY NO. 8: Identify all policies, procedures, protocols, guidelines, training materials or forms governing any aspect of Cristo Canett's care or the conditions of his confinement between April 25 to April 26, 2022, whether or not such policies, procedures, protocols, guidelines or forms were actually followed. Please include a table of contents for all such policies and procedures.

**RESPONSE: In response to this interrogatory, Wellpath produces herewith the complete Table of Contents for the Policy and Procedure Manual for El Paso County Jail governing the relevant time period. *See* Def 000622-626.**

INTERROGATORY NO. 9: Identify critical positions, and non-critical positions at the El Paso County Jail as discussed in the 2021 Renewal of the contract between El Paso County and Wellpath, and what positions were unfilled in each category in 2021 and 2022.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad, unreasonably cumulative, not proportionate to the needs of the case, and can be obtained from a more convenient source. Subject to and without waiving the foregoing objection, this Defendant states that this interrogatory is best referred to the County.**

INTERROGATORY NO. 10: Identify any individual temporary staff from agencies or who were not employed by Wellpath who were providing medical care in the El Paso County jail in the first 5 months of 2022, including the name of any agencies through which they were placed.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad, unreasonably cumulative, and not proportionate to the needs of the case because it includes identification of providers who provided no care or treatment to Mr. Canett. Subject to and without waiving the foregoing objection, Wellpath produces herewith the "El Paso County Contract Staff Headcount" which provides the information requested.** *See* **Def 000315.**

INTERROGATORY NO. 11: Identify every person who had any responsibility for instituting or placing into effect policies or procedures concerning medical care, evaluation, or treatment of persons detained or confined at the El Paso County Detention Center that was in effect in April 2022.

**RESPONSE: Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad and is not proportional to the needs of the case. Subject to and without waiving the foregoing objection, Wellpath refers Plaintiff to the following Policies produced herewith: HCD-100_A-02 Responsible Health Authority –El Paso CO and HCD-100_A-05 Policies and Procedures –El Paso CO.** *See* **Def 000631-634 and 000641-643.**

INTERROGATORY NO. 12: Identify every occasion where an inmate or detainee has died in a facility with which Wellpath has had a contract at the time of the death between 2017 to the present. For each such occasion, identify the name of the decedent, the location of the facility and the cause of the death if known.

**RESPONSE: Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as it is not relevant to the claims or defenses, and is overly broad, not proportional to the needs of the case, and unduly burdensome, as it requests information from a time span of five years, from unlimited facilities unrelated to the El Paso County Criminal Justice Center.**

Furthermore, the information requested intrudes upon the privacy rights of decedents' families and next of kin. *Prison Legal News v. Exec. Office for United States Attorneys*, 628 F.3d 1243 (10th Cir. 2011).

INTERROGATORY NO. 13: Did Wellpath make any changes to policies, procedures, protocols or operating standards, or did it institute any remedial measures in response to the death of Cristo Canett or the conditions of his confinement? If so, describe them.

**RESPONSE: Objection. This interrogatory as phrased is vague and ambiguous, as well as overly broad and unduly burdensome as it seeks information from unlimited facilities. The requested information is not proportional to the needs of the case. Moreover, this Defendant's policies comport with the NCCHC Jail Standards relevant at the time. Plaintiff is referred to the *NCCHC Jail Standards for 2018*. Otherwise, objection, as subsequent remedial measures are inadmissible.**

**Subject to and without waiving these objections, this Defendant is not aware of any changes to policies, procedures, protocols, or operating standards in response to the death of Cristo Canett.**

## III.   REQUESTS FOR PRODUCTION

**TO ALL WELLPATH DEFENDANTS:**

REQUEST FOR PRODUCTION NO. 1: Produce all documents related to your responses to these discovery requests.

**RESPONSE: Defendants refer Plaintiff to those documents produced in the parties' initial F.R.C.P. 26(a)(1) Disclosures and those produced herewith.**

REQUEST FOR PRODUCTION NO. 2: Produce all documents and materials that depict, mention, reference, or relate to Mr. Canett, including records, photos, texts, e-mails, social media messages, diaries, notes, memos, faxes, and/or video or audio recordings.

