Exhibit 5, Page 01



Anna Holland Edwards <anna@johnhollandlaw.com>

## Discovery Dispute -- Canett v Wellpath, et al,23-cv-1211-DDD-MDB
1 message

**Anna Holland Edwards** <anna@hheglaw.com>                                            Mon, Nov 27, 2023 at 4:50 PM
To: Braswell_Chambers@cod.uscourts.gov
Cc: Ryan Doherty <ryan.doherty@coloradosprings.gov>, cwood@faracileasure.com, Brooke Thiele-LaForest <brooke@hheglaw.com>, Bryan Schmid <bryanschmid@elpasoco.com>, Gail Spence <GSpence@hallboothsmith.com>, Sara Metz <SaraMetz@elpasoco.com>, Adrienne Abatemarco <aabatemarco@faracileasure.com>, Meleah Williams <meleahwilliams@elpasoco.com>, Dan Weiss <dan@hheglaw.com>, Katherine Dandy <KDandy@hallboothsmith.com>, Paul Faraci <pfaraci@faracileasure.com>, Erica Grossman <erica@hheglaw.com>, "JoHansen, Terry" <Terry.JoHansen@coloradosprings.gov>, Robert McLeod <rmcleod@hallboothsmith.com>, Dixie Child <DChild@hallboothsmith.com>, Nathan Whitney <NathanWhitney@elpasoco.com>, Bridgett Baxter <bbaxter@faracileasure.com>, blacombe@faracileasure.com, Lorie Whalen <LWhalen@hallboothsmith.com>, sattia@faracileasure.com, Steven Martyn <StevenMartyn@elpasoco.com>, Brenda McClearn <BMcClearn@hallboothsmith.com>, "Lamphere, Erik" <Erik.Lamphere@coloradosprings.gov>, Chris Strider <chrisstrider@elpasoco.com>, Dee Lambert <DeeLambert@elpasoco.com>

Dear Chambers,

We are writing about a discovery issue related to a requested onsite visit to view original records that was scheduled for next week.

1. The Parties Conferral Efforts:

The parties spoke about the issue on the phone on November 13, 2023 as part of an effort to schedule depositions and the inspection. Because of extensions on discovery, no formal answers or objections have yet been raised, but counsel for Defendant Wellpath raised an objection to the on site inspection on the call on November 13, 2023.

Also on November 13, 2023, counsel for Plaintiff and counsel for Wellpath discussed whether there was a compromise that could be reached. Plaintiff's counsel is amenable to an off-site viewing of the record in its original format and software outside of the jail. Counsel for Wellpath is amenable to providing screenshots. The parties were not able to agree.

2. The Nature of the Discovery Dispute:

Plaintiff served the following Request for Inspection on October 5th, 2023:

   REQUEST FOR INSPECTION NO. 1:    Pursuant to F.R.C.P. 34, Plaintiff also requests an inspection of Wellpath/El Paso County's CorEMR system with access to the medical record for Mr.

Canett from April 2022. Plaintiff is specifically asking to be able to click on the different tabs associated with Mr. Canett's medical record and see the underlying information in the various formats (including the time and date of entry) available through CorEMR for Mr. Canett. Plaintiffs are willing to do this at a mutually agreeable time and location.

Depositions are scheduled in Colorado Springs for next week, and EPSO is amenable to facilitating the review of the records next week while all parties are in Colorado Springs.

Most pressingly, Wellpath, the current contractor providing medical care in the jail, is leaving El Paso County at the end of December. While the County owns the records itself, Wellpath controls access to them and Plaintiff is concerned that it will be significantly more difficult to conduct an inspection of the electronic original of the record once Wellpath is no longer working for El Paso County.

Wellpath has agreed to provide screenshots of the original record which reflect the author, time, and date of every entry into Mr. Canett's chart, including amendments, if any. Wellpath does not agree to permit Plaintiff's counsel to manually click through the chart, particularly when the information requested is reflected in the screenshots Wellpath has agreed to produce. Plaintiff's counsel, based on multiple in person viewings of medical records onsite in other cases does not agree to this approach because counsel has always found other sources of information when she can see the available items to click on, including especially additional information about witnesses which helps streamline the deposition planning. Plaintiff does not suggest that information is being withheld or there is any wrongdoing, merely that it is too hard to know what to ask for without being able to see the original record in its original format.

The parties have discussed performing this inspection on December 5, 2023.

3. The Specific Type of Motion a Party Would File if the Court Allowed it:

Plaintiff would file a motion to compel the inspection of the original record in its original electronic format prior to December 31, 2023.

Wellpath would file a motion to limit the extent of Plaintiff's requested inspection

4. Three Dates that Work for Everyone:

Giving the timing issues presented by the changing of the medical contractor at El Paso County Jail, the parties had a joint phone call today with the goal of obtaining time on the Court's schedule by early next week if possible.

The parties are all available on Wednesday, November 29, 2023. The parties are all also together Monday, Tuesday, and Wednesday of next week, December 4, 5, and 6 of 2023, conducting depositions in this case in Colorado Springs and could be jointly available for a call during those depositions on any day.

Sincerely,

Plaintiff and Defendants in Canett v. Wellpath et al
--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303 860 1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf. Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.