

| | Robert McLeod<br>Phone: 303.874.3450<br>rmcleod@hallboothsmith.com | 5445 DTC Parkway<br>Suite 900<br>Greenwood Village, CO 80111 |

Office: 303.773.3500
Fax: 720.806.2292
www.hallboothsmith.com

January 22, 2024

**VIA EMAIL**

Anna Holland-Edwards
HHEG, LLC
1437 High Street
Denver, Colorado 80218
anna@hheglaw.com

RE: *The Estate of Amy Lynn Cross v. Turn Key Health Clinics, LLC, et al.*, No. 22-cv-3143-DDD, Non-Party Wellpath, LLC's Objection to Plaintiff's Subpoena to Inspect

Dear Anna:

I write to object and confer regarding Plaintiff's subpoena to non-party Wellpath, LLC ("Wellpath") requesting an inspection of a computer at Weld County Jail on January 29, 2024. Our hope is we can resolve these concerns without involving the Court. We ask that you respond by Friday, January 26, 2024. If you would prefer to discuss telephonically, please let me know.

The January 10, 2024 subpoena seeks to inspect and personally operate a computer at Weld County Jail and to access Wellpath's electronic medical records systems to view and "click through" Ms. Cross's chart. First, the discovery sought is duplicative. Plaintiffs have already obtained this information from a party to the action, Defendant Turn Key Health Clinics, who produced Ms. Cross's complete medical record in a printable format generated from CorEMR. Therefore, Plaintiffs have no need for this discovery. Courts are required to balance the need for the discovery before ordering a non-party to comply with a subpoena. *See e.g.*, *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *Masters v. Gilmore*, 2009 WL 4016003, at *2 (D. Colo. Nov. 17, 2009). As a non-party, the burden of proof on Plaintiffs is heavier than the ordinary Rule 26 burden, and because this information has already been produced by a party to the case, enforcement of the subpoena is unlikely. *See Chevron Corp. v. Snaider*, 78 F. Supp. 3d 1327, 1343 (D. Colo. 2015).

Moreover, compliance with this subpoena represents an undue burden on non-party Wellpath because it requires disclosure of the protected health information and other confidential information of third-party inmates. If ordered to permit this inspection, Wellpath would necessarily undertake extensive preparation and coordination to preemptively establish visual and virtual guardrails to limit accessibility to certain records to maintain its obligations under federal and state law. Wellpath is obligated to preserve and prevent disclosure of the protected health information of third-party inmates who have not waived any rights to privacy under HIPAA. CorEMR cannot be navigated without viewing other patients' protected health information and other confidential

DENVER, CO

ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA | MONTANA | NEW JERSEY | NEW YORK
NORTH CAROLINA | OKLAHOMA | SOUTH CAROLINA | TENNESSEE

HALL BOOTH SMITH, P.C.

Page 2

_____

jail information without implementing these protective measures. It is an undue burden on non-party Wellpath to activate these processes for Plaintiffs to obtain information already produced by a party to this litigation.

    Finally, the subpoena to inspect and "click through" Wellpath's CorEMR system on its computer is overbroad and vague. Wellpath requests that Plaintiff narrow its subpoena to identify specific aspects of Ms. Cross's chart not previously produced by Defendant Turn Key in order for Wellpath to provide the needed information in a manner that less burdensome and less costly. If we are unable to agree and Plaintiff declines to modify its subpoena, we intend to move the court for attorney fees and expenses incurred in complying with the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii). The Court "must protect" a non-party from expenses when it is compelled to comply with a subpoena over its objection. Fed. R. Civ. P. 45(d)(2)(B)(ii).

    Again, please let me know if you would like to discuss any of these concerns by phone. I look forward to your response.

Regards,

*/s/ Robert R. McLeod*
Robert R. McLeod

cc:    Brenda S. McClearn
       Matthew Hegarty
       Alexandra G. Ah Loy