Case No. 1:23-cv-01143-SKC-SBP Document 148-9 filed 11/06/24 USDC Colorado pg 1 of 2
Case No. 1:22-cv-03143-SKC-SBP Document 73 filed 02/20/24 USDC Colorado pg 1 of 5

Exhibit 9, Page 01

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Susan Prose

| | |
|---|---|
| Civil Action No: 1:22-cv-03143-SKC-SBP | Date: February 20, 2024 |
| Courtroom Deputy: Tram Vo | FTR: Courtroom C205 |

| *Parties:* | *Counsel:* |
|---|---|
| THE ESTATE OF AMY LYNN CROSS, by and through its personal representative Jennifer Bauder, V.C., through his guardian, Jennifer Bauder, R.C., through his guardian, Jennifer Bauder, and K.C., through her guardian, Lisa McMullen, | Anna C. Holland-Edwards Rachel Claire Kennedy |
| Plaintiffs, | |
| v. | |
| TURN KEY HEALTH CLINICS, LLC | Timothy F. Campbell |
| ERICA ALCARAZ, individually, | Timothy F. Campbell |
| BEATRIZ ORTIZ, individually, | Timothy F. Campbell |
| KRISTIN MILLER, individually, | Timothy F. Campbell |
| TERESA SIPOLA, individually, | Timothy F. Campbell |
| BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, and | David Allen Belsheim Matthew Joseph Hegarty |
| SHERIFF STEVE REAMS, in his official capacity, | |
| Defendants. | |

## COURTROOM MINUTES

**DISCOVERY HEARING**

**1:35 p.m.    Court in session.**

Court calls case. Appearances of counsel for the parties and non-party Wellpath, LLC.

The issues raised in the parties' discovery dispute statements are discussed.

For the reasons stated on the record, the court **ORDERS** that the inspection of Ms. Cross's medical records be allowed. The medical records for Ms. Cross shall be inspected virtually, as discussed on the record. A written order including the details of such virtual inspection, as discussed on the record, will be issued.

Plaintiffs' request for a physical inspection of Weld County Jail, as described in their discovery dispute statement, is discussed. No objection regarding this request by Plaintiffs was raised on the record. The parties will confer and coordinate the scheduling of the physical inspection.

The court sets a discovery hearing on the additional discovery disputes raised by counsel for Plaintiffs at today's hearing for **March 26, 2024, at 1:30 p.m**. The parties shall submit their respective discovery dispute statements to prose_chambers@cod.uscourts.gov by **close of business (5:00 p.m. MDT) March 22, 2024**. Mr. Campbell, counsel for Turn Key and the individual defendants, is permitted to appear by phone using the following dial-in information:

Call-in number: 571-353-2301
Guest meeting ID: 868150043

All attendees via phone shall please mute their phone when not speaking and not use speaker phone.

**2:59 p.m.     Court in recess.**

Hearing concluded.
Total in-court time: 1 hour and 24 minutes

*To order transcripts of hearings, please contact either Patterson Transcription Company at (303) 755-4536 or AB Litigation Services at (303) 629-8534.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03143-SKC-SBP

THE ESTATE OF AMY LYNN CROSS, by and through its personal representative Jennifer Bauder;
V.C. through his guardian, Jennifer Bauder,
R.C., through his guardian, Jennifer Bauder, and
K.C., through her guardian, Lisa McMullen,

    Plaintiffs,

v.

TURN KEY HEALTH CLINICS, LLC,
ERICA ALCARAZ, individually,
BEATRIZ ORTIZ, individually,
KRISTIN MILLER, individually,
TERESA SIPOLA, individually,
BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, and
SHERIFF STEVE REAMS, in his official capacity,

    Defendants.

## ORDER ON DISCOVERY DISPUTE

**Susan Prose, United States Magistrate Judge**

    This matter is before the court at the request of the parties pursuant to the court's discovery-dispute procedures. The court reviewed the parties' position statements on the matter and heard oral argument at a discovery conference conducted on February 20, 2024. For the reasons discussed on the record, and as further set forth below, the court **ORDERS** as follows:

- The court finds that Plaintiffs' request for a physical inspection of the records maintained in the electronic medical record system ("CorEMR") at the Weld County Jail for decedent Amy Lynn Cross is relevant to Plaintiffs' claims and proportional to the needs

Exhibit 9, Page 04

of the case in accordance with Federal Rule of Civil Procedure 26(b)(1).

- The inspection shall occur virtually, in that counsel for non-party Wellpath, LLC ("Wellpath"), the current contract provider for medical services for inmates at the Weld County Jail, will obtain access to the CorEMR records for Ms. Cross and allow counsel for Plaintiffs, the Weld County Defendants, and the Turn Key Defendants to review those electronic records in counsel's office. Wellpath shall facilitate login to the CorEMR system and access to Ms. Cross's medical records.

- Counsel for Wellpath, LLC, will control the computer on which the records will be viewed and will provide printed copies of any records requested by counsel for the parties. Counsel for the parties will work collaboratively to help reduce the cost of printing documents.

- Ms. Cross passed away in September 2021, but at the discovery hearing, the court was advised that there may be records for Ms. Cross in the CorEMR system that cover earlier periods. The court therefore does not limit the inspection to records from September 2021, but specifically finds that records in the CorEMR system for Ms. Cross that predate September 2021 may also be relevant to the parties' claims and defenses in this matter.

- The inspection shall be completed **on or before March 4, 2024**, unless the parties mutually agree to another date, but the inspection shall not be unduly delayed. The inspection shall be completed in a half day (i.e., a morning or afternoon), which counsel represented at the hearing should be more than adequate time to complete the inspection.

- This Order authorizes disclosure to counsel for the parties of records in the CorEMR system pertaining to Ms. Cross pursuant to 45 C.F.R. § 164.512(e)(1)(i) and any pertinent

2

Colorado statutes concerning the disclosure of such information. The inspection and disclosure of records in the CorEMR system shall be **limited to records for Ms. Cross**, and nothing in this Order shall be construed to allow access to the records in the CorEMR system for any person other than Ms. Cross.[1]

DATED: February 20, 2024                    BY THE COURT:

                                            _____
                                            Susan Prose
                                            United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

3