### Timeline of Plaintiff's Efforts to Get Wellpath Documentation of El Paso County CJC Medical Staffing, Licensure, and Hours Worked

- **October 5, 2023**: Plaintiff served its first set of written discovery, including RFP No. 8, which requested staffing documents for Mr. Canett's period of incarceration "showing the days, shifts, assignment, and hours when these persons worked;"

- **November 27th**: Wellpath responded with boilerplate objections and references to a "staffing matrix." (Wellpath Bates No. Def. 620-21). This document did not show the days, shifts, assignment, or hours when these persons worked during Mr. Canett's incarceration;

- Through multiple conferrals about the non-responsiveness of the production thus far with Wellpath's first lawyer in this case, Plaintiff learned that Wellpath used a staffing company, Kronos, for their staffing documents.

- **February 15, 2024**: Plaintiff then served a subpoena on Kronos for these documents;

- **February 6th**: In detailed conferral by email, Wellpath's first lawyer again pointed to Def. 620-21 as responsive, referring to it as a "staffing schedule headcount." In fact, this document was a *proposed* staffing matrix from Wellpath's bid for this contract, which gave no information about who actually worked at this Jail and the hours they worked. Wellpath counsel also pointed to Def. 315 as responsive. This document, a list of temporary nursing staff employed at the Jail, also had no responsive information;

- Plaintiff continued conferrals on this topic and in briefing on **March 1st** stated to this Court that the parties were agreed on the production of staffing schedules and documents, and were only asking for a date certain. Doc. No 69;

- **March 5th**: This Court held **discovery dispute hearing #2**. **It ordered production of staffing documents for a year-long period centered on Mr. Canett's death.** Doc. No. 73;

- **March 18th**: Wellpath produced a time detail report for April 24, 2022 through April 27, 2022, identifying every Wellpath employee on shift for that period and showing specific hours worked each day. Doc. 76, JSR p. 1; Bates No. Defs 1669-1747. However, no similar reports or staffing documents for the previously discussed year-long period were produced;

- **April 8th**: Kronos responded to Plaintiff's SDT, objecting that it did not own or control the employee data of its customer companies and that only Wellpath had the right and ability to gather the requested data;

- **April 9th**: Plaintiff served RFP No. 23 to Wellpath requesting the same staffing documents previously requested by subpoena from Kronos;

1

- **May 1st**: More conferrals followed, beginning on May 1st, and Plaintiff informed Wellpath of Kronos's non-production and its pointing back to Wellpath. Wellpath's first counsel repeatedly indicated that he would work with Kronos to get the requested staffing documents;

- **May 6th**: This Court held **discovery dispute hearing #3**. Having been led to believe by Wellpath's first counsel that the yet-to-be-disclosed staffing documentation would be provided, Plaintiff's counsel told this Court the parties were working together and the staffing information would be produced. The Court ordered a date certain of June 10th for production. Doc. No. 94.

- **May 8th**: Plaintiff conferred again and was told by Wellpath's first counsel he thought the time detail sheets should be produced and that Wellpath would likely be able to generate them. He agreed that such documents had already been produced for the period of Mr. Canett's incarceration, so they should be available for the larger time period;

- Throughout this period, counsel told Plaintiff's counsel that part of the problem was that the time keeping company changed and only some months were available, but failed to produce even those minimal months.

- **June 3rd**: A status report updated this Court about ongoing conferrals regarding the still undisclosed time detail reports previously ordered to be produced by this Court. Wellpath had stated through its first counsel that these documents would be provided, shortly, but had not yet done so. Plaintiff requested a date certain for production. **This Court ordered production by June 14th**. Doc. Nos. 99-100.

- **June 14th**: Wellpath failed to produce the time detail sheets that had been discussed for months and ordered to be produced by this Court. Instead, it produced an unintelligible spreadsheet, which was not divided by shift or sortable to show who was on what shifts or what hours they worked.

- Plaintiff's counsel immediately began requesting a key to the spreadsheet so it could be reasonably interpreted. In the alternative, Plaintiff asked for the actual hours-worked report that Plaintiff's counsel has seen in other cases, and in this case for the week of Mr. Canett's death;

- **June 19th/20th**: Plaintiff conferred again via telephone about the spreadsheet, which was so unintelligible as to be non-responsive to Plaintiff's request and this Court's order. Wellpath's first lawyer told Plaintiff he was leaving the case soon but would work on it;

- **June 27th/28th**: Plaintiff again conferred via telephone with Wellpath's first lawyer and did not receive any other staffing documents or a key to understand the unintelligible spreadsheet;

- **July 2nd/3rd**: Plaintiff again conferred, was told by Wellpath's first lawyer that conversations were underway about this, but he was leaving and had flagged the issue for the next Wellpath lawyer;

- **July 5th**: Plaintiff's Expert Dr. Lori Roscoe submitted her rebuttal report and discussed the difficulty interpreting the spreadsheet: "*The staffing spreadsheet that has been recently provided in Mr. Canett's matter is difficult to read because it doesn't contain punch in/punch out details or otherwise make clear what shift a given individual was working.*"

- **July 10th**: Plaintiff conferred via telephone with Wellpath's second attorney and again raised the ignored 30(b)(6) deposition dates and the staffing documents not provided;

- **July 16th/17th**: Plaintiff conferred with Wellpath's second attorney who said she was working on getting an interpretive key for the spreadsheet;

- **By July 29th** Plaintiff learned that Wellpath's second attorney was leaving the case. Plaintiff asked him again to provide an interpretive key to the spreadsheet;

- **Between July 29th and August 2nd**, Plaintiff conferred with Wellpath's now-third attorney on this case, to discuss 30(b)(6) deposition dates, other depositions, and the ongoing non-production of intelligible staffing documents. Plaintiff's August 2nd email to Wellpath's third attorney included all of this discussion of ongoing discovery issues;

- **August 4th**: Wellpath's third attorney sent an email asking please let me know what you need from us;

- **August 5th**: Plaintiff sent another conferral email discussing in detail the ongoing non-production of staffing documents that Wellpath's first and second attorneys on this case both said had been requested and should be provided. Yet again Plaintiff specifically requested: 1. An explanation of the terms in the spreadsheet; 2. All time detail reports that were generated within [the year period approved by this Court]; and 3. All punch in/out reports or other methods of tracking hours worked after Wellpath switched systems.";

- **August 6th**: Plaintiff moved this Court for a one-sided discovery extension including the topic of Wellpath needing to provide a clarifying key or other interpretive information so that Plaintiff could understand the spreadsheet;

- **August 13th**: Wellpath's third attorney emailed Plaintiff's counsel about wanting "to circle back on the staffing documents. Just a little fuzzy in my mind at the moment – can you redirect me to the specifics of what you are asking?";

- **August 14th**: Plaintiff re-emailed the August 5th conferral email explaining in detail the staffing discovery dispute. Wellpath's third attorney stated that he would turn to this issue "post haste."

- **August 20th**: Wellpath's third lawyer emailed Plaintiff the same unintelligible spreadsheet and asked if this was what Wellpath had provided already, and noting that he did not have access to what had been sent previously. Plaintiff's counsel responded that day again explaining the issue;

- **August 20th**: During **discovery dispute hearing # 4**, Plaintiff's counsel indicated to this Court, having been led to believe that progress was being made, that the parties were working together to get responsive staffing documents;

- **August 23rd**: Plaintiff's counsel followed up again and was told that the "search was on.";

- **August 26th**: Wellpath's third counsel emailed to say that they were "diligently" working on production of understandable and responsive staffing documents;

- **August 30th**: Plaintiff's counsel inquired by email again about these documents;

- **September 3rd**: Wellpath's third counsel sent the same unintelligible spreadsheet he sent on August 20th, and that had already been sent by Wellpath's first lawyer on June 14th. He also asked if this document had already been disclosed and asked if there were shortcomings with this document. He also mentioned that he did not know precisely what had been sent in the past. Plaintiff's counsel responded the same day that yes this was the unintelligible spreadsheet that Plaintiff's counsel had been conferring about for months with all three successive Wellpath lawyers on this case;

- **September 13th**: Wellpath's third counsel sent a link to "staffing documents" that he could not open. Plaintiff's counsel responded that her office could not open this link either;

- **September 23rd**: Plaintiff's counsel again inquired about the link that would not open and the staffing documents. Wellpath's third lawyer responded the same day that "the search was on," and that the person working on this was traveling and would be back on Wednesday;

- **October 10th**: With still no responsive documents produced pursuant to this Court's Orders, Doc. Nos. 73, 94, 99-100. Plaintiff asked for another conferral call the next day and mentioned that given the months long delay and shifting rationales for non-production, that Plaintiff would have to move for sanctions;

- **October 16th**: Wellpath's third counsel conferred again via telephone and stated that he was "still trying" but understood Plaintiff's forthcoming sanctions motion;

- As of this filing Wellpath has not produced any key to interpret the unintelligible spreadsheet that Wellpath twice attempted to offer as responsive to Plaintiff's RFP No. 8,

nor has it provided time detail reports for the year-long period surrounding Mr. Canett's
death, as ordered to do by this Court. Doc. Nos. 73, 94, 99-100.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

   Plaintiff,

v.

WELLPATH, LLC;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

   Defendants.

---

**PLAINTIFF'S FIRST SET OF
COMBINED DISCOVERY REQUESTS TO WELLPATH RELATED DEFENDANTS**

---

   Plaintiff, by and through its undersigned attorneys, hereby submit this First Set of

Combined Discovery Requests to Wellpath Related Defendants, as specified below.

## I. DEFINITIONS AND INSTRUCTIONS

   The following definitions shall be applied to all words, phrases, and terms used in these

Requests:

   1.  "Wellpath Related Defendants" refers to Wellpath, LLC, Anthony Lupo, Michelle

Silva, and Makayla Patterson.

   2.  "Wellpath" includes Wellpath, LLC and any other companies controlled by or

operating pursuant to the direction or authority of Wellpath, and includes any d/b/a's under which

1

Wellpath, produce all materials relating to your severance, including, but not limited to, any confidentiality agreements or payment of financial compensation over and above your base salary.

**TO WELLPATH, LLC, ONLY:**

REQUEST FOR PRODUCTION NO. 8:    Produce the staffing schedule, and documents sufficient to show every person providing healthcare in any capacity to inmates and detainees at El Paso County Jail during the Subject Confinement, showing the days, shifts, assignment, and hours when these persons worked. Please specifically be sure to include the HSA, the DON, any charge nurses, any RNs, any LPNs, any CNAs, any paramedics of any level, any Physicians, any Mid-Levels, and on-call providers.  Please be sure to include all call lists and provider schedules in effect with regard to the El Paso County Jail during the Subject Confinement, showing the schedules of off-site on-call providers and names and contact information for the same.

REQUEST FOR PRODUCTION NO. 9:    Produce all documents and materials reflecting any standards, policies, procedures, algorithms, practices, customs, protocols (nursing or otherwise), training or guidance on any of the below listed topics in place at El Paso County Jail as of April 2022, and the Table of Contents for all health care protocols and policies so counsel can ascertain if there are other topics which should be specifically requested here.

- Abdominal Pain;
- Shoulder Pain;
- Elevated pulse;
- Elevated respirations;
- Diaphoresis;
- Restlessness and agitation;
- Low blood oxygen concentration;
- Seizure;

which individuals own Wellpath, LLC and the percentage of ownership enjoyed by each such individual.

## IV.   REQUEST FOR INSPECTION

REQUEST FOR INSPECTION NO. 1:        Pursuant to F.R.C.P. 34, Plaintiff also requests an inspection of Wellpath/El Paso County's CorEMR system with access to the medical record for Mr. Canett from April 2022.  Plaintiff is specifically asking to be able to click on the different tabs associated with Mr. Canett's medical record and see the underlying information in the various formats (including the time and date of entry) available through CorEMR for Mr. Canett. Plaintiffs are willing to do this at a mutually agreeable time and location.

Respectfully submitted this 5th day of October, 2023

*/s/ Anna Holland Edwards*
Anna Holland Edwards
Erica Grossman
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-1211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
By and through its personal representative Elizabeth Naranjo;

       Plaintiff,

v.

WELLPATH, LLC;
THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF EL PASO, COLORADO;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

       Defendants.

---

**WELLPATH RELATED DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO WELLPATH RELATED DEFENDANTS**

---

       Defendants Wellpath, LLC, Michelle Silva, and Makayla Patterson, through undersigned counsel, hereby submit their responses to Plaintiff's First Set of Combined Discovery Requests to Wellpath Related Defendants:

## I.       GENERAL OBJECTIONS

       These Defendants hereby incorporate each general objection listed below to each response to Plaintiff's First Set of Combined Discovery Requests to Wellpath Related Defendants, as if fully set forth therein. The assertion of further specific objections does not waive, modify, or limit these applicable General Objections.

records reflecting dates of hire and change in title or position. Plaintiff is amenable to redactions for purely personal information such as dates of birth, home addresses, social security numbers, and other purely personal information. To the extent any individual defendant no longer works for Wellpath, produce all materials relating to your severance, including, but not limited to, any confidentiality agreements or payment of financial compensation over and above your base salary.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of this case. The request is vague and ambiguous with respect to the phrases "complaints" and "grievances" and overbroad as to time and scope. This request also seeks information that is privileged and may violate privacy rights of third-party inmates. Furthermore, the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records. *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1983).**

**Subject to and without waiving this objection, the personnel file and employment records of the Individual Wellpath Defendants are produced herewith, subject to redactions as prescribed above. *See* Def 000368-619.**

**TO WELLPATH, LLC, ONLY:**

REQUEST FOR PRODUCTION NO. 8: Produce the staffing schedule, and documents sufficient to show every person providing healthcare in any capacity to inmates and detainees at El Paso County Jail during the Subject Confinement, showing the days, shifts, assignment, and hours when these persons worked. Please specifically be sure to include the HSA, the DON, any charge nurses, any RNs, any LPNs, any CNAs, any paramedics of any level, any Physicians, any Mid-Levels, and on-call providers. Please be sure to include all call lists and provider schedules in effect with regard to the El Paso County Jail during the Subject Confinement, showing the schedules of off-site on-call providers and names and contact information for the same.

**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case.  Subject to and without waiving this objection, Defendant produces its staffing matrix for El Paso County. *See* Def 000620-621.**

11

**herewith. *See* Def 000316–000338. Unfettered access to Wellpath's CorEMR is not proportional to the needs of this case and infringes upon the privacy interests of patients and risks disclosure of privileged and confidential information. Any patient safety work product included therein is privileged and not subject to discovery. *See* 42 U.S.C. § 299b-22.**

**Subject to and without waiving this objection, Wellpath has produced the information sought by way of post-litigation screenshots of Mr. Canett's original medical record that reflect each different tab with the corresponding underlying information associated with Mr. Canett's medical record. These screenshots demonstrate the author, time, and date of every entry in Mr. Canett's CorEMR chart for the subject confinement, including amendments, if any. Following conferral as to this Request for Inspection, the undersigned understands that Plaintiff's counsel finds these screenshots an insufficient response to this Request and has notified the Court of the same. Nonetheless, in an attempt to conserve judicial resources and avoid unnecessary discovery disputes, Defendant produces these screenshots herewith. *See* Def 000316–000338.**

Dated: November 27, 2023.

Respectfully submitted,

HALL BOOTH SMITH, P.C.

*/s/ Robert R. McLeod*

Brenda S. McClearn
Robert R. McLeod
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
Telephone:     303.773.3500
Facsimile:     720.806.2292
Email: rmcleod@hallboothsmith.com

*Attorneys for Defendants Wellpath LLC,
Michelle Silva, and Makayla Patterson*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Colorado

| | |
|---|---|
| THE ESTATE OF CRISTO JESUS CANETT | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   23-cv-1211-DDD-MDB |
| WELLPATH, LLC, et al | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         UKG Kronos Systems, LLC, 900 Chelmsford St., Lowell, MA  01851,
c/o registered agent CT Corporation System, 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: Please submit the requested materials electronically, on or before April 8, 2024, to Brooke Thiele-LaForest at HHEG, brooke@hheglaw.com | Date and Time:<br><br>04/08/2024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/13/2024

|     *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Dan Weiss |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
Dan Weiss                                                                    , who issues or requests this subpoena, are:

HHEG, 1437 High St., Denver, CO 80218; 303-860-1331; dan@hheglaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-1211-DDD-MDB

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 18, Page 15

## Attachment A

**Plaintiff SDT to UKG Kronos Systems, LLC**
***Estate of Cristo Jesus Canett v. Wellpath, LLC, et al.*, 23-cv-1211-DDD-MDB (D. Colo.)**

Please produce all time/attendance records and payroll records related to all personnel working at the El Paso Criminal Justice Center, 2739 E. Las Vegas St, Colorado Springs, CO 80906, for the year 2022.

Please submit the requested materials electronically, on or before April 8, 2024, to Brooke Thiele-LaForest at HHEG, brooke@hheglaw.com.

There is a protective order in place that will protect any privacy interests, also attached herein.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

      Plaintiff,

v.

WELLPATH, LLC;
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO,
COLORADO;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

      Defendants.

---

## PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

---

      This matter comes before the Court on the Joint Motion for Entry of Stipulated Protective

Order Concerning Confidential Information ("Protective Order") from the parties, by and through

their respective counsel. All parties stipulated to, and moved the Court for entry of, this Protective

Order pursuant to Fed. R. Civ. P. 26(c) as to the treatment of Confidential Information (as defined

herein).

      Having reviewed the parties' proposed Protective Order, and upon a showing of good cause

in support of the entry of a Protective Order to protect the disclosure and discovery of confidential

and security-sensitive information in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition testimony, responses to subpoenas for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is relevant to this case and that implicates common law and/or statutory privacy and/or confidentiality interests and includes but is not limited to:

  a.  Information in which a party asserts that it has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure;

  b.   Medical records and protected health information as defined under HIPAA;

  c.  Proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, safety and security protocols, trade secrets as defined by Colo. Rev. Stat. § 7-74-101, et seq., training materials, financial information, personnel or personal information regarding employees of the corporate Defendants, including but not limited to the individual Defendants, and similar information treated or considered by a Party, whether by policy or practice, to be confidential or proprietary;

    d.   Information implicating a nonparty's privacy interest, including but not limited to sensitive criminal justice information, personal identifying information, and personal employment information, which a party considers confidential;

    e.   Information related to the operation of the El Paso County Criminal Justice Center that, if publicly disclosed, may create safety, security, or operational concerns; and

    f.   Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The above listing of types of documents that may be considered CONFIDENTIAL does not preclude any party from invoking the procedures contained herein to object to the designation of documents of the types listed here.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and designating it as CONFIDENTIAL or further Order of the Court, be disclosed except that such information may be disclosed, solely for the purposes of this case to:

    a.   attorneys actively working on this case;

    b.   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.   the parties, including one or more designated representatives for any Defendant whose assistance is required by counsel for the parties in preparation for trial, at trial, or at other proceedings in this case;

d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary in preparation for trial, at trial, or at other proceedings in this case;

e.   the Court and its employees ("Court Personnel");

f.   stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.   deponents, witnesses and potential witnesses; and

h.   other persons by written agreement of the parties.

5.     Counsel who intend to use CONFIDENTIAL information in court proceedings or in court filings, shall make a good faith effort to have the CONFIDENTIAL information restricted from public access, pursuant to D.C.COLO.LCivR 7.2, but no further action on the part of the filing party to maintain restricted public access shall be required.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, parties, persons employed by counsel, Court Personnel, and stenographic and video reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.     Counsel for the party producing any information that will be designated CONFIDENTIAL shall review the information and, designate such information CONFIDENTIAL

based on a good faith belief that the information is in fact confidential or otherwise entitled to protection. Until such time as this information is designated as CONFIDENTIAL, however, it shall be treated as non-confidential.

9.     Whenever a deposition involves the use of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order if so designated. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. If the designation of CONFIDENTIAL is made on the record at the deposition, then the testimony shall be treated as CONFIDENTIAL through and including the end of the 30-day period after completion of the transcript. If testimony is not designated as CONFIDENTIAL, the testimony shall be treated as non-confidential until and unless it is later designated as CONFIDENTIAL, in which case it shall be treated as contemplated in paragraph 13 below. The cover page and those portions of the original transcripts that contain Confidential Material shall bear a legend indicating that the transcript contains Confidential Material, such as "CONFIDENTIAL." The use of Exhibits that are marked CONFIDENTIAL during deposition does not cause them to lose their CONFIDENTIAL designation, however any testimony about those Exhibits will be considered non-confidential until and unless it is designated as CONFIDENTIAL.

10.     A party at any time during the litigation may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed

information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make an appropriate motion within twenty-one (21) days of receiving the written notice of objection, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The parties may agree to a longer time for the filing of appropriate motions in writing without leave of the Court. If such a process is timely initiated, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the dispute. If the designating party fails to initiate this process within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a dispute initiated under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     This Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings, motions, at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL documents may be used, this Protective Order does not waive any right of any party to file a motion to seal all or a portion of papers and documents filed with the Court.

12.     Information shall not be designated CONFIDENTIAL after the conclusion of this case. However, any information designated CONFIDENTIAL during the pendency of this case, and which retains such designation until and including the conclusion of this case, shall retain such

designation. The restrictions in this Protective Order on the use of CONFIDENTIAL Information shall survive the conclusion of this case.

13.    Pursuant to FRE 502 (b), the parties agree to take reasonable steps to avoid inadvertent disclosure of privileged and protected documents and electronically stored information, and to promptly take reasonable steps to rectify the error if it occurs. The parties further agree as follows:

a. If the Receiving Party determines that documents, data or information (including, without limitation, metadata) produced by a party may reasonably be subject to a legally recognized privilege, immunity, or other right not to produce such information, the Receiving Party will refrain from reading the document, data, or information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure, promptly notify the Producing Party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise not subject to production, identify the documents, data or information by bates number range or hash value range, and return or sequester such documents until the Producing Party confirms whether it does indeed assert any privilege protecting such documents. Once the Producing Party asserts privilege over such documents, data and/or information (as described in paragraph d below), the Receiving Party will return, sequester, or destroy all copies of such documents, data or information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Party. To the extent that documents, data and/or information have been loaded into a litigation review database under the control of the Receiving Party, the Receiving

Case No. 1:23-cv-01211-DDD-MDB Document 31 Filed 07/26/23 USDC Colorado pg 8 of 12
Case No. 1:23-cv-01211-DDD-MDB Document 1-18 Filed 05/12/23 USDC Colorado pg 23 of 84

Exhibit 18, Page 23

Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

d. Upon the request of the Producing Party, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the documents, data or information containing a legally recognized privilege or immunity.

e. If the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party, the Producing Party will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such documents, data or information that is consistent with the requirement of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the documents, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data, or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection;

f. If, during the course of Litigation, a party determines it has produced documents, data or information (including, without limitation, metadata) protected from discovery by a legally recognized claim of privilege, immunity, or other right not to produce such information,

the Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the document, data and/or information inadvertently produced by Bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of privilege and shall provide the Receiving Party with a log for such documents, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified document, data and/or information and any copies, along with any notes, abstracts or compilations of the content thereof;

g. A Receiving Party's return, sequestering or destruction of such privileged or otherwise protected documents, data and/or information as provided in the subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents,

data and/or information are not in fact subject to a viable claim of privilege or other protection;

h. To the extent that the information contained in documents, data and/or information has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it;

i. Upon a determination by the Court that the documents, data or information are protected by the applicable privilege or evidentiary protection, and if the documents, data or information have been sequestered rather than returned or destroyed by the Receiving Party, the documents, data or information shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of documents, data or information by search terms or other means; and

j. Nothing contained herein is intended to, or shall serve to limit a Producing Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party.

14.     Publicly available information or information obtained non-confidentially in other litigation or otherwise shall not be treated as CONFIDENTIAL regardless of whether such designation is affixed to copies of the information produced during litigation.

15.     If a disclosing party inadvertently discloses information that was not designated as CONFIDENTIAL but later determines that the disclosed information should have been designated as CONFIDENTIAL, the disclosing party shall promptly notify the other (or non-disclosing) party of the error and furnish properly designated copies of the disclosed information. Upon receipt of notice of the improperly undesignated disclosure, the non-disclosing party shall treat all copies of the disclosed information as CONFIDENTIAL from the date of the notice.

16.     In the event a party that has designated information CONFIDENTIAL wishes to remove such designation, they may do so unilaterally at any time.

17.     The parties agree to continue to abide by this protective order after the conclusion of this case. Counsel may keep copies of all correspondence, court filings, and other documents maintained as part of counsel's normal file retention practices. Counsel for each party may retain copies of the court papers, deposition and trial transcripts, and attorney work product that contain CONFIDENTIAL information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

18.     By agreeing to entry of this Protective Order, the parties state they adopt no position as to the authenticity or admissibility of information produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case. In addition, nothing in this Protective Order requires the disclosure of information otherwise not subject to discovery, subject to attorney-client privilege, or constituting attorney work product.

19.     Nothing in this Protective Order shall preclude any Party or nonparty from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or regarding the manner in which Confidential Information shall be treated at trial.

20.     By designating information as CONFIDENTIAL and producing such information pursuant to the terms of this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

21.     Nothing in this Protective Order shall be deemed to preclude any party from reviewing documents for relevance and privilege before production to the opposing party.

22.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED this 28th day of July, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge



Anna Holland Edwards <anna@johnhollandlaw.com>

---

## Ongoing discovery conferral with additional conferral items
1 message

**Anna Holland Edwards** <anna@hheglaw.com>                    Mon, Feb 5, 2024 at 11:43 AM
To: Robert McLeod <rmcleod@hallboothsmith.com>
Cc: Nathan Whitney <NathanWhitney@elpasoco.com>, Brooke Thiele-LaForest <brooke@hheglaw.com>, Steven Martyn
<StevenMartyn@elpasoco.com>, Bryan Schmid <BryanSchmid@elpasoco.com>, Chris Strider
<ChrisStrider@elpasoco.com>, Paul Faraci <pfaraci@faracileasure.com>, "Brenda S. McClearn"
<BMcClearn@hallboothsmith.com>, "Doherty, Ryan D" <ryan.doherty@coloradosprings.gov>, Sara Metz
<SaraMetz@elpasoco.com>, Dee Lambert <DeeLambert@elpasoco.com>, Meleah Williams
<MeleahWilliams@elpasoco.com>, Adrienne Abatemarco <aabatemarco@faracileasure.com>, "cwood@faracileasure.com"
<cwood@faracileasure.com>, "blacombe@faracileasure.com" <blacombe@faracileasure.com>, Bridgett Baxter
<bbaxter@faracileasure.com>, "sattia@faracileasure.com" <sattia@faracileasure.com>, Lorie Whalen
<LWhalen@hallboothsmith.com>, Gail Spence <GSpence@hallboothsmith.com>, Katherine Dandy
<KDandy@hallboothsmith.com>, Dixie Child <DChild@hallboothsmith.com>, "Lamphere, Erik"
<erik.lamphere@coloradosprings.gov>, "JoHansen, Terry" <terry.johansen@coloradosprings.gov>, Erica Grossman
<erica@hheglaw.com>, Dan Weiss <dan@hheglaw.com>, Rachel Kennedy <rachel@hheglaw.com>, Robert McLeod
<rmcleod@hallboothsmith.com>, Emma Feeney <efeeney@hallboothsmith.com>

Dear Rob

I am combining our previous email on some of these issues here, so we have all discovery in one place.
Some of the below we have talked about (particularly about staffing issues and mortality reviews), some we
have not.

The first section of this is our email back and forth, then I will go through each Interrogatory and RFP we
plan to bring to the Court's attention below that.  I have put in the requests themselves and the
response/objections for each of reference with what we are conferring on in blue.  We have saved some
issues until after depositions to see if we can get what we need from deponents themselves, and some others
we are not conferring on right now to see if they might be better handled as 30b6 depositions, we are not
waiving conferring on those or on broader application of those below, but given the wide range of documents
and answers we feel we are entitled to that have not been given, we are doing what we can to narrow this
here.

Thanks
Anna

### Recent email exchanges with Wellpath's response in red and our response in blue

Hi Rob -- We have spoken a few times about Part III of the mortality review.  We need this before the
depositions next week, please provide this prior to the depositions next week.

We have spoken about this and as I indicated previously my office is not in possession of a Part 3 as it is
facially privileged patient safety material. We have produced Parts 1 and 2. We have and will continue to
claim privilege over Part 3 pursuant to PSQIA – as you know patient safety work product is non-discoverable
and privileged. 42 U.S.C. 299b-22. During our discussions I did inform you that Wellpath is a member of the
Center for Patient Safety PSO. I have requested Part 3 from my client. Once I have Part 3, I will
appropriately log it and claim privilege as described over the same.

10/22/24, 11:41 AM                    John Holland Law Mail - Ongoing discovery conferral with additional conferral items

Exhibit 18, Page 29

In order for a PSQIA privilege to attach, the document would have to be created for the PSO, which you have already confirmed in our conversations is not the case for this document.  I am not aware of any legitimate basis to claim that part of a document is covered by PSQIA when another part is not.  If you are now reasserting PSQIA privilege, please show what documents were created for a PSO, and which were submitted to a PSO, and when they were submitted.  Those are threshold issues to an analysis of the PSQIA privilege.  Please also show that Part III is a separate document from that required to be produced and maintained by the NCCHC accreditation.

We have been conferring on this since November with no showing that any aspect of the PSQIA applies and we will ask the Court to compel on this.

Have you produced somewhere a list of who was working April 24 to 27, 2022? I might be missing this, please produce this or tell me where it is?

WP identified individual temporary staff in response to Int. 10 as Def 000315. The staffing schedule headcount was produced as Def 000620-621.

Def 315 as I understand it is a list of temp staff working various times, we are looking for the staffing schedule of who was actually on April 24 to 27, 2021.  Def 620 to 621 is not a headcount, it was a proposal of what staffing they would provide if they got the Contract and doesn't purport to tell us anything about who specifically was on staff during April of 2021.

I see you have produced some personnel documents, but there is a redacted portion in LPN Silva's personnel file -- it purports to be redacted because of third party medical information.  Can you reconsider this before Nurse Silva's deposition? We have a protective order and you can redact names for now, but it appears this concerns other inmate care by LPN Silva, and there is no basis to withhold or redact it for discovery purposes.

We have produced the entire personnel files for the named WP employees, including Nurse Silva. However, you have only made a deliberate indifference claim against Nurse Silva. That claim turns solely on whether she had a subjective awareness of Mr. Canett's allegedly serious objective medical need. The redacted portion pertaining to care provided to other inmates encompassed in your request for personnel files including "any and all training records, complaints, grievances, [and] disciplinary records" is therefore not relevant to your claim against nurse Silva and is facially overbroad. In addition to being irrelevant, evidence of past care or misconduct is simply character evidence which is inadmissible under FRE 404(a)(1). Similarly, you have not made a claim against nurse Silva or WP as to failure to train or supervise here. Instead, only the broad allegation of undescribed deliberately indifferent policies against WP are made in the Complaint. Thus, the request for "any and all training records, complaints, grievances, [and] disciplinary records" is overbroad and not relevant. This redacted material is not relevant to your claims against WP because your claims against its employees are based on their own actions that allegedly caused Mr. Canett's injuries, not any purported failure to train or supervise. Nor is it sufficient to rely on your attempt to disregard clear 10th circuit precedent that respondeat superior does not apply to private entities in 1983 cases. *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005). Therefore, for these reasons this materials is not relevant and appropriately redacted.

Ok, we will move to compel on this.  Whether it ultimately is admissible will be for the Court to decide, but we have an entity claim against Wellpath and a claim of deliberate indifference against Ms. Silva, her pattern of conduct, and Wellpath's pattern of conduct are directly relevant to the Monell claim and punitive damages.  We also do have a Wellpath failure to train and supervise.

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado
pg 30 of 84
10/22/24, 11:41 AM                    John Holland Law Mail - Ongoing discovery conferral with additional conferral items

Exhibit 18, Page 30

Also, I don't see that we have signature pages for the individual defendants, can you send me those?

Yes.
Thank you, we need these of course before the depos.

<div align="center"><b>Conferral by Interrogatory Number and RFP Number</b></div>

**INTERROGATORY NO. 4**: Identify all phone numbers (land line, company or county issued cell, or personal cell) used by any Individual Defendants and any other health care workers related to El Paso County Jail for calling or texting in April and May 2022, including all phones that would have been used to communicate with an on-call provider or deputies. Please be sure to identify who each number belongs to and what type of phone it is.

**RESPONSE:** Objection. This interrogatory exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses. This interrogatory seeks information disproportionate from the needs of this case and available by less burdensome means. It is unduly burdensome for Wellpath to identify "all phone numbers" used by all the health care workers related to El Paso County Jail in April and May 2022. Furthermore, the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records, let alone their personal telephone numbers that are requested in this interrogatory. *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1983).

Plaintiff is asking for the phone numbers for the medical units phone numbers, phone numbers of phones workers carry around with them, phone numbers of on call providers, DON and HSA, so we can get the County phone logs and see who called whom when.

Nurse Lupo has responded that he used the intake phone, 719-390-2177 to contact the medical department phone, 719-390-2330. What other numbers were available to use by Wellpath staff? What are the numbers of the on-call providers?

**INTERROGATORY NO. 9**: Identify critical positions, and non-critical positions at the El Paso County Jail as discussed in the 2021 Renewal of the contract between El Paso County and Wellpath, and what positions were unfilled in each category in 2021 and 2022

**RESPONSE**: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad, unreasonably cumulative, not proportionate to the needs of the case, and can be obtained from a more convenient source. Subject to and without waiving the foregoing objection, this Defendant states that this interrogatory is best referred to the County.

The 2021 renewal of the Contract between Wellpath and El Paso said:

> *For unfilled critical positions, Contractor shall provide updates every two weeks
> recruiting efforts, in a format to be agreed upon, after 60 days of such position
> being unfilled. Contractor shall provide qualified temporary staff, which may include
> external or regional support, as appropriate in consideration of the duties of such
> position, as quickly as practicable*

We are conferring on what positions were considered "critical positions" and to be given the bi-weekly update on recruiting efforts.

John Holland Law Mail - ongoing discovery conferral with additional conferral items

Exhibit 18, Page 31

**REQUEST FOR PRODUCTION NO. 2**: Produce all documents and materials that depict, mention, reference, or relate to Mr. Canett, including records, photos, texts, e-mails, social media messages, diaries, notes, memos, faxes, and/or video or audio recordings.

Please confirm in response that you have searched your email, social media, and text messages, including any cloud or backup storage of deleted messages. If any such materials once existed but have been deleted or erased, please describe what once existed with as much particularity as you can.

**RESPONSE:** Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is unduly burdensome and it seeks information not in the possession, custody, or control of this Defendant. This request also exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is overbroad and most of it includes privileged attorney-client communications and attorney work product. Subject to and without waiving this objection, Defendants refer Plaintiff to those documents produced in the parties' initial F.R.C.P. 26(a)(1) Disclosures and produced herewith.

In addition, this Defendant produces in response to this request every non-privileged e-mail message in its possession that contained the word "Canett". See Def 000339-367. As noticed hitherto, Wellpath is in possession of numerous emails and other documents that "related to Mr. Canett" but are privileged attorney-client communications or contain attorney work product.

It appears from this answer that only the Wellpath emails have been searched and not individuals' phones or social medica accounts or the like. Is that the case? There is an implication that documents are withheld based on privilege, but it's not clear to me if they are on a log?

**REQUEST FOR PRODUCTION NO. 3**: Produce all text messages, social media messages, and emails in your possession relating to Mr. Canett, and all text messages between any individual defendants during the Subject Confinement. For the Corporate Defendant please produce any such messages relating to Mr. Canett by other Wellpath employees. While not all custodians are currently known, at a minimum please be sure to search the phones and emails of the HSA, DON, Medical Director, and any other supervisors in April 2022 and the following individuals have been searched: Melissa Cantu, MSM, Christine Mohr, M.D, Michael Mohr, NP, Alicia Reavis, Alan Taylor, Dr. Trivette, Christa Valdez. Please also confirm that each Individual Defendant has taken appropriate steps to preserve all text messages, social media messages, and emails related in any way to this litigation, to Mr. Canett, or to other incarcerated people.

**RESPONSE: Objection.** This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not reasonably calculated to lead to the discovery of relevant evidence. Additionally, these communications would be privileged in accordance with the attorney-client, attorney work product, and peer review and quality assurance statutes. See C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4). See also Posey v. District Court, 586 P.2d 36 (1978); Franco v. District Court, 641 F.2d 922 (Colo. 1982). Without waiving these objections and specifically including the e-mails produced in response to Request for Production No. 2, at the time of this Response, no responsive documents exist. Discovery is ongoing. If any responsive documents are identified, they will be reviewed for privilege, and produced in supplemental disclosures if no privilege applies.

It is not clear whether the phones and emails of the listed people have been searched, and whether individual defendant has taken steps to preserve all texts and other message and to search them. Please let us know if those searches have been done.

**REQUEST FOR PRODUCTION NO. 4**: Produce all documents and materials evidencing or relating to any complaint or expression of dissatisfaction with your work as a health care worker.

**RESPONSE**: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. This request is also vague and ambiguous as to the phrase "complaint or expression of dissatisfaction" and unduly burdensome as it seeks information from unknown persons of whom these Defendants are unaware that may

have expressed some dissatisfaction in private or outside the presence of these Defendants. Furthermore, the information requested intrudes upon the privacy rights of patients as well as the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records. Whalen v. Roe, 429 U.S. 589, 599 (1977); Denver Policemen's Protective Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981); Martinelli v. District Court in and for the City and County of Denver, 612 P.2d 1083 (Colo. 1983).

We are willing to limit, for now, this to seeking listings of lawsuits and state administrative procedures against Wellpath, and lawsuits, board of nursing complains, and grievances against individual defendants.

**REQUEST FOR PRODUCTION NO. 6**: Produce all documents and materials that mention or relate to Wellpath's or any Individual Wellpath Defendant's insurance coverage, including any communications about whether the insurance Wellpath provided proof of to El Paso County met the requirements of the County, whether those communications are internal or between El Paso County and Wellpath.
**RESPONSE: Objection.** This request is not relevant to the claims or defenses, overbroad, and unduly burdensome. Without waiving this objection, see Wellpath's initial F.R.C.P. 26(a)(1) Disclosures, specifically the insurance policy declaration statement produced as Def 000313-000314.

We don't believe we have any actual policy documents.  Please provide the policies themselves, including any excess policies. Please also make clear whether individual defendants have any insurance policies and provide those as well.

**REQUEST FOR PRODUCTION NO. 7:**  Produce each Individual Wellpath Defendant's entire personnel file, including any and all training records, complaints, grievances, disciplinary records, records reflecting dates of hire and change in title or position. Plaintiff is amenable to redactions for purely personal information such as dates of birth, home addresses, social security numbers, and other purely personal information. To the extent any individual defendant no longer works for Wellpath, produce all materials relating to your severance, including, but not limited to, any confidentiality agreements or payment of financial compensation over and above your base salary.
**RESPONSE**: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of this case. The request is vague and ambiguous with respect to the phrases "complaints" and "grievances" and overbroad as to time and scope. This request also seeks information that is privileged and may violate privacy rights of third-party inmates. Furthermore, the Individual Wellpath Defendant's maintain an expectation of privacy in their employment records. Whalen v. Roe, 429 U.S. 589, 599 (1977); Denver Policemen's Protective Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981); Martinelli v. District Court in and for the City and County of Denver, 612 P.2d 1083 (Colo. 1983).

Subject to and without waiving this objection, the personnel file and employment records of the Individual Wellpath Defendants are produced herewith, subject to redactions as prescribed above. See Def 000368-619.

We are asking the Court to order production of the redacted portions from Nurse Silva's personnel file, or in camera if not.

**REQUEST FOR PRODUCTION NO. 8**: Produce the staffing schedule, and documents sufficient to show every person providing healthcare in any capacity to inmates and detainees at El Paso County Jail during the Subject Confinement, showing the days, shifts, assignment, and hours when these persons worked. Please specifically be sure to include the HSA, the DON, any charge nurses, any RNs, any LPNs, any CNAs, any paramedics of any level, any Physicians, any Mid-Levels, and on-call providers. Please be sure to include all call lists and provider schedules in effect with regard to the El Paso County Jail during the Subject Confinement, showing the schedules of off-site on-call providers and names and contact information for the same.
**RESPONSE: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of**

the case. Subject to and without waiving this objection, Defendant produces its staffing matrix for El Paso County. *See* Def 000620-621.

When we asked last week for the actual staffing for the month in question, you pointed us to the document showing when temp staff were working, which does not tell us which Wellpath were on shift when. Please supplement that right away. We are also asking for not just the proposed staffing plan submitted with the bid for the contract, but the actual staffing schedules employed and what the staffing levels were.

**REQUEST FOR PRODUCTION NO. 10**: Produce any and all letters of concern, corrective action letters, notifications of deficiencies (Alert, Warning and/or Notice of Intent to Take Action) and other communications about Wellpath's staffing levels, quality of care, and fulfillment of the Contract requirements at El Paso County Jail from 2020 to present.

**RESPONSE**: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as overly broad and unduly burdensome, as it requests information from a time span of three years. This request also seeks information that is privileged and may violate privacy rights of third-party inmates. Moreover, the information requested is not proportional to the needs of this case. This request also seeks information facially privileged information non-discoverable pursuant to PSQIA. See 42 U.S.C. § 299b-22.

We don't understand the objection related to PSQIA for these documents, ask that a privilege log of any documents withheld based on that alleged privilege be provided along with a showing that the documents withheld based on that privilege were created *only* for a PSO, were actually submitted to a PSO, and when they were submitted. Further, this request seeks communications largely between El Paso and Wellpath, and it is very difficult to see how any of that could be privileged.

**REQUEST FOR PRODUCTION NO. 11**: Produce the minutes, agenda, and any summaries from all monthly or periodic nursing staff type meetings, Multidisciplinary Assessment Committee ("MAC") meetings, CQI meetings, and shift change or handoff meetings from 2020 through the first quarter of 2023. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE**: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, not proportional to the needs of the case, and seeks facially privileged information. Minutes, agenda, reports, and summaries sought are privileged and no subject to discovery. See C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4) (records, reports, and other information of a quality management program designed to identify, evaluate, and reduce ethe risk of patient or resident injury "shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding."). See also 42 U.S.C. § 299b-22. This request also seeks information that is privileged and may violate privacy rights of third-party inmates.

The state law privileges asserted don't apply in federal court, as we have discussed. To the extent there is a HIPAA concern, that can be handled through the HIPAA compliant protective order we have in place. Lastly, MAC meetings and CQI meetings rarely in our experience reference individuals and are usually trend focused.

**REQUEST FOR PRODUCTION NO. 13**: Produce all mortality reviews, morbidity reports, root cause analyses, sentinel event reports, or any similar type of internal investigations or reviews relating to any serious injuries or deaths in the El Paso County Jail since the time Wellpath started providing medical services in the facility to the present and in any facility at which Wellpath provides the medical services from 2017-2022. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE: Objection**. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses, is overbroad, is not proportional to the needs of the case, and seeks facially privileged information. It is unreasonable and unduly burdensome to request over 5 years

of information unrelated to this case. Moreover, Reviews of the quality of care provided by health care professionals and internal investigations conducted by Wellpath are not discoverable. See C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4) (records, reports, and other information of a quality management program designed to identify, evaluate, and reduce ethe risk of patient or resident injury "shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding."). This request also seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery. See 42 U.S.C. § 299b-22. Subject to and without waiving the foregoing objection, these Defendants refer Plaintiff to the following Policies produced herewith: HCD-100  A-09A Morbidity   El Paso CO and HCD-100  A-09 Procedure in the Event of a Death   El Paso CO. See Def 000661-673.

See above for our position on Mr. Canett's review Part III. We are entitled to the reviews of the other deaths at Wellpath at El Paso.  We are entitled to those outside El Paso also, but we were willing to come to a compromise to limit this compel effort to the deaths at El Paso during the Wellpath contract.  As Wellpath has indicated that it will not produce any mortality reviews voluntarily, we will be asking the Court to compel on additional mortality reviews from the complaint.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents and materials related to the El Paso County Inmate Medical Services contract, subsequent renewals, and terminations concerning the contracts from 2019 to the present. Please be sure to the following categories and all exhibits, attachments, addenda, question and answer forms, and supplements.

· The Request for Proposals for Inmate Medical Services;

· All proposals received in response to the RFP for providing health care services at the El Paso County Jail;

· Negotiations of any kind between the County or any representative and Wellpath or any other correctional health care company (including documents that mention or relate to Wellpath's insurance coverage, about allowing the insurance requirement to be met with the documents Wellpath produced, whether those communications are internal or between El Paso County and Wellpath);

· the Contract with all attachments, including renewals, communications relating to the Contract and renewals, fee schedules, billing, staffing plans, and any amendments or extensions of the Contract.

**RESPONSE: Objection.** This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. Additionally, this request seeks information that can be obtained from another source. It further seeks communications privileged in accordance with the attorney-client and attorney work product doctrine. No element of Wellpath's finances is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs. Leidholt v. District Court of Denver, 619 P.2d 768 (Colo. 1980).
Subject to and without waiving this objection, the El Paso County Inmate Medical Services contract, and subsequent renewals and extension and amendments by Wellpath are produced herewith and redacted in accordance with the expectations and rights to privacy in its financial affairs as noticed above. See Def 001181-1595.

Defendants have produced the RFP and bid, which we all have publicly already.  We are asking for communications about the bid, renewals, amendments and termination of the contract. If we need to work on search terms and custodians, let us know.

**REQUEST FOR PRODUCTION NO. 16**: Produce all documents and materials relating to any budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail including, but not limited to, any actual or projected budget, budget line-items, budget breakdown by category, and documents or materials reflecting and analysis of actual costs and expenses relative to budget for the years 2020 through the present.

**RESPONSE**: Objection. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and is not proportional to the needs of the case. No element of Wellpath's finances is at issue in this case, and Wellpath has a right to privacy and protection from harassment by an intrusion into its financial affairs. Leidholt v. District Court of Denver, 619 P.2d 768 (Colo. 1980).

Subject to and without waiving this objection, this Defendant refers Plaintiff to its document production in response to Request for Production No. 15, for example, which contains responsive information as to its budget for operations in connection with providing health care services for inmates and/or detainees at the El Paso County Jail.

Wellpath refers us to the bid and proposal, but that doesn't contain any communications about the budget, what the budget actually was, any billing, or projections on expenses and the like.  This question is not about Wellpath's finances (which are at issue in this lawsuit) this is actually about the budget to run the clinic in question.

**REQUEST FOR PRODUCTION NO. 17**: Produce all documents reflecting or relating to any communications between any representative of EPSO and any representative of Wellpath or any other correctional health care company relating to the following Reporting required by the RFP or Bid since January 1, 2020 to the present:

      a. Narrative report of emergency hospital transports (RFP H.c.);

      b. Staffing positions unfilled (RFP H.e.);

      c. Medical incident reports (H.f.);

      d. Monthly reports (H.m.);

      e. Statistical reports (H,k.);

      f. Quality assurance reports (H.o.);

      g. Wellpath's monthly report of inmate grievances (section 4.3.5 of proposal and B.21.c. of RFP);

      h. Any summaries or compilations of inmate kites from 2022.

**RESPONSE: Objection**. This request exceeds the permissible scope of F.R.C.P. 26(b) as the information requested is not relevant to any claims or defenses and can be obtained from another source in discovery. Additionally, these communications would be privileged in accordance with the attorney-client, attorney work product, and peer review and quality assurance statutes. See C.R.S. § 12-30-204(11)(a); C.R.S. § 25-3-109(4). This request also seeks facially privileged information non-discoverable pursuant to the Patient Safety and Quality Improvement Act (PSQIA). Patient safety work product is privileged and not subject to discovery. See 42 U.S.C. § 299b-22. Without waiving these objections, Wellpath refers Plaintiffs to the documents produced in response to Request for Production No. 15 and those to be produced by the County.

These are documents that have to be produced pursuant to the contract between Wellpath and the County, there is no basis to withhold them.

On Thu, Feb 1, 2024 at 4:11 PM Robert McLeod <rmcleod@hallboothsmith.com> wrote:

Hi Anna,

Please see my responses below in red. We provided our discovery responses November 27.

**Robert McLeod**
Attorney at Law | Hall Booth Smith, P.C.

| **O:** 303.773.3500 | 5445 DTC Parkway, Suite 900 |
| **D:** 303.874.3450 | Greenwood Village, CO 80111 |
| | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Tuesday, January 30, 2024 4:50 PM
**To:** Robert McLeod <rmcleod@hallboothsmith.com>
**Cc:** Nathan Whitney <NathanWhitney@elpasoco.com>; Brooke Thiele-LaForest <brooke@hheglaw.com>; Steven Martyn <StevenMartyn@elpasoco.com>; Bryan Schmid <BryanSchmid@elpasoco.com>; Chris Strider <ChrisStrider@elpasoco.com>; Paul Faraci <pfaraci@faracileasure.com>; Brenda S. McClearn <BMcClearn@hallboothsmith.com>; Doherty, Ryan D <ryan.doherty@coloradosprings.gov>; Sara Metz <SaraMetz@elpasoco.com>; Dee Lambert <DeeLambert@elpasoco.com>; Meleah Williams <MeleahWilliams@elpasoco.com>; Adrienne Abatemarco <aabatemarco@faracileasure.com>; cwood@faracileasure.com; blacombe@faracileasure.com; Bridgett Baxter <bbaxter@faracileasure.com>; sattia@faracileasure.com; Lorie Whalen <LWhalen@hallboothsmith.com>; Gail Spence <GSpence@hallboothsmith.com>; Katherine Dandy <KDandy@hallboothsmith.com>; Dixie Child <DChild@hallboothsmith.com>; Lamphere, Erik <erik.lamphere@coloradosprings.gov>; JoHansen, Terry <terry.johansen@coloradosprings.gov>; Erica Grossman <erica@hheglaw.com>; Dan Weiss <dan@hheglaw.com>; Rachel Kennedy <rachel@hheglaw.com>
**Subject:** Re: Canett - Wellpath's First Discovery Supplementation [IMAN-DMS.FID175303]

Hi Rob -- We have spoken a few times about Part III of the mortality review.  We need this before the depositions next week, please provide this prior to the depositions next week.

- We have spoken about this and as I indicated previously my office is not in possession of a Part 3 as it is facially privileged patient safety material. We have produced Parts 1 and 2. We have and will continue to claim privilege over Part 3 pursuant to PSQIA – as you know patient safety work product is non-discoverable and privileged. 42 U.S.C. 299b-22. During our discussions I did inform you that Wellpath is a member of the Center for Patient Safety PSO. I have requested Part 3 from my client. Once I have Part 3, I will appropriately log it and claim privilege as described over the same.

You withdrew this claim of privilege.  In order for a PSQIA privilege to attach, the document would have to be produced entirely for the PSO, which you have already confirmed is not the case for this document.  I am not aware of any legitimate basis to claim that part of a document is covered by PSQIA when another part is not.  I do not agree that Wellpath has maintained that that privilege covers Part III, and instead, conversations have been about whether it exists and that you haven't seen it yet. To the extent Wellpath was going to argue it was covered by PSQIA, that has been waived, but it was not a valid object to begin with.  We will ask the Court to compel on this.

Have you produced somewhere a list of who was working April 24 to 27, 2022? I might be missing this, please produce this or tell me where it is?

- WP identified individual temporary staff in response to Int. 10 as Def 000315. The staffing schedule headcount was produced as Def 000620-621.

    Def 315 as I understand it is a list of temp staff working various times, we are looking for the staffing schedule of who was actually on in April 2021.  Def 620 to 621 is not a headcount, it was a proposal of what staffing they would provide if they got the Contract and doesn't purport to tell us anything about who specifically was on staff during April of 2021.
-

I see you have produced some personnel documents, but there is a redacted portion in LPN Silva's personnel file -- it purports to be redacted because of third party medical information.  Can you reconsider this before Nurse Silva's deposition? We have a protective order and you can redact names for now, but it appears this concerns other inmate care by LPN Silva, and there is no basis to withhold or redact it for discovery purposes.

- We have produced the entire personnel files for the named WP employees, including Nurse Silva. However, you have only made a deliberate indifference claim against Nurse Silva. That claim turns solely on whether she had a subjective awareness of Mr. Canett's allegedly serious objective medical need. The redacted portion pertaining to care provided to other inmates encompassed in your request for personnel files including "any and all training records, complaints, grievances, [and] disciplinary records" is therefore not relevant to your claim against nurse Silva and is facially overbroad. In addition to being irrelevant, evidence of past care or misconduct is simply character evidence which is inadmissible under FRE 404(a)(1). Similarly, you have not made a claim against nurse Silva or WP as to failure to train or supervise here. Instead, only the broad allegation of undescribed deliberately indifferent policies against WP are made in the Complaint. Thus, the request for "any and all training records, complaints, grievances, [and] disciplinary records" is overbroad and not relevant. This redacted material is not relevant to your claims against WP because your claims against its employees are based on their own actions that allegedly caused Mr. Canett's injuries, not any purported failure to train or supervise. Nor is it sufficient to rely on your attempt to disregard clear 10th circuit precedent that respondeat superior does not apply to private entities in 1983 cases. *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005). Therefore, for these reasons this materials is not relevant and appropriately redacted.

    Ok, we will move to compel on this.
-

Also, I don't see that we have signature pages for the individual defendants, can you send me those?

- Yes.

    Thank you, we need these of course before the depos.
-

Thanks

Anna

Case No. 1:23-cv-01211-DDD-MDB   Document 148-18   filed 11/06/24   USDC Colorado
pg 38 of 84

On Tue, Jan 9, 2024 at 4:00 PM Anna Holland Edwards <anna@hheglaw.com> wrote:   Exhibit 18, Page 38

> Thanks Rob,
>
>
> This form does have an additional part -- Part III, which contains conclusions and recommendations. There usually
> also a timeline and some factual information that is gathered. Can you ask your client for those?
>
> Thanks
>
> Anna
>
>
>
> On Tue, Jan 9, 2024 at 2:44 PM Robert McLeod <rmcleod@hallboothsmith.com> wrote:
>
>> Good afternoon all,
>>
>> Wellpath is withdrawing its claim of privilege for the attached part 1 and 2 morbidity and mortality documents for
>> Mr. Canett, stamped Def_001177-80, and produced here. If you have any questions or concerns please contact
>> my office.
>>
>> Thanks,
>>
>> Rob
>>
>> **Robert McLeod**
>> Attorney at Law | Hall Booth Smith, P.C.
>>
>> O: 303.773.3500      5445 DTC Parkway, Suite 900
>> D: 303.874.3450      Greenwood Village, CO 80111
>>                      hallboothsmith.com
>>
>>  ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
>> MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
>> NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE
>>
>> CONFIDENTIALITY NOTICE  This email message is for the sole use of the intended
>> recipient(s) and may contain confidential and privileged information. Any unauthorized
>> review, use, disclosure or distribution is prohibited  If you are not the intended recipient,
>> please contact the sender by reply email and destroy the original message and any
>> copies
>
>
>
>
> --
>
> Anna Holland Edwards
> Holland, Holland Edwards & Grossman, LLC
> 1437 High Street
> Denver, CO 80218
> 303-860-1331

303 832 6506 (fax)
anna@hheglaw.com


Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.


--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303 832 6506 (fax)
anna@hheglaw.com


Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.


--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303 860 1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

**UKG Inc.**
900 Chelmsford Street
Lowell, MA 01851
T: 978-250-9800
ukg.com



April 8, 2024

**VIA EMAIL:** *dan@hheglaw.com*
Dan Weiss, Esq.
Holland, Holland Edwards and Grossman, LLC
1437 High St.
Denver, CO 80218

Re:    Subpoena issued in *Canett v. Wellpath*, Civil Action No. 23-cv-1211

Dear Attorney Weiss,

UKG, Inc. ("UKG"), is in receipt of the subpoena issued on February 13, 2024, and served on February 15, 2024 in connection with the above-referenced matter (the "Subpoena").

UKG, a non-party, objects to the Subpoena on the grounds that it seeks documents and information that (assuming such data is available) are equally available and, in the possession, custody, and control of the defendant, Wellpath. It is unreasonable for a requesting party to seek documents from a non-party when potentially responsive documents may be obtained from a party to the matter. UKG does not own or control its customers' employee data.  Insofar as the subpoenaed data remains available and accessible through the UKG software, it would be Wellpath that has the ability and right to gather and produce that data.

In addition, UKG objects to the Subpoena on the grounds that it is unreasonably overbroad in that it requests one year of both payroll and time/attendance records for all employees. UKG also objects on the grounds that it would be extremely costly to collect and produce the requested data (assuming such data is available and that Wellpath gave UKG permission to collect and produce it).

Given that it is unduly burdensome to impose requests on UKG that require it to collect third party employee data that it neither owns or controls, and the fact that Wellpath is in possession or control of any relevant data, we would advise you to follow up with Wellpath to obtain the documents.

UKG reserves the right to assert additional objections to the Subpoena.

Sincerely,

*Heather Cuesta*

Heather Cuesta
Sr. Litigation Paralegal

CC: *brooke@hheglaw.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

      Plaintiff,

v.

WELLPATH, LLC;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

      Defendants.

_____

**PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS TO WELLPATH RELATED DEFENDANTS**

_____

Plaintiff, by and through its undersigned attorneys, hereby submit this Second Set of Discovery Requests to Wellpath Related Defendants, as specified below.

## I.   DEFINITIONS AND INSTRUCTIONS

The following definitions shall be applied to all words, phrases, and terms used in these Requests:

1.     "Wellpath Related Defendants" refers to Wellpath, LLC, Anthony Lupo, Michelle Silva, and Makayla Patterson.

2.     "Wellpath" includes Wellpath, LLC and any other companies controlled by or operating pursuant to the direction or authority of Wellpath, and includes any d/b/a's under which Wellpath operates or has operated within the relevant time frame specified in each request,

pg 42 of 84

Exhibit 18, Page 42

14.     "Incident" includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

15.     If you contend that any document, material or request for information called for in these discovery requests is protected by HIPPA or any other similar state or local law, please redact all information identifying the patient, and produce the document, material or information in redacted form subject to further discussions and/or court order about whether the document, material or request for information should be produced subject to an appropriate protective order in an unredacted form.

### III.    REQUESTS FOR PRODUCTION

**TO WELLPATH, LLC, only:**

<u>REQUEST FOR PRODUCTION NO. 23</u>: Please produce all time, attendance and payroll records for all Wellpath personnel working at the El Paso Criminal Justice Center, from six months before Mr. Canett's death through six months after his death.

Respectfully submitted this 9th day of April, 2024

> */s/ Dan Weiss*
> Dan Weiss
> Anna Holland Edwards
> Erica Grossman
> HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
> 1437 High Street
> Denver, CO 80218
> dan@hheglaw.com
> *Attorneys for Plaintiff*

 Gmail

Anna Holland Edwards <anna@johnhollandlaw.com>

---

# Re:
1 message

---

**Anna Holland Edwards** <anna@hheglaw.com>                    Wed, May 1, 2024 at 2:06 PM
To: Robert McLeod <rmcleod@hallboothsmith.com>, Dan Weiss <dan@hheglaw.com>

Ok, thanks.  If you can't generate it, let me know so we can talk to Kronos about it -- mainly I'm just trying to avoid court intervention on basic matters ...

On Wed, May 1, 2024 at 1:49 PM Robert McLeod <rmcleod@hallboothsmith.com> wrote:

Thanks Anna. As discussed, I've requested a "time detail" for October 26, 2021, to October 26, 2022. If we can generate this, I will produce it.

**Robert McLeod**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 303.773.3500          5445 DTC Parkway, Suite 900
**D:** 303.874.3450          Greenwood Village, CO 80111
                             hallboothsmith.com

  ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

---

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Wednesday, May 1, 2024 1:31 PM
**To:** Robert McLeod <rmcleod@hallboothsmith.com>
**Subject:**

here is the response, we are asking that you either provide these directly or instruct them to ...

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.


--
------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.



Anna Holland Edwards <anna@johnhollandlaw.com>

---

# Re: Re:
1 message

---

**Anna Holland Edwards** <anna@hheglaw.com>                    Wed, May 8, 2024 at 8:50 AM
To: Robert McLeod <rmcleod@hallboothsmith.com>
Cc: Dan Weiss <dan@hheglaw.com>

Let's talk this afternoon. I thought you were really dorecting the other company to give it to us.

On Wed, May 8, 2024, 8:31 AM Robert McLeod <rmcleod@hallboothsmith.com> wrote:

I am still waiting to hear back from Wellpath on whether they can generate this time detail. Our responses to RPD 2 are due tomorrow – do you oppose a 2 week extension?

**Robert McLeod**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 303.773.3500              5445 DTC Parkway, Suite 900
**D:** 303.874.3450              Greenwood Village, CO 80111
                                hallboothsmith.com



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA**
**MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA**
**NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

---

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Wednesday, May 1, 2024 2:06 PM
**To:** Robert McLeod <rmcleod@hallboothsmith.com>; Dan Weiss <dan@hheglaw.com>
**Subject:** Re:

Ok, thanks. If you can't generate it, let me know so we can talk to Kronos about it -- mainly I'm just trying to avoid court intervention on basic matters ...

On Wed, May 1, 2024 at 1:49 PM Robert McLeod <rmcleod@hallboothsmith.com> wrote:

Thanks Anna. As discussed, I've requested a "time detail" for October 26, 2021, to October 26, 2022. If we can generate this, I will produce it.

**Robert McLeod**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 303.773.3500          5445 DTC Parkway, Suite 900
**D:** 303.874.3450          Greenwood Village, CO 80111
                             hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE  This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited  If you are not the intended recipient,
please contact the sender by reply email and destroy the original message and any
copies

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Wednesday, May 1, 2024 1:31 PM
**To:** Robert McLeod <rmcleod@hallboothsmith.com>
**Subject:**

here is the response, we are asking that you either provide these directly or instruct them to ...

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at
this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation
or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any
potential claims that you may have.

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331

303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

       Plaintiff(s),

v.

WELLPATH, LLC;
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO COUNTY,
COLORADO;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;
MAKAYLA PATTERSON, individually;
JENNENE SCOTT, individually;

       Defendant(s).

---

**DEFENDANT WELLPATH, LLC's FOURTH SUPPLEMENTAL
RULE 26(a)(1) DISCLOSURES**

---

       Defendant Wellpath, LLC by and through undersigned counsel, submits the following

Fourth Supplemental Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil

Procedure:

**(ii).**    **DOCUMENTS, DATA COMPILATION, AND TANGIBLE THINGS**

       1.    CONFIDENTIAL Wellpath hours worked and timesheet from October 26, 2021 to

October 26, 2022, produced herewith as Bates Nos. Def 002027.

Dated: June 14, 2024.              Respectfully submitted,

                                    */s/ Robert McLeod*
                                    Robert R. McLeod

Brenda S. McClearn
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
*Attorneys for Defendants Wellpath, LLC,*
*Michelle Silva, and Makayla Patterson*

## CERTIFICATE OF SERVICE

Civil Action No. 1:23-cv-01211-DDD-MDB

I hereby certify that on this 14th day of June, 2024, I electronically served a true and complete copy of the foregoing to the e-mail addresses for the following:

Anna Holland Edwards
Erica T. Grossman
John Holland
Dan Weiss
Rachel Kennedy
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
erica@hheglaw.com
dan@hheglaw.com
*Attorneys for Plaintiffs*

Nathan J. Whitney
Bryan E. Schmid
Steven Martyn
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
nathanwhitney@elpasoco.com
bryanschmid@elpasoco.com
stevenmartyn@elpaso.com
*Attorneys for El Paso County Defendants*

Paul A. Faraci
FARACI LEASURE, LLC
4500 Cherry Creek Drive South
Suite 675
Glendale, CO 80246
pfaraci@faracileasure.com
*Attorney for Defendant Lupo*

Erik Lamphere
Ryan D. Doherty
Colorado Springs City Attorney's Office
30 S. Nevada Avenue. Suite 501
Colorado Springs, CO 80903
erik.lamphere@coloradosprings.gov
ryan.doherty@coloradosprings.gov
*Attorneys for Defendant Scott*

Brandon P. Hull
Jeremy B. Goldblatt
Overturf, McGath & Hull, P.C.
625 E. 16th Ave.
Denver, CO 80203
bph@omhlaw.com
jbg@omhlaw.com
*Attorneys for Defendant Sheriff Joseph*
*Royball, in his official capacity*

*/s/ Dixie Child*
Dixie Child

2

10/22/24, 12:01 PM                          John Holland Law Mail - Re: Canett

Exhibit 18, Page 50



Anna Holland Edwards <anna@johnhollandlaw.com>

---

## Re: Canett

1 message

---

**Anna Holland Edwards** <anna@hheglaw.com>                    Wed, Jul 3, 2024 at 10:27 AM
To: Robert McLeod <rmcleod@hallboothsmith.com>

K fun.

Congrats on the move and good luck with next everything!

On Wed, Jul 3, 2024, 10:24 AM Robert McLeod <rmcleod@hallboothsmith.com> wrote:

> Another attorney from Hall Booth Smith will be entering an appearance today. I have not received any
> further response to my requests and follow ups for dates/deponents in response to the 30b6 notice or
> information to interpret the staffing documents. I have this flagged for attention for those coming into the
> case.
>
>
> No - as to the direct link to Chris at this time.
>
>
>
>
> **Robert McLeod**
> Attorney at Law | Hall Booth Smith, P.C.
>
> **O:** 303.773.3500          5445 DTC Parkway, Suite 900
> **D:** 303.874.3450          Greenwood Village, CO 80111
>                              hallboothsmith.com
>
> 
> ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
> MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
> NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE
>
> CONFIDENTIALITY NOTICE: This email message is for the sole use of the
> intended recipient(s) and may contain confidential and privileged information.
> Any unauthorized review, use, disclosure or distribution is prohibited. If you
> are not the intended recipient, please contact the sender by reply email and
> destroy the original message and any copies.
>
> ---
>
> **From:** Anna Holland Edwards <anna@hheglaw.com>
> **Sent:** Wednesday, July 3, 2024 10:14 AM
> **To:** Robert McLeod <rmcleod@hallboothsmith.com>
> **Subject:** Re: Canett
>
>
> did the afternoon conversations yield anything or should i do (another) letter to chambers to have (another) hearing?
>
>
> Said nicely.

10/22/24, 12:01 PM                              John Holland Law Mail - Re: Canett

On Tue, Jul 2, 2024 at 1:50 PM Robert McLeod <rmcleod@hallboothsmith.com> wrote:    Exhibit 18, Page 51

These conversations are happening this afternoon. As of now no, unfortunately.

**Robert McLeod**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 303.773.3500        5445 DTC Parkway, Suite 900
**D:** 303.874.3450        Greenwood Village, CO 80111
                          hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE  This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited  If you are not the intended recipient,
please contact the sender by reply email and destroy the original message and any
copies

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Tuesday, July 2, 2024 10:01 AM
**To:** Robert McLeod <rmcleod@hallboothsmith.com>
**Subject:** Canett

Hi Rob -- Any movement on the things we talked about (30b6, meaning of the staffing documents, a more direct like
to Chris)?

Thanks
Anna

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at
this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation
or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any
potential claims that you may have.

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303 832 6506 (fax)
anna@hheglaw.com


Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we
are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation
of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that
you may have.



Anna Holland Edwards, Esquire

Dan Weiss, Esquire

Holland, Holland Edwards & Grossman, LLC

1437 High Street

Denver, CO 80218


RE:  Cristo Canett Defense Expert Reports


Dear Attorneys Holland Edwards and Weiss,

I have received and reviewed the expert reports of Dr. Charles Fox, Dr. Jennie Buchanan, Dr. John Moore and registered nurse (RN) Claire Teske regarding the care provided to Cristo Canett while he was incarcerated at the El Paso Jail.  I have also received and reviewed the mortality reviews and investigations for Gibbs, Hudson, Murray, Ramirez and Williams, and the investigation for Poppell, and the Wellpath 2022 time spreadsheet for staff at the El Paso County Jail.  Reading these documents does not change my opinions in this matter.


Dr. Fox stated in his report that the standard of care was met from a gastroenterological perspective.  He further stated that the care provided by licensed practical nurse (LPN) and Charge Nurse Silva met the applicable standard of care based on the "multiple reports and notes" within the documents he reviewed that were listed in his report. It is notable that my report was not reviewed prior to Dr. Fox forming his opinions.  However, Dr. Fox failed to specifically state how LPN Charge Nurse Silva's actions met the standard of care.  Dr. Fox opined that it was appropriate for LPN Charge Nurse Silva to rely on Mr. Canett's diagnosis from April 14th (10 days prior to this incarceration) in directing Mr. Canett's care at the El Paso County Jail.  From this statement, it is clear that Dr. Fox does not know the nursing standard of care for an LPN, as LPNs do not direct patient care, they conduct tasks directed to them by either an RN or a provider.  Further, Mr. Canett sought medical care in the emergency department on April 24, 2022, but was never seen.  It would not be prudent for any caregiver to assume that Mr. Canett's past diagnosis was appropriate for this episode of complaints without an evaluation.

1

individuals listed above was congruent with this same pattern of ignoring serious medical needs.

Laura Gibbs' death similarly happened after deputies asked healthcare staff to check on her and she was reporting symptoms consistent with withdrawal. Even though she had a history of alcohol use, she was not put on a CIWA protocol. In his report included in the investigation of her death, Deputy Turner described trying to get medical attention for Ms. Gibbs the day before she died. Deputy Turner spoke with the Chemical Dependency Nurse who said she'd check on Ms. Gibbs when she came up for chem dep evaluations. However, "due to being swamped," the Chemical Dependency Nurse did not go to the unit but rather called for the patients to be brought to the medical unit for their chem dep checks to be done. Unfortunately, Ms. Gibbs was not on Chem Dep list, and so she was not sent down. Deputy Turner described having to make several attempts to get medical attention for Ms. Gibbs.

Savannah Poppell, Cassandra Ramirez, and Daniel Murray all had changes in condition while in withdrawal that were not assessed or treated. Both Ms. Poppell and Ms. Ramirez were having issues with loss of control of bowel and bladder during withdrawal without apparently receiving medical attention for those serious symptoms. Ms. Poppell was vomiting and was a Type 1 diabetic. The deputy reports regarding Savannah Poppell are very concerning, as is the fact that Wellpath does not have a mortality review related to her death. Wellpath did not manage her diabetes, respond to her prolonged vomiting, or otherwise help her with her obvious serious symptoms until she vomited so much that she tore her esophagus and bled to death.

Daniel Murray also died after his hallucinations were treated as 'behavioral.' Deputies called medical to ask about Mr. Murray's last withdrawal checks and were only told that he had been refusing medications. Healthcare staff failed to respond and evaluate his change in condition.

The conditions surrounding these deaths are congruent with the patterns described by the deputies, LPN Silva, and EMT Patterson in Mr. Canett's case - "delay in getting meds, delay in getting kites reviewed, delay in getting nurse assessments, delay in getting to a doctor, and delay in getting to a hospital."

The staffing spreadsheet that has been recently provided in Mr. Canett's matter is difficult to read because it doesn't contain punch in/punch out details or otherwise make clear what shift a given individual was

working.  LPN Silva testified that Wellpath gave $5 extra per shift when she was required to function as the Charge Nurse. The spreadsheet includes that LPN Silva has "CHG$5.00" listed under the column for PayCodeName on the days she testified she was the Charge Nurse during Mr. Canett's incarceration.

When the spreadsheet is sorted to only include LPNs who received the CHG$5.00 pay differential, it reflects that on 223 shifts that year LPNs were paid the Charge Nurse differential. This supports the widespread testimony that most nights an LPN was the Charge Nurse.  It also appears from the spreadsheet that on at least 12 shifts a QMAP (a certification that only allows the individual to administer medications, but never to make nursing decisions or provide nursing care to patients) received the Charge Nurse pay differential.  If Wellpath did assign Charge Nurse duties to QMAPs, then it significantly deviated from the applicable standard of care and placed all individuals incarcerated at the El Paso Jail on those days at risk of serious harm. I will supplement this opinion as I receive more information regarding how to interpret the data.

My opinions and findings are made to a reasonable degree of nursing and administrative certainty and are based upon the records reviewed.  I hereby reserve the right to amend, supplement, or withdraw my opinions based upon future discovery and depositions of the relative parties that may be provided to me.

Respectfully Submitted on July 5, 2024.

_Lori E. Roscoe_
_____

Lori E. Roscoe, DNP, PhD, APRN, ANP-C, CCHP-RN

10/22/24, 12:03 PM                    John Holland Law Mail - Re: Canett 30b6



Anna Holland Edwards <anna@johnhollandlaw.com>

---

## Re: Canett 30b6
1 message

---

**Anna Holland Edwards** <anna@hheglaw.com>                                    Wed, Jul 17, 2024 at 3:53 PM
To: Katherine Dandy <KDandy@hallboothsmith.com>
Cc: Dan Weiss <dan@hheglaw.com>, "erica@hheglaw.com" <erica@hheglaw.com>, Brooke Thiele-LaForest
<brooke@hheglaw.com>, Dixie Child <DChild@hallboothsmith.com>

> Thanks for the update Kathy. Trying to give you an opportunity to get your feet wet, but also worried about discovery cut off which is under a month away at this point.
>
> Let me know if you have a minute to talk soon.
> Anna

> On Tue, Jul 16, 2024 at 8:58 AM Katherine Dandy <KDandy@hallboothsmith.com> wrote:
>
>> Hi Anna – I haven't forgot about this. I should have names and dates of availability to you shortly. I believe we will be producing the HSA at the time to discuss staffing, kite process. We are working on getting a second witness to speak to agreements with the County and the renewal process in early 2019.
>>
>> Still working on your request for a "key" to the staffing data.
>>
>> Thanks for your patience,
>>
>> Kathy
>>
>> **Katherine Dandy**
>> Attorney at Law | Hall Booth Smith, P.C.
>>
>> **O:** 980.859.0380         11215 N. Community House Rd, Suite 750
>> **D:** 980.949.7825         Charlotte, NC 28277
>>                            hallboothsmith.com
>>
>>   ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
>>                       MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
>>                       NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE
>>
>> CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

--
------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street

Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.



## Conferral on limited extension of discovery to address outstanding issues

1 message

**Anna Holland Edwards** <anna@hheglaw.com>                                      Fri, Aug 2, 2024 at 11:20 AM
To: cwood@faracileasure.com, Bryan Schmid <bryanschmid@elpasoco.com>, Gail Spence
<GSpence@hallboothsmith.com>, Steven Martyn <StevenMartyn@elpasoco.com>, Robin Daitch
<RDaitch@hallboothsmith.com>, Brandon Hull <bph@omhlaw.com>, Cantrice Hart <chart@hallboothsmith.com>, Brooke
Thiele-LaForest <brooke@hheglaw.com>, Meleah Williams <meleahwilliams@elpasoco.com>, Rachel Kennedy
<rachel@hheglaw.com>, Bridgett Baxter <bbaxter@faracileasure.com>, blacombe@faracileasure.com, Dan Weiss
<dan@hheglaw.com>, Jeremy Goldblatt <jbg@omhlaw.com>, Dee Lambert <DeeLambert@elpasoco.com>, Paul Faraci
<pfaraci@faracileasure.com>, Erica Grossman <erica@hheglaw.com>, Michelle Capdeville <mc@omhlaw.com>, Nathan
Whitney <NathanWhitney@elpasoco.com>, Phil Friduss <PFriduss@hallboothsmith.com>, Sara Metz
<SaraMetz@elpasoco.com>, Katherine Dandy <KDandy@hallboothsmith.com>, Dixie Child <DChild@hallboothsmith.com>,
Adrienne Abatemarco <aabatemarco@faracileasure.com>, Lorie Whalen <LWhalen@hallboothsmith.com>,
sattia@faracileasure.com, Brenda McClearn <BMcClearn@hallboothsmith.com>, Chris Strider <chrisstrider@elpasoco.com>

Hi Everyone,

As you all know, Wellpath counsel has changed a few times this summer and there are some issues that have not been
resolved as a result.  Discovery is supposed to close on August 12.

We need to get the outstanding issues resolved but also are not willing to keep general discovery open past the deadline.

We are asking everyone's position on a limited modification to the scheduling order to <u>allow the following depositions to be
taken after August 12</u>:

- 30b6 witnesses for Wellpath.  We are being told the designee is changing as to some topics and there will now be
  some objections put forth as to topic 3.  We will need time to resolve whether those objections are timely and,   if
  so, whether they are valid.
- HSA Christina Mohr, we were previously told she would be the designee and so agreed to wait and do her
  deposition once.  Now if she is not going to be the designee, we need to get that one arranged.
- Deputy/Sgt Brooks -- We have been trying to get the deputy staff scheduled but had a lot of trouble getting dates.
  We now understand Sgt. Brooks no longer works at the County and so we will need to subpoena him and can't use
  August 7 -- we need 14 days at least for that subpoena.

We also need the requested information to understand the spreadsheet of workers.  Rob was working on this, and then
Kathy was, and now I understand that Phil will look into it.

Because we will likely be in front of the Court, at least on the 30b6 objection issue, I am asking for 45 more days to
accomplish these depositions or until **September 26.**

These entity level discovery issues will likely require supplementation and so we also propose asking for 45 days to be
added to the 702 deadline and then dispositive deadlines, making those October 21, and October 25 respectively.

Phil has stated he likely agrees to this plan (after reviewing it here of course).

Nate and Jeremy, I doubt you have strong feelings about this given the settlement, right?

Paul and Charles, can you let us know your position?
Thanks
Anna


--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado
pg 59 of 84

Exhibit 18, Page 59

Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are
not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of
any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that
you may have.

10/22/24, 12:10 PM                                    John Holland Law Mail - Re: Cannett

Exhibit 18, Page 60

 Gmail

<span style="color:gray">Anna Holland Edwards &lt;anna@johnhollandlaw.com&gt;</span>

---

## Re: Cannett
1 message

**Anna Holland Edwards** &lt;anna@hheglaw.com&gt;                    Mon, Aug 5, 2024 at 11:52 AM
To: Phil Friduss &lt;PFriduss@hallboothsmith.com&gt;, Rachel Kennedy &lt;rachel@hheglaw.com&gt;, Katherine Dandy
&lt;KDandy@hallboothsmith.com&gt;
Cc: Robin Daitch &lt;RDaitch@hallboothsmith.com&gt;, "Brenda S. McClearn" &lt;BMcClearn@hallboothsmith.com&gt;

Hi Phil -- Thank you for the email.  The things I am needing are the things we discussed at length last week.  I also
discussed them at length with Rob and Kathy, and was told they had been requested, so I would like to think there are
emails to the client out there requesting those.

To lay it out again in writing:

We wanted the staffing documents for the year surrounding Mr. Canett's death that would show who was on staff when,
with a focus on learning which shifts had LPNs for charge nurses.  Previously we were given staffing documents that
showed punch in punch out times for the defendant employees for just the time period of Mr. Canett's incarceration.
These show in and out times, which all seem to support two twelve hour shifts a day.  The xcel spreadsheet provided of all
the staff for the six months before and six months after Mr. Canett's incarceration do not show punch in punch out times,
and seem to imply three shifts. The staffing matrix provided with the Bid for Proposal indicates taht nurses worked 12 hour
shifts meaning there would be two a day.  See, eg, Def 620 (Depo Exhibit 21).

Basically we need to know what times people were in the building, so we can know when there are no RNs.  We need to
know how many shifts there were (2 v 3) and how to tell which shifts those are from the spreadsheet.

Rob explained that at some point they changed systems and stopped generating the time detail reports as can be seen at,
eg, Def 1669 but could provide the time detail reports for the dates for which they were generated.  We asked him to get
us those, and we asked Kathy to get us those, and I asked you to get us those.  Those would at least help us make some
sense of the timing people were on shift.

If someone could explain the pay codes in the PayCodeName column, that would help.  They are listed as 2nd shift $1,
3rd Shift $2, CHG $5, Reg1, REg2 and Reg 3, and sometime Weekend1.

Regardless of stopping the Time Detail Reports, I am sure wellpath was keeping track of what actual hours were worked
and so we are asking for: 1. explanation of the terms in the spreadsheet, 2. all time detail reports that were generated
within that year period, and 3. all punch in/out reports or other methods of tracking hours worked after they switched
systems.

Thanks
Anna

On Sun, Aug 4, 2024 at 7:36 AM Phil Friduss &lt;PFriduss@hallboothsmith.com&gt; wrote:

> Anna, good morning.  Want to get you what is owed you.
>
>
> Would you please be so kind as to identify precisely what you believe WP Defs owe you in discovery?  I understand
> that we were supposed to produce "staffing documents" by mid-June but am somewhat unclear on just what that
> means.  An earlier joint status report indicates production is to be made of "staffing documents for the time period
> previously approved by the Court, six months before and six months after Mr. Canett's death."  Can you better define
> what is meant by this?
>
>
> Again, we will work to get you this information post haste.
>
>
> Thanks, talk soon.

10/22/24, 12:10 PM                    Gien Holland Law Mail - Re: Cannett

Exhibit 18, Page 61

Phil

## Phil Friduss

Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000            191 Peachtree Street NE, Suite 2900
**D:** 404.954.6959            Atlanta, GA 30303
                              hallboothsmith.com



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the
intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email and
destroy the original message and any copies.

--
------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are
not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of
any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that
you may have.

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado    pg 62 of 84

11/5/24, 5:01 PM    John Holland Law Mail - FW: Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

Exhibit 18, Page 62

 Gmail

Anna Holland Edwards <anna@johnhollandlaw.com>

## FW: Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

1 message

**Phil Friduss** <PFriduss@hallboothsmith.com>                    Tue, Aug 13, 2024 at 3:41 PM
To: Anna Holland Edwards <anna@hheglaw.com>

*The email below got stuck in my drafts. We discussed, but I would like to discuss again tomorrow. Thx.*

Wanted to circle back on the staffing documents. Just a little fuzzy in my mind at the moment – can you redirect me to the specifics of that which you are asking?

**Phil Friduss**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000
**D:** 404.954.6959

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
hallboothsmith.com

 ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Lorie Whalen <LWhalen@hallboothsmith.com>
**Sent:** Tuesday, August 6, 2024 6:17 PM
**To:** Phil Friduss <PFriduss@hallboothsmith.com>; Robin Daitch <RDaitch@hallboothsmith.com>; Cantrice Hart <chart@hallboothsmith.com>; Dixie Child <DChild@hallboothsmith.com>
**Subject:** FW: Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

**Lorie Whalen**
Legal Assistant | Hall Booth Smith, P.C.

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado
pg 63 of 84

11/5/24, 5:01 PM    John Holland Law Mail - FW: Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

Exhibit 18, Page 63

**O:** 303.773.3500
**D:** 303.874.3451

5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information  Any unauthorized review,
use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact
the sender by reply email and destroy the original message and any copies

**From:** COD_ENotice@cod.uscourts.gov <COD_ENotice@cod.uscourts.gov>
**Sent:** Tuesday, August 6, 2024 3:58 PM
**To:** COD_ENotice@cod.uscourts.gov
**Subject:** Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court - District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered by Holland-Edwards, Anna on 8/6/2024 at 3:57 PM MDT and filed on 8/6/2024

| | |
|---|---|
| **Case Name:** | Naranjo v. Wellpath, LLC et al |
| **Case Number:** | 1:23-cv-01211-DDD-MDB |
| **Filer:** | Elizabeth Naranjo |
| **Document Number:** | 110 |

**Docket Text:**
**Unopposed MOTION to Amend/Correct/Modify [98] Order on Motion to Amend/Correct/Modify,, by Plaintiff Elizabeth Naranjo. (Holland-Edwards, Anna)**

**1:23-cv-01211-DDD-MDB Notice has been electronically mailed to:**

Anna C. Holland-Edwards    anna@hheglaw.com, brooke@hheglaw.com, dan@hheglaw.com, erica@hheglaw.com, john@hheglaw.com, rachel@hheglaw.com

Brandon Philip Hull    bph@omhlaw.com, assistant@omhlaw.com, jp@omhlaw.com, mc@omhlaw.com

11/5/24, 5:01 PM     John Holland Law Mail - FW: Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado pg 64 of 84

Exhibit 18, Page 64

Brenda S. McClearn    bmcclearn@hallboothsmith.com, dchild@hallboothsmith.com, drippentrop@hallboothsmith.com, gspence@hallboothsmith.com, lwhalen@hallboothsmith.com

Bryan E. Schmid    bryanschmid@elpasoco.com, aprilwillie@elpasoco.com, briannaseifert@elpasoco.com, bschmidesq@q.com, deelambert@elpasoco.com, jaydahlstrom@elpasoco.com, meleahwilliams@elpasoco.com, sarametz@elpasoco.com, tarazemaitaitis@elpasoco.com

Dan Weiss    dan@hheglaw.com, anna@hheglaw.com, brooke@hheglaw.com, erica@hheglaw.com, john@hheglaw.com, rachel@hheglaw.com

Erica Tick Grossman    egrossman@johnhollandlaw.com, anna@hheglaw.com, brooke@hheglaw.com, dan@hheglaw.com, john@hheglaw.com, rachel@hheglaw.com

Jeremy Brent Goldblatt    jbg@omhlaw.com, gs@omhlaw.com, hm@omhlaw.com, jp@omhlaw.com

John E. Hall , Jr    jhall@hallboothsmith.com

Katherine Wilson Dandy    kdandy@hallboothsmith.com, dchild@hallboothsmith.com, lwhalen@hallboothsmith.com

Lindsey Warren Jay    lwj@omhlaw.com, eg@omhlaw.com, jp@omhlaw.com, mc@omhlaw.com

Nathan James Whitney    nathanwhitney@elpasoco.com, aprilwillie@elpasoco.com, briannaseifert@elpasoco.com, deelambert@elpasoco.com, jaydahlstrom@elpasoco.com, meleahwilliams@elpasoco.com, sarametz@elpasoco.com, tarazemaitaitis@elpasoco.com

Paul Andrew Faraci    pfaraci@faracileasure.com, aabatemarco@faracileasure.com, blacombe@faracileasure.com, cdenis@faracileasure.com, cwood@faracileasure.com, dcanada@faracileasure.com, sattia@faracileasure.com

Phillip Edward Friduss    pfriduss@hallboothsmith.com, dchild@hallboothsmith.com, llake@hallboothsmith.com, lwhalen@hallboothsmith.com

Rachel Claire Kennedy    rachel@hheglaw.com, anna@hheglaw.com, brooke@hheglaw.com, dan@hheglaw.com, erica@hheglaw.com, john@hheglaw.com, rachel@johnhollandlaw.com

Robin Esther Daitch    rdaitch@hallboothsmith.com

Ryan Douglas Doherty    ryan.doherty@coloradosprings.gov, amy.mckimmey@coloradosprings.gov, crystal.scranton@coloradosprings.gov, donnielle.davis@coloradosprings.gov, erik.lamphere@coloradosprings.gov, jessica.diaz@coloradosprings.gov, kari.vollaire@coloradosprings.gov, Terry.JoHansen@coloradosprings.gov

Steven Ward Martyn    stevenmartyn@elpasoco.com, aprilwillie@elpasoco.com, briannaseifert@elpasoco.com, deelambert@elpasoco.com, meleahwilliams@elpasoco.com, sarametz@elpasoco.com, tarazemaitaitis@elpasoco.com

**1:23-cv-01211-DDD-MDB Notice has been mailed by the filer to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=8/6/2024] [FileNumber=9801185-0]
[6382f4aa3e0894d7d1f30c6fd7d2b898772a947ad894fff817fde5098357ad2af15c
eb24d06a94ce98af68222a2b36f8435fb1d0face01598bd267ac40aaf577]]

11/5/24, 5:01 PM          John Holland Law Mail - FW: Activity in Case 1:23-cv-01211-DDD-MDB Naranjo v. Wellpath, LLC et al Motion to Amend/Correct/Modify

Case No. 1:23-cv-01211-DDD-MDB     Document 148-18     filed 11/06/24     USDC Colorado
pg 65 of 84

Exhibit 18_Page 65

**110 - Plaintiff's Unopposed Mot to Amend Scheduling Order to Allow Completion of Plaintiff's Requested Discovery.pdf**
168K



Anna Holland Edwards <anna@johnhollandlaw.com>

---

## RE: Canett (staffic doc issue)
1 message

**Phil Friduss** <PFriduss@hallboothsmith.com>                    Wed, Aug 14, 2024 at 9:54 AM
To: Anna Holland Edwards <anna@hheglaw.com>
Cc: Robin Daitch <RDaitch@hallboothsmith.com>

Thank you for the spoonfeeding.  Will turn to this post haste.   Robin, let's please discuss on Friday.

### Phil Friduss
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000
**D:** 404.954.6959

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the
intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email and
destroy the original message and any copies.

---

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Wednesday, August 14, 2024 11:26 AM
**To:** Phil Friduss <PFriduss@hallboothsmith.com>
**Subject:** Fwd: Canett (staffic doc issue)

This is the Staffing document issue

---------- Forwarded message ---------
From: **Anna Holland Edwards** <anna@hheglaw.com>
Date: Mon, Aug 5, 2024, 11:52 AM
Subject: Re: Cannett
To: Phil Friduss <PFriduss@hallboothsmith.com>, Rachel Kennedy <rachel@hheglaw.com>, Katherine Dandy
<KDandy@hallboothsmith.com>
Cc: Robin Daitch <RDaitch@hallboothsmith.com>, Brenda S. McClearn <BMcClearn@hallboothsmith.com>

Hi Phil -- Thank you for the email.  The things I am needing are the things we discussed at length last week.  I also
discussed them at length with Rob and Kathy, and was told they had been requested, so I would like to think there are
emails to the client out there requesting those.

10/22/24, 12:21 PM                    John Holland Law - Mail - RE: Canett (staffic doc issue)

Exhibit 18, Page 67

To lay it out again in writing:


We wanted the staffing documents for the year surrounding Mr. Canett's death that would show who was on staff when, with a focus on learning which shifts had LPNs for charge nurses.  Previously we were given staffing documents that showed punch in punch out times for the defendant employees for just the time period of Mr. Canett's incarceration.  These show in and out times, which all seem to support two twelve hour shifts a day.  The xcel spreadsheet provided of all the staff for the six months before and six months after Mr. Canett's incarceration do not show punch in punch out times, and seem to imply three shifts. The staffing matrix provided with the Bid for Proposal indicates taht nurses worked 12 hour shifts meaning there would be two a day.  See, eg, Def 620 (Depo Exhibit 21).


Basically we need to know what times people were in the building, so we can know when there are no RNs.  We need to know how many shifts there were (2 v 3) and how to tell which shifts those are from the spreadsheet.


Rob explained that at some point they changed systems and stopped generating the time detail reports as can be seen at, eg, Def 1669 but could provide the time detail reports for the dates for which they were generated.  We asked him to get us those, and we asked Kathy to get us those, and I asked you to get us those.  Those would at least help us make some sense of the timing people were on shift.


If someone could explain the pay codes in the PayCodeName column, that would help.  They are listed as 2nd shift $1, 3rd Shift $2, CHG $5, Reg1, REg2 and Reg 3, and sometime Weekend1.


Regardless of stopping the Time Detail Reports, I am sure wellpath was keeping track of what actual hours were worked and so we are asking for: 1. explanation of the terms in the spreadsheet, 2. all time detail reports that were generated within that year period, and 3. all punch in/out reports or other methods of tracking hours worked after they switched systems.


Thanks

Anna


On Sun, Aug 4, 2024 at 7:36 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

> Anna, good morning.  Want to get you what is owed you.
>
>
> Would you please be so kind as to identify precisely what you believe WP Defs owe you in discovery?  I understand that we were supposed to produce "staffing documents" by mid-June but am somewhat unclear on just what that means.  An earlier joint status report indicates production is to be made of "staffing documents for the time period previously approved by the Court, six months before and six months after Mr. Canett's death."  Can you better define what is meant by this?
>
>
> Again, we will work to get you this information post haste.
>
>
> Thanks, talk soon.
>
>
> Phil

**Phil Friduss**

Attorney at Law | Hall Booth Smith, P.C.

**O:**  404.954.5000

**D:**  404.954.6959

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303

hallboothsmith.com



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE  This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited  If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

 Gmail

Anna Holland Edwards <anna@johnhollandlaw.com>

## Cannett
1 message

**Phil Friduss** <PFriduss@hallboothsmith.com>                    Tue, Aug 20, 2024 at 10:10 AM
To: Anna Holland Edwards <anna@hheglaw.com>, Rachel Kennedy <rachel@hheglaw.com>

Is this what we've provided you?

## Phil Friduss
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000          191 Peachtree Street NE, Suite 2900
**D:** 404.954.6959          Atlanta, GA 30303
                              hallboothsmith.com



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA**
**MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA**
**NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the
intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email and
destroy the original message and any copies.

---

📊 **El Paso County, CO - Staffing Matrix (1).xlsx**
20K

11/5/24, 5:03 PM                       John Holland Law Mail - RE: Cannett



Anna Holland Edwards <anna@johnhollandlaw.com>

---

## RE: Cannett
1 message

**Phil Friduss** <PFriduss@hallboothsmith.com>                    Mon, Sep 23, 2024 at 3:47 PM
To: Rachel Kennedy <rachel@hheglaw.com>, Robin Daitch <RDaitch@hallboothsmith.com>
Cc: Anna Holland Edwards <anna@hheglaw.com>

We can tell you the search is on.  What we sent you the other day turns out to be what was sent to the AG's
Office, and did not contain the info requested re the El Paso site.  The person working with us on this is
traveling and will be back with us on Wednesday.


Wish I had more for you.


Phil



### Phil Friduss
Attorney at Law | Hall Booth Smith, P.C.

**O:**  404.954.5000          191 Peachtree Street NE, Suite 2900
**D:**  404.954.6959          Atlanta, GA 30303
                             hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the
intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email and
destroy the original message and any copies.

---

**From:** Rachel Kennedy <rachel@hheglaw.com>
**Sent:** Monday, September 23, 2024 2:21 PM
**To:** Phil Friduss <PFriduss@hallboothsmith.com>; Robin Daitch <RDaitch@hallboothsmith.com>
**Cc:** Anna Holland Edwards <anna@hheglaw.com>
**Subject:** Re: Cannett


Hi Phil,


We are still waiting on these staffing records. I know your client provided some records that you couldn't open -- has any
progress been made on those? The deadline to complete outstanding discovery is September 26, and if we don't have
these records by then we will move to compel their production. Please let us know where things stand.

Thanks,

Rachel


On Tue, Aug 20, 2024 at 10:33 AM Rachel Kennedy <rachel@hheglaw.com> wrote:

> Hi Phil,
>
>
> We do have a copy of the staffing matrix, but that is not the spreadsheet we are referring to. I have attached Def 2027 here, which is what we were provided following the Court's Order. What we need are records showing the dates and times people clocked in and clocked out, so we can understand who was working when for the time period of October 26, 2021-October 26, 2022. As Anna explained in her earlier emails, we are unable to tell that from this spreadsheet. I have also attached Def 1669-1747 -- these reports do make clear when people were working, but we only have them for the three days Mr. Canett was incarcerated. Mr. McLeod explained that at some point there was a change in payroll systems, but surely the new system tracks when people clocked in and out. We are looking for time detail reports like those attached here, for the entire period.
>
>
> Thanks,
>
> Rachel


On Tue, Aug 20, 2024 at 10:10 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

> Is this what we've provided you?
>
> **Phil Friduss**
> Attorney at Law | Hall Booth Smith, P.C.
>
> **O:** 404.954.5000      191 Peachtree Street NE, Suite 2900
> **D:** 404.954.6959      Atlanta, GA 30303
>                          hallboothsmith.com
>
> 
>
> ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
> MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
> NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE
>
> CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.


--

Rachel Kennedy

11/5/24, 5:03 PM                          Holland-Holland Law Mail - RE: Cannett

**Holland, Holland Edwards & Grossman, LLC**                    Exhibit 18, Page 72
1437 High Street
Denver, CO 80218
(303) 860-1331
(303) 832-6506 (f)

rachel@hheglaw.com

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited. If you received this message in error, notify us immediately and delete the original message and documents from your computer and/or server.

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time *we are not your lawyers*, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.



--

Rachel Kennedy

**Holland, Holland Edwards & Grossman, LLC**
1437 High Street
Denver, CO 80218
(303) 860-1331
(303) 832-6506 (f)

rachel@hheglaw.com

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited. If you received this message in error, notify us immediately and delete the original message and documents from your computer and/or server.

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time *we are not your lawyers*, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

 Gmail

Anna Holland Edwards <anna@johnhollandlaw.com>

---

## Re: Cannett
1 message

**Anna Holland Edwards** <anna@hheglaw.com>                    Fri, Aug 30, 2024 at 11:46 AM
To: Phil Friduss <PFriduss@hallboothsmith.com>
Cc: Robin Daitch <RDaitch@hallboothsmith.com>

Hi Phil -- Wanted to follow up on getting the time detail reports for the staff for the year surrounding Cristo's death (the court had said six months before and six months after).
Thanks
Anna

On Mon, Aug 26, 2024 at 6:10 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

Anna, we are diligently working on getting you information responsive to your below requests.

1. *explanation of the terms in the spreadsheet, 2. all time detail reports that were generated within that year period, and 3. all punch in/out reports or other methods of tracking hours worked after they switched systems.*

Other than with respect to No. 1, you basically want to know who (what level of medical professional) was in the building and when. Again, we are working toward getting you this information. Thank you for your patience on this.

Phil

### Phil Friduss
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000          191 Peachtree Street NE, Suite 2900
**D:** 404.954.6959          Atlanta, GA 30303
                             hallboothsmith.com

 ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

--
-------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331

10/22/24, 12:31 PM                                    John Holland Law Mail - Re: Cannett

Exhibit 18, Page 74

 Gmail                                    Anna Holland Edwards <anna@johnhollandlaw.com>

## Re: Cannett
1 message

**Anna Holland Edwards** <anna@hheglaw.com>                    Tue, Sep 3, 2024 at 9:59 AM
To: Phil Friduss <PFriduss@hallboothsmith.com>, Rachel Kennedy <rachel@hheglaw.com>
Cc: Robin Daitch <RDaitch@hallboothsmith.com>

Hi Phil -- I appreciate the assurances, and the position you are in.  I don't know how you could have advised Wellpath on the deficiencies with the document if you don't know if we have previously been given the document or what the deficiencies are based on your email this morning.

I just don't think anyone is going to get me this information without the Court.  We have submissions due soon on the mortality point.  I think we can just include this issue there.

In terms of the deposition of Lori Roscoe this week, no one amended the notice to be in person so we are all proceeding with it remotely.

Thanks
Anna

On Tue, Sep 3, 2024 at 8:30 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

Rest assured, I understand your frustration, and further  rest assured, I've communicated your needs.  Wellpath advised they sent this to us in June in response to my advising them or your needs.  Apologies, and all fault on my end for not having a firm grasp on that.  Turning back to this with them right now.



**Phil Friduss**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000              191 Peachtree Street NE, Suite 2900
**D:** 404.954.6959              Atlanta, GA 30303
                              hallboothsmith.com

HBS ATTORNEYS AT LAW    ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
                        MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
                        NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Anna Holland Edwards <anna@hheglaw.com>
**Sent:** Tuesday, September 3, 2024 10:17 AM
**To:** Phil Friduss <PFriduss@hallboothsmith.com>
**Cc:** Robin Daitch <RDaitch@hallboothsmith.com>
**Subject:** Re: Cannett

Hi Phil -- This is the same document we have that is what we have been talking about since June (with Rob, then Kathy before you entered). You say that you don't know what documents we have, but I have sent you this document or its Bates number numerous time in long email explanations of what is missing from it. It also seems a requirement of taking over the litigation that you have access to prior disclosures. If no one from Wellpath can give you the documents you have disclosed, we can send you a link to Wellpath's prior disclosures, discovery answers and documents.

The fact that Wellpath continues to not seem to know what the problems with the document are is very frustrating and makes me feel like no one has actually conveyed my concerns with the document to anyone who can or will try to fix it. I think we unfortunately again need Court intervention to get the information requested.

Anna

On Tue, Sep 3, 2024, 7:32 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

> This was just sent to me by Wellpath Corporate. Is this new, or have you already seen this? If the later, what are the precise shortcomings?
>
> I do *not* know precisely has been sent you in the past.
>
> **Phil Friduss**
> Attorney at Law | Hall Booth Smith, P.C.
>
> **O:** 404.954.5000          191 Peachtree Street NE, Suite 2900
> **D:** 404.954.6959          Atlanta, GA 30303
>                              hallboothsmith.com
>
> 
> ALABAMA  |  ARKANSAS  |  COLORADO  |  FLORIDA  |  GEORGIA
> MONTANA  |  NEW JERSEY  |  NEW YORK  |  OKLAHOMA
> NORTH CAROLINA  |  SOUTH CAROLINA  |  TENNESSEE
>
> CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

--
-------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

John Holland Law Mail - Re: Cannett

Exhibit 18, Page 76

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

John Holland Law Mail - Re: Cannett

303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.



Anna Holland Edwards <anna@johnhollandlaw.com>

---

## Re: Staffing Docs
1 message

---

**Anna Holland Edwards** <anna@hheglaw.com>                                    Fri, Sep 13, 2024 at 11:54 AM
To: Phil Friduss <PFriduss@hallboothsmith.com>
Cc: Scott Melin <scott.melin@bagleylawfirm.com>, Ellen Carlson <ellen.carlson@bagleylawfirm.com>, Robin Daitch
<RDaitch@hallboothsmith.com>, Dixie Child <DChild@hallboothsmith.com>

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado
pg 79 of 84

Exhibit 18, Page 79

I can't open what you sent because I don't have access to log into those documents, can you send them another way? Or invite me to imanage or however that works?

On Fri, Sep 13, 2024 at 11:27 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

Below is a link to what was provided me by Wellpath today re further staffing data. For me on my laptop, some of the docs take a good minute to load. Some of the docs appear blank. Some of the docs would not allow me to open.

Please take a stab at these yourselves and advise as to what your further needs are in light of this production.

https://cloudimanage.com/work/link/f/DMS!2390469

**Phil Friduss**

Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000      191 Peachtree Street NE, Suite 2900
**D:** 404.954.6959      Atlanta, GA 30303

                 hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

--

Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303 860 1331
303 832 6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf. Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

 Gmail

Anna Holland Edwards <anna@johnhollandlaw.com>

## Fwd: Cannett
1 message

---

**Rachel Kennedy** <rachel@hheglaw.com>                                    Tue, Oct 22, 2024 at 12:25 PM
To: Anna Holland Edwards <anna@hheglaw.com>

Rachel Kennedy
**Holland, Holland Edwards & Grossman, LLC**
1437 High Street
Denver, CO 80218
(303) 860-1331
(303) 832-6506 (f)
rachel@hheglaw.com

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited. If you received this message in error, notify us immediately and delete the original message and documents from your computer and/or server.

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time *we are not your lawyers*, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

---------- Forwarded message ---------
From: **Anna Holland Edwards** <anna@hheglaw.com>
Date: Tue, Sep 24, 2024 at 10:46 AM
Subject: Re: Cannett
To: Phil Friduss <PFriduss@hallboothsmith.com>
CC: Rachel Kennedy <rachel@hheglaw.com>, Robin Daitch <RDaitch@hallboothsmith.com>

Thanks Phil -- We've been trying to get this really pretty basic information since around May I think.

With even the extended discovery cut off for obtaining outstanding discovery from Wellpath coming up, we have no choice but to raise it again with the Court.

I need to talk to you about a few points for the hearing next week.  Can you talk today?

On Mon, Sep 23, 2024 at 3:47 PM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

> We can tell you the search is on.  What we sent you the other day turns out to be what was sent to the AG's Office, and did not contain the info requested re the El Paso site.  The person working with us on this is traveling and will be back with us on Wednesday.
>
>
> Wish I had more for you.
>
>
> Phil

**Phil Friduss**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000
**D:** 404.954.6959

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

---

**From:** Rachel Kennedy <rachel@hheglaw.com>
**Sent:** Monday, September 23, 2024 2:21 PM
**To:** Phil Friduss <PFriduss@hallboothsmith.com>; Robin Daitch <RDaitch@hallboothsmith.com>
**Cc:** Anna Holland Edwards <anna@hheglaw.com>
**Subject:** Re: Cannett

Hi Phil,

We are still waiting on these staffing records. I know your client provided some records that you couldn't open -- has any progress been made on those? The deadline to complete outstanding discovery is September 26, and if we don't have these records by then we will move to compel their production. Please let us know where things stand.

Thanks,

Rachel

On Tue, Aug 20, 2024 at 10:33 AM Rachel Kennedy <rachel@hheglaw.com> wrote:

Hi Phil,

We do have a copy of the staffing matrix, but that is not the spreadsheet we are referring to. I have attached Def 2027 here, which is what we were provided following the Court's Order. What we need are records showing the dates and times people clocked in and clocked out, so we can understand who was working when for the time period of October 26, 2021-October 26, 2022. As Anna explained in her earlier emails, we are unable to tell that from this spreadsheet. I have also attached Def 1669-1747 -- these reports do make clear when people were working, but we only have them for the three days Mr. Canett was incarcerated. Mr. McLeod explained that at some point there was a change in payroll systems, but surely the new system tracks when people clocked in and out. We are looking for time detail reports like those attached here, for the entire period.

Thanks,

Rachel

On Tue, Aug 20, 2024 at 10:10 AM Phil Friduss <PFriduss@hallboothsmith.com> wrote:

Is this what we've provided you?

**Phil Friduss**

Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000        191 Peachtree Street NE, Suite 2900
**D:** 404.954.6959        Atlanta, GA 30303
                          hallboothsmith.com



ALABAMA  |  ARKANSAS  |  COLORADO  |  FLORIDA  |  GEORGIA
MONTANA  |  NEW JERSEY  |  NEW YORK  |  OKLAHOMA
NORTH CAROLINA  |  SOUTH CAROLINA  |  TENNESSEE

CONFIDENTIALITY NOTICE  This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited  If you are not the intended recipient,
please contact the sender by reply email and destroy the original message and any
copies

--

Rachel Kennedy

**Holland, Holland Edwards & Grossman, LLC**
1437 High Street
Denver, CO 80218
(303) 860-1331
(303) 832-6506 (f)

rachel@hheglaw.com

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited. If you received this message in error, notify us immediately and delete the original message and documents from your computer and/or server.

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time *we are not your lawyers*, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

--

Rachel Kennedy

**Holland, Holland Edwards & Grossman, LLC**
1437 High Street

Case No. 1:23-cv-01211-DDD-MDB    Document 148-18    filed 11/06/24    USDC Colorado
pg 83 of 84
10/22/24, 12:29 PM                John Holland Law Mail - Fwd: Cannett

Exhibit 18, Page 83

Denver, CO 80218
(303) 860-1331
(303) 832-6506 (f)

rachel@hheglaw.com

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited. If you received this message in error, notify us immediately and delete the original message and documents from your computer and/or server.

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time *we are not your lawyers*, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

--

-------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.

10/22/24, 12:48 PM                     John Holland law Mail - staffing never ending conferral

 Gmail

Anna Holland Edwards <anna@johnhollandlaw.com>

## staffing never ending conferral
1 message

**Anna Holland Edwards** <anna@hheglaw.com>                     Thu, Oct 10, 2024 at 3:41 PM
To: Phil Friduss <PFriduss@hallboothsmith.com>

Hi Phil -- Can you talk tomorrow about the staffing document conferral? I feel like I have to move for relief, but really want to not need so much court intervention, I can't remember the last time I moved for sanctions or whether I even ever have, but I think I will have to here given the absurd many month delay in getting basic documents.
Any ideas?
Anna

--
-------------------------------------------
Anna Holland Edwards
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, CO 80218
303-860-1331
303-832-6506 (fax)
anna@hheglaw.com

Please be advised that unless you have signed a fee agreement with Holland, Holland Edwards & Grossman, LLC at this time we are not your lawyers, and have not taken any action on your behalf.  Also, we have not undertaken any evaluation or preservation of any applicable statutes of limitations or notices of claims legal requirements that may apply to any potential claims that you may have.