IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-01211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
By and through its personal representative Elizabeth Naranjo;

    Plaintiff,

v.

WELLPATH, LLC;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;

    Defendants.

---

## SUGGESTION OF BANKRUPTCY AND NOTICE OF STAY

---

NOW COMES, Wellpath, LLC (the "Debtor"), a defendant in the above-captioned proceeding, files this *Suggestion of Bankruptcy and Notice of Stay* and would respectfully show the Court the following:

    1.    On November 11, 2024, the Debtor filed a *Voluntary Petition for Non-Individuals Filing Bankruptcy* (the "Voluntary Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Bankruptcy Court"), commencing Case No. 24-90563-(ARP).[1]  A copy of the Voluntary Petition is attached hereto as **Exhibit A**.

---

[1] Wellpath, LLC's bankruptcy petition is one of many, all associated with the petition of Wellpath Holdings, Inc. Chapter 11 bankruptcy case, Case No. 24-90533 ("core proceeding" pursuant to 28 U.S.C. § 157), filed November 11, 2024 in the United States Bankruptcy Court for the Southern District of Texas (Houston Division).  Please see https://dm.epiq11.com/Wellpath for a complete listing of Debtors' claims and to access all filings for all Wellpath-associated Chapter 11 cases.

2. Pursuant to section 362 of the Bankruptcy Code, the filing of the Voluntary Petition operates as a stay of:

    a. "[T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the [D]ebtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the [D]ebtor that arose before the commencement of the case under this title;

    b. [T]he enforcement, against the [D]ebtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

    c. [A]ny act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

    d. [A]ny act to create, perfect, or enforce any lien against property of the estate;

    e. [A]ny act to create, perfect, or enforce against property of the [D]ebtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

    f. [A]ny act to collect, assess, or recover a claim against the [D]ebtor that arose before the commencement of the case under this title;

    g. [T]he setoff of any debt owing to the [D]ebtor that arose before the commencement of the case under this title against any claim against the [D]ebtor; and

    h. [T]he commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who

is an individual for a taxable period ending before the date of the order for relief under this title."

11 U.S.C. § 362(a).

3. In addition, on November 12, 2024, the Bankruptcy Court entered an *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Order"), pursuant to which the above-captioned proceeding, among other lawsuits filed as of the Petition Date in which a Debtor is named as one of the defendants therein, is stayed in its entirety, including the plaintiffs' claims against the non-Debtor defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code. A copy of the Stay Order is attached hereto as **Exhibit B**.

4. As a result of the operation of the automatic stay and the Bankruptcy Court's Amended Interim Order, all lawsuits in which a Debtor is named as a defendant, in this case Wellpath, LLC, are "*stayed in their entirety, including the plaintiffs' claims against non-Debtor defendants,*" from any further continuation of their respective proceedings until such time as the Bankruptcy Court may order otherwise.

5. In this case, the non-Debtor defendants include Anthony Lupo and Michelle Silva.

6. The automatic stay and the extension of the stay to non-Debtor defendants imposed by the Bankruptcy Court's Amended Interim Order has not been lifted or otherwise modified and remains in effect.

7. Additional information regarding the status of the Chapter 11 action may be obtained by (i) reviewing the docket in the Chapter 11 case, available electronically at https://pacer.uscourts.gov/ (login required) or (ii) https://dm.epiq11.com/Wellpath.

8.  The Debtor reserves its right to bring an action in the Bankruptcy Court for any violation of the automatic stay.

WHEREFORE, PREMISES CONSIDERED, Wellpath, LLC prays that this Court take notice of the automatic stay and that further action be stayed and for such other and further relief as to which it may be justly entitled.

Respectfully submitted, this 15th day of November 2024.

>                                   */s/ Phillip E. Friduss*
>                                   Phillip E. Friduss
>                                   Robin E. Daitch
>                                   Hall Booth Smith, P.C.
>                                   191 Peachtree Street NE, Suite 2900
>                                   Atlanta, GA 30303
>                                   Email: pfriduss@hallboothsmith.com
>                                   Email: rdaitch@hallboothsmith.com
>
>                                   *Attorneys for Wellpath, LLC*

**CERTIFICATE OF SERVICE (CM/ECF)**

Civil Action No.: 1:23-cv-01211-DDD-MDB

      I HEREBY CERTIFY that on this 15th day of November 2024, the foregoing **SUGGESTION OF BANKRUPTCY AND NOTICE OF STAY** was filed and served electronically via CM/ECF with service as follows:

| | |
|---|---|
| Anna Holland Edwards<br>Erica T. Grossman<br>John Holland<br>Dan Weiss<br>Rachel Kennedy<br>Holland, Holland Edwards & Grossman, LLC<br>1437 High Street<br>Denver, CO 80218<br>Email: anna@hheglaw.com<br>      erica@hheglaw.com<br>      dan@hheglaw.com<br><br>*Attorneys for Plaintiffs* | Paul A. Faraci<br>FARACI LEASURE, LLC<br>4500 Cherry Creek Drive South, Suite 675<br>Glendale, CO 80246<br>Email: pfaraci@faracileasure.com<br>*Attorney for Defendant Lupo*<br><br>Erik Lamphere<br>Ryan D. Doherty<br>Colorado Springs City Attorney's Office<br>30 S. Nevada Avenue, Suite 501<br>Colorado Springs, CO 80903<br>Email: erik.lamphere@coloradosprings.gov<br>      ryan.doherty@coloradosprings.gov<br><br>*Attorneys for Defendant Scott* |
| Nathan J. Whitney<br>Bryan E. Schmid<br>Steven Martyn<br>El Paso County Attorney's Office<br>200 S. Cascade Ave.<br>Colorado Springs, CO 80903<br>Email: nathanwhitney@elpasoco.com<br>      bryanschmid@elpasoco.com<br>      stevenmartyn@elpaso.com<br><br>*Attorneys for El Paso County Defendants* | Brandon P. Hull<br>Jeremy B. Goldblatt<br>Overturf, McGath & Hull, P.C.<br>625 E. 16th Ave.<br>Denver, CO 80203<br>Email: bph@omhlaw.com<br>      jbg@omhlaw.com<br><br>*Attorneys for Defendant Sheriff Joseph Royball, in his official capacity* |
| Christopher R. Jones<br>Gordon Rees Scully Mansukhani<br>555 Seventeenth Street, Suite 3400<br>Denver, CO 80202<br>Email: crjones@grsm.com<br>*Attorney for Defendant Michelle Silva* | */s/ Dixie Child*<br>Dixie Child |