IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-01211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
By and through its personal representative Elizabeth Naranjo;

      Plaintiff,

v.

WELLPATH, LLC;
SHERIFF JOSEPH ROYBAL, in his official capacity;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;

      Defendants.

---

## STATUS REPORT

---

NOW COMES, Wellpath, LLC, a defendant in the above-captioned proceeding, files this status report pursuant to the Court's order, respectfully showing the Court as follows:

1.      On December 10, 2024, an *Agenda of Matters Set for Hearing on December 11, 2024* was filed. Said motion rescheduled the stay extension motion from December 11, 2024, to January 14, 2025.

2.      On January 14, 2025, the *Bankruptcy Court entered the Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis With Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on a Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granted Related Relief*, filed of record January 14, 2025. Paragraph one orders "any claims or causes of action that have

been or may be asserted against the Debtors, the Debtors' directors or officers, the Debtors' current or former employees to the extent the Debtors are also named defendants in the underlying lawsuit…in the Lawsuits are stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025.

3.　　　On May 1, 2025, the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* was entered by the Bankruptcy Court. Filed of Record, May 1, 2025 (attached hereto as Ex. "A"). The order address extension of the stay as to the debtor Defendants as follows:

> "Term of Injunctions or Stays. Unless otherwise provided in this Order or the Plan, all injunctions or stays in effect in the Chapter 11 Cases (pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court) and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan) shall remain in full force and effect until the later of (a) the Effective Date or (b) the date indicated in the order providing for such injunction or stay. All injunctions or stays contained in the Plan shall remain in full force and effect in accordance with their terms." *Id.* at ¶ 26, p. 40.

In short, the stay as to Debtors is in effect through the effective date of the Debtor's plan of reorganization.

4.　　　Further, the Bankruptcy Court entered *Order (I) Further Extending the Automatic Stay to the Non-Debtor Defendants and (II) Granting Related Relief*, filed of record May 1, 2025 (attached hereto as Ex "B"). In doing so, the Court stayed the Lawsuits and extended the automatic

stay as to the Non-Debtor Defendants, "on a final basis until the earlier of: (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) May 7, 2025." The court defined "Lawsuits" as "any lawsuit against the Debtors and any lawsuit against a Non-Debtor Defendant, regardless if a Debtor is a named party in the lawsuit, that may have a direct impact, whether monetary or otherwise, on the Debtors' estates, including without limitation lawsuits that assert claims where an insurance policy under which the Debtor is a beneficiary may be responsible for the satisfaction of the underlying claim(s)." *Id.* at fn 4. Included in the Court's definition of "Non-debtor Defendants" is "Debtors' current and former employees." *Id.* at fn 3.

Respectfully submitted this 7th day of May 2025.

*/s/ Robin E. Daitch*
Robin E. Daitch
Hall Booth Smith, P.C.
1450 Greene Street, Suite 220
Augusta, GA 30901
rdaitch@hallboothsmith.com
***Attorneys for Defendant Wellpath, LLC***

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

Civil Action No.: 1:23-cv-01211-DDD-MDB

I hereby certify that on this 7th day of May 2025, a true and correct copy of the foregoing **STATUS REPORT** was filed and served via CM/ECF upon the following:

Anna Holland Edwards
Dan Weiss
Erica T. Grossman
Rachel C. Kennedy
Holland, Holland Edwards & Grossman, P.C.
1437 High Street
Denver, CO 80218
Email:  anna@hheglaw.com
       dan@hheglaw.com
       erica@hheglaw.com
       dan@hheglaw.com
***Attorneys for Plaintiffs***

Nathan J. Whitney
Bryan E. Schmid
Steven Martyn
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
Email:  nathanwhitney@elpasoco.com
      bryanschmid@elpasoco.com
      stevenmartyn@elpaso.com
***Attorneys for El Paso County Defendants***

Christopher R. Jones
Gordon Rees Scully Mansukhani
555  Seventeenth Street, Suite 3400
Denver, CO 80202
Email: crjones@grsm.com
***Attorney for Defendant Michelle Silva***

Paul A. Faraci
FARACI LEASURE, LLC
4500 Cherry Creek Drive South, Suite 675
Glendale, CO 80246
Email: pfaraci@faracileasure.com
***Attorney for Defendant Anthony Lupo***

Ryan D. Doherty
Colorado Springs City Attorney's Office
30 S. Nevada Avenue. Suite 501
Colorado Springs, CO 80903
Email: ryan.doherty@coloradosprings.gov
***Attorney for Defendant Jennene Scott***

Brandon P. Hull
Jeremy B. Goldblatt
Lindsey Warren Jay
Overturf, McGath & Hull, P.C.
625 E. 16th Ave.
Denver, CO 80203
Email:  bph@omhlaw.com
     jbg@omhlaw.com
     lwj@omhlaw.com
***Attorneys for Defendant Sheriff Joseph Royball, in his official capacity***

*s/ Dixie Child*
Dixie Child

4