Please confirm in response that you have searched your email, social media, and text messages, including any cloud or backup storage of deleted messages. If any such materials once existed but have been deleted or erased, please describe what once existed with as much particularity as you can.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is unduly burdensome and it seeks information not in the possession, custody, or control of this Defendant. This request also exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad and most of it includes privileged attorney-client communications and attorney work product. Subject to and without waiving this objection, Defendants refer Plaintiff to those documents produced in the parties' initial F.R.C.P. 26(a)(1) Disclosures and produced herewith.**

**In addition, this Defendant produces in response to this request every non-privileged e-mail message in its possession that contained the word "Canett". *See* Def 000339-367. As noticed hitherto, Wellpath is in possession of numerous emails and other documents that "related to Mr. Canett" but are privileged attorney-client communications or contain attorney work product.**

REQUEST FOR PRODUCTION NO. 3: Produce all text messages, social media messages, and emails in your possession relating to Mr. Canett, and all text messages between any individual defendants during the Subject Confinement. For the Corporate Defendant please produce any such messages relating to Mr. Canett by other Wellpath employees. While not all custodians are currently known, at a minimum please be sure to search the phones and emails of the HSA, DON, Medical Director, and any other supervisors in April 2022 and the following individuals have been searched: Melissa Cantu, MSM, Christine Mohr, M.D, Michael Mohr, NP, Alicia Reavis, Alan Taylor, Dr. Trivette, Christa Valdez. *Please also confirm that each Individual Defendant has taken appropriate steps to preserve all text messages, social media messages, and emails related in any way to this litigation, to Mr. Canett, or to other incarcerated people.*

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not reasonably calculated to lead to the discovery of relevant evidence. Additionally, these communications would be privileged in accordance with the attorney-client, attorney work product, and peer review and quality assurance statutes. *See* C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4). *See also Posey v. District Court*, 586 P.2d 36 (1978); *Franco v. District Court*, 641 F.2d 922 (Colo. 1982). Without waiving these objections and specifically including the e-mails produced in response to Request for Production No. 2, at the time of this Response, no responsive documents exist. Discovery is ongoing. If any responsive documents are identified, they will be reviewed for privilege, and produced in supplemental disclosures if no privilege applies.**

9

REQUEST FOR PRODUCTION NO. 4: Produce all documents and materials evidencing or

relating to any complaint or expression of dissatisfaction with your work as a health care worker.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. This request is also vague and ambiguous as to the phrase "complaint or expression of dissatisfaction" and unduly burdensome as it seeks information from unknown persons of whom these Defendants are unaware that may have expressed some dissatisfaction in private or outside the presence of these Defendants. Furthermore, the information requested intrudes upon the privacy rights of patients as well as the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records. *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1983).**

REQUEST FOR PRODUCTION NO. 5: Produce records of all calls made or received by the

phones used by health care workers, including on-call health care workers, during the Subject

Confinement.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case and can be obtained from a more convenient source. Subject to and without waiving the foregoing, upon information and belief, the County has custody and control of these records and as such this request is best referred to the County.**

REQUEST FOR PRODUCTION NO. 6: Produce all documents and materials that mention or

relate to Wellpath's or any Individual Wellpath Defendant's insurance coverage, including any

communications about whether the insurance Wellpath provided proof of to El Paso County met

the requirements of the County, whether those communications are internal or between El Paso

County and Wellpath.

**RESPONSE: Objection. This request is not relevant to the claims or defenses, overbroad, and unduly burdensome. Without waiving this objection, *see* Wellpath's initial F.R.C.P. 26(a)(1) Disclosures, specifically the insurance policy declaration statement produced as Def 000313-000314.**

REQUEST FOR PRODUCTION NO. 7: Produce each Individual Wellpath Defendant's entire

personnel file, including any and all training records, complaints, grievances, disciplinary records,

records reflecting dates of hire and change in title or position. Plaintiff is amenable to redactions for purely personal information such as dates of birth, home addresses, social security numbers, and other purely personal information. To the extent any individual defendant no longer works for Wellpath, produce all materials relating to your severance, including, but not limited to, any confidentiality agreements or payment of financial compensation over and above your base salary.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of this case. The request is vague and ambiguous with respect to the phrases "complaints" and "grievances" and overbroad as to time and scope. This request also seeks information that is privileged and may violate privacy rights of third-party inmates. Furthermore, the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records. *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1983).**

**Subject to and without waiving this objection, the personnel file and employment records of the Individual Wellpath Defendants are produced herewith, subject to redactions as prescribed above. *See* Def 000368-619.**

**TO WELLPATH, LLC, ONLY:**

REQUEST FOR PRODUCTION NO. 8: Produce the staffing schedule, and documents sufficient to show every person providing healthcare in any capacity to inmates and detainees at El Paso County Jail during the Subject Confinement, showing the days, shifts, assignment, and hours when these persons worked. Please specifically be sure to include the HSA, the DON, any charge nurses, any RNs, any LPNs, any CNAs, any paramedics of any level, any Physicians, any Mid-Levels, and on-call providers. Please be sure to include all call lists and provider schedules in effect with regard to the El Paso County Jail during the Subject Confinement, showing the schedules of off-site on-call providers and names and contact information for the same.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. Subject to and without waiving this objection, Defendant produces its staffing matrix for El Paso County. *See* Def 000620-621.**

11

<u>REQUEST FOR PRODUCTION NO. 9:</u> Produce all documents and materials reflecting any standards, policies, procedures, algorithms, practices, customs, protocols (nursing or otherwise), training or guidance on any of the below listed topics in place at El Paso County Jail as of April 2022, and the Table of Contents for all health care protocols and policies so counsel can ascertain if there are other topics which should be specifically requested here.

- Abdominal Pain;

- Shoulder Pain;

- Elevated pulse;

- Elevated respirations;

- Diaphoresis;

- Restlessness and agitation;

- Low blood oxygen concentration;

- Seizure;

- Chest pain;

- Medical Screening of detainees/inmates;

- Critical Vital Signs,

- Problem Oriented Records

- Changes in behavior or mental status or physical status;

- Physical examinations of detainees/inmates;

- Taking and recording vital signs of detainees/inmates;

- Medical emergencies;

- Transfer of detainees/inmates to acute care facilities or to outside medical facilities;

- Contacting responsible physicians, on-call medical providers or other providers;

- Record keeping, retention of documents or destruction of documents and materials relating to medical care, evaluation, or treatment.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and not proportional to the needs of the case.**

**Subject to and without waiving this objection, Wellpath produces herewith the complete Policy and Procedure Manual for El Paso County Jail.** *See* **Def 000622-1021. Wellpath also produces its Professional Nursing Protocols, April 2022.** *See* **Def 001022-1176.**

REQUEST FOR PRODUCTION NO. 10: Produce any and all letters of concern, corrective action letters, notifications of deficiencies (Alert, Warning and/or Notice of Intent to Take Action) and other communications about Wellpath's staffing levels, quality of care, and fulfillment of the Contract requirements at El Paso County Jail from 2020 to present.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as overly broad and unduly burdensome, as it requests information from a time span of three years. This request also seeks information that is privileged and may violate privacy rights of third-party inmates. Moreover, the information requested is not proportional to the needs of this case. This request also seeks information facially privileged information non-discoverable pursuant to PSQIA.** *See* **42 U.S.C. § 299b-22.**

REQUEST FOR PRODUCTION NO. 11: Produce the minutes, agenda, and any summaries from all monthly or periodic nursing staff type meetings, Multidisciplinary Assessment Committee ("MAC") meetings, CQI meetings, and shift change or handoff meetings from 2020 through the first quarter of 2023. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, not proportional to the needs of the case, and seeks facially privileged information. Minutes, agenda, reports, and summaries sought are privileged and no subject to discovery.** *See* **C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4) (records, reports, and other information of a quality**

management program designed to identify, evaluate, and reduce ethe risk of patient or resident injury "shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding."). *See also* 42 U.S.C. § 299b-22. This request also seeks information that is privileged and may violate privacy rights of third-party inmates.

REQUEST FOR PRODUCTION NO. 12: Produce all documents and materials concerning when and how mortality reviews, morbidity reports, root cause analyses or any similar type of internal investigations or reviews are to be conducted, the way in which they are to be conducted, the persons who are to conduct them, and any other document bearing on the manner, method or procedure of such reviews or who is to conduct them and the purpose(s) for which they are conducted. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, is not proportional to the needs of the case, and seeks facially privileged information. Reviews of the quality of care provided by health care professionals and internal investigations conducted by Wellpath are not discoverable. *See* C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4) (records, reports, and other information of a quality management program designed to identify, evaluate, and reduce ethe risk of patient or resident injury "shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding."). This request also seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22. Subject to and without waiving the foregoing objection, these Defendants refer Plaintiff to the following Policies produced herewith: HCD-100_A-09A Morbidity –El Paso CO and HCD-100_A-09 Procedure in the Event of a Death –El Paso CO. *See* Def 000661-673.

REQUEST FOR PRODUCTION NO. 13: Produce all mortality reviews, morbidity reports, root cause analyses, sentinel event reports, or any similar type of internal investigations or reviews relating to any serious injuries or deaths in the El Paso County Jail since the time Wellpath started providing medical services in the facility to the present and in any facility at which Wellpath provides the medical services from 2017-2022. *Please note that there is no federal quality assurance privilege*

14

*applicable. To the extent you withhold any documents, please state specifically what privilege you*

*are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, is not proportional to the needs of the case, and seeks facially privileged information. It is unreasonable and unduly burdensome to request over 5 years of information unrelated to this case. Moreover, Reviews of the quality of care provided by health care professionals and internal investigations conducted by Wellpath are not discoverable. *See* C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4) (records, reports, and other information of a quality management program designed to identify, evaluate, and reduce ethe risk of patient or resident injury "shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding."). This request also seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22. Subject to and without waiving the foregoing objection, these Defendants refer Plaintiff to the following Policies produced herewith: HCD-100_A-09A Morbidity –El Paso CO and HCD-100_A-09 Procedure in the Event of a Death –El Paso CO. *See* Def 000661-673.**

REQUEST FOR PRODUCTION NO. 14: Produce the Audit Trail for Mr. Canett's records from

the Subject Confinement, including any entries made after he died.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not proportional to the needs of the case. Subject to and without waiving this objection, this Defendant is not in possession, custody, or control of an Audit Trail or documents responsive to this request.**

REQUEST FOR PRODUCTION NO. 15: Produce all documents and materials related to the El

Paso County Inmate Medical Services contract, subsequent renewals, and terminations concerning

the contracts from 2019 to the present. Please be sure to the following categories and all exhibits,

attachments, addenda, question and answer forms, and supplements.

- The Request for Proposals for Inmate Medical Services;

- All proposals received in response to the RFP for providing health care services at the El

  Paso County Jail;

- Negotiations of any kind between the County or any representative and Wellpath or any other correctional health care company (including documents that mention or relate to Wellpath's insurance coverage, about allowing the insurance requirement to be met with the documents Wellpath produced, whether those communications are internal or between El Paso County and Wellpath);

- the Contract with all attachments, including renewals, communications relating to the Contract and renewals, fee schedules, billing, staffing plans, and any amendments or extensions of the Contract.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. Additionally, this request seeks information that can be obtained from another source. It further seeks communications privileged in accordance with the attorney-client and attorney work product doctrine. No element of Wellpath's finances is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs.** *Leidholt v. District Court of Denver***, 619 P.2d 768 (Colo. 1980).**

**Subject to and without waiving this objection, the El Paso County Inmate Medical Services contract, and subsequent renewals and extension and amendments by Wellpath are produced herewith and redacted in accordance with the expectations and rights to privacy in its financial affairs as noticed above.** *See* **Def 001181-1595.**

<u>REQUEST FOR PRODUCTION NO. 16:</u> Produce all documents and materials relating to any budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail including, but not limited to, any actual or projected budget, budget line-items, budget breakdown by category, and documents or materials reflecting and analysis of actual costs and expenses relative to budget for the years 2020 through the present.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. No element of Wellpath's finances is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs.** *Leidholt v. District Court of Denver***, 619 P.2d 768 (Colo. 1980).**

**Subject to and without waiving this objection, this Defendant refers Plaintiff to its document production in response to Request for Production No. 15, for example, which contains responsive information as to its budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail.**

REQUEST FOR PRODUCTION NO. 17: Produce all documents reflecting or relating to any communications between any representative of EPSO and any representative of Wellpath or any other correctional health care company relating to the following Reporting required by the RFP or Bid since January 1, 2020 to the present:

    a.  Narrative report of emergency hospital transports (RFP H.c.);

    b.  Staffing positions unfilled (RFP H.e.);

    c.  Medical incident reports (H.f.);

    d.  Monthly reports (H.m.);

    e.  Statistical reports (H,k.);

    f.  Quality assurance reports (H.o.);

    g.  Wellpath's monthly report of inmate grievances (section 4.3.5 of proposal and B.21.c. of RFP);

    h.  Any summaries or compilations of inmate kites from 2022.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and can be obtained from another source in discovery. Additionally, these communications would be privileged in accordance with the attorney-client, attorney work product, and peer review and quality assurance statutes. *See* C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4). This request also seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22. Without waiving these objections, Wellpath refers Plaintiffs to the documents produced in response to Request for Production No. 15 and those to be produced by the County.**

REQUEST FOR PRODUCTION NO. 18: Produce all prepared summaries and analyses of the income, expenses, costs and profits or losses attributable to Wellpath's relating to the Contract

from 2020 to the present, including the corporate tax returns and profit and loss statements for

Wellpath for 2020 through end of 2023. Be sure to include documents sufficient to reflect

Wellpath's *actual* EBITDA (Earnings Before Interest, Tax, Depreciation and Amortization) and

*budgeted* EBITDA for the years 2020-present.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. No element of Wellpath's finances is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs. *Leidholt v. District Court of Denver*, 619 P.2d 768 (Colo. 1980).**

**Subject to and without waiving this objection, this Defendant refers Plaintiff to its document production in response to Request for Production No. 15, for example, which contains responsive information as to its budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail.**

REQUEST FOR PRODUCTION NO. 19: Produce all documents and materials, including e-mails,

memos, analyses, directives, suggestions, proposals, ideas or any other form of communications

among or between any officer, director, or employee of Wellpath (including, but not limited to, the

Chief Medical Officer) on the subject of reducing costs or expenses relating to inmate heath care

or any aspect thereof under any contract including, but not limited to, staffing, medications,

screenings, medical services, transportation by emergency vehicle or other means, hospitalization,

or transfer to an acute care facility.

**RESPONSE: RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. No element of Wellpath's finances is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs. *Leidholt v. District Court of Denver*, 619 P.2d 768 (Colo. 1980).**

**Subject to and without waiving this objection, this Defendant refers Plaintiff to its document production in response to Request for Production No. 15, for example, which contains responsive information as to its budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail.**

REQUEST FOR PRODUCTION NO. 20: For every person who was working as health care worker at the El Paso County jail during the Subject Confinement, produce all documents and materials evidencing training provided to that person by Wellpath (or any of its employees or subcontractors or affiliated or related companies) on the policies, procedures, protocols, forms and guidelines applicable to his or her work or the work of Wellpath in providing care. Please be sure to include any nurse orientation manuals and any manuals relevant to the provision of health care services by any other class of provider such as psychologists, physicians assistants and physicians in effect as of April, 2022.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to the claims or defenses in this case. It is further overbroad and unduly burdensome as it seeks information for every person working at the El Paso County Jail, most of whom provided no care or treatment at issue in this case. The relevant policies in place at the subject confinement time are produced herewith.** *See* **Def 000622-1021.** *See also* **NCCHC Jail Standards (2018). This Defendant's policies comport with the NCCHC Jail Standards relevant at the time.**

**Subject to and without waiving this objection, Wellpath produces herewith the complete Policy and Procedure Manual for El Paso County Jail.** *See* **Def 000622-1021. Wellpath also produces herewith its Professional Nursing Protocols, April 2022.** *See* **Def 001022-1176.**

REQUEST FOR PRODUCTION NO. 21: Produce all documents and materials generated in connection with or in response to any audits at the El Paso County Jail relating to the provision of health care, from 2020-present, including, but not limited to, audits or accreditation reviews by the NCCHC, ACA, or any governmental agency.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and not proportional to the needs of this case. This request is also vague as to the terms "generated" and "audits". Additionally, this request can be obtained from another source and seeks information not in the possession, custody, or control of this Defendant. This request also seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery.** *See* **42 U.S.C. § 299b-22. Subject to and without waiving this objection, this request which seeks documents "in connection with or in response to any audits at the El Paso County Jail could best be referred to the County Defendants.**

19

REQUEST FOR PRODUCTION NO. 22: Produce all documents relating to Wellpath's acquisition of Correct Care Solutions (CC S) and resulting corporate structure, including, but not limited to:

- the definitive acquiring documents setting forth the terms of Wellpath's acquisition of CCS;

- any ancillary documents concerning the acquisition of CCS by Wellpath;

- any state filings associated with the acquisition;

- the articles of incorporation, by-laws and all other documents reflecting the corporate governance and ownership of Wellpath, LLC, including documents sufficient to show which individuals own Wellpath, LLC and the percentage of ownership enjoyed by each such individual.

**RESPONSE: Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. No element of Wellpath's finances or corporate structure is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs.** *Leidholt v. District Court of Denver*, **619 P.2d 768 (Colo. 1980). This request also seeks facially privileged attorney client communications and attorney work product.**

## IV.    REQUEST FOR INSPECTION

REQUEST FOR INSPECTION NO. 1: Pursuant to F.R.C.P. 34, Plaintiff also requests an inspection of Wellpath/El Paso County's CorEMR system with access to the medical record for Mr. Canett from April 2022. Plaintiff is specifically asking to be able to click on the different tabs associated with Mr. Canett's medical record and see the underlying information in the various formats (including the time and date of entry) available through CorEMR for Mr. Canett. Plaintiffs are willing to do this at a mutually agreeable time and location.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, and can be obtained from another source that is more convenient. Specifically, the screenshots produced**

**herewith. *See* Def 000316–000338. Unfettered access to Wellpath's CorEMR is not proportional to the needs of this case and infringes upon the privacy interests of patients and risks disclosure of privileged and confidential information. Any patient safety work product included therein is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22.**

**Subject to and without waiving this objection, Wellpath has produced the information sought by way of post-litigation screenshots of Mr. Canett's original medical record that reflect each different tab with the corresponding underlying information associated with Mr. Canett's medical record. These screenshots demonstrate the author, time, and date of every entry in Mr. Canett's CorEMR chart for the subject confinement, including amendments, if any. Following conferral as to this Request for Inspection, the undersigned understands that Plaintiff's counsel finds these screenshots an insufficient response to this Request and has notified the Court of the same. Nonetheless, in an attempt to conserve judicial resources and avoid unnecessary discovery disputes, Defendant produces these screenshots herewith. *See* Def 000316–000338.**

Dated: November 27, 2023.                    Respectfully submitted,

                                             HALL BOOTH SMITH, P.C.

                                             */s/ Robert R. McLeod*
                                             Brenda S. McClearn
                                             Robert R. McLeod
                                             5445 DTC Parkway, Suite 900
                                             Greenwood Village, CO 80111
                                             Telephone:    303.773.3500
                                             Facsimile:    720.806.2292
                                             Email: rmcleod@hallboothsmith.com

                                             *Attorneys for Defendants Wellpath LLC,
                                             Michelle Silva, and Makayla Patterson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of November 2023, a true and accurate copy of the foregoing was served via electronic mail upon the following:

Anna Holland Edwards
Erica T. Grossman
Dan Weiss
Rachel Kennedy
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
erica@hheglaw.com
dan@hheglaw.com
*Attorneys for Plaintiffs*

Ryan D. Doherty
COLORADO SPRINGS CITY
ATTORNEY'S OFFICE
ryan.doherty@coloradosprings.gov
*Attorney for Defendant Scott*

Nathan J. Whitney
Bryan E. Schmid
Steven Martyn
EL PASO COUNTY ATTORNEY'S OFFICE
nathanwhitney@elpasoco.com
bryanschmid@elpasoco.com
stevenmartyn@elpasoco.com
*Attorneys for El Paso County Defendants*

Paul A. Faraci
FARACI LEASURE, LLC
pfaraci@faracileasure.com
*Attorney for Defendant Lupo*

*/s/ Robert R. McLeod*