IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–01211–DDD–MDB

THE ESTATE OF CRISTO JESUS CANETT, by and through its personal representative Elizabeth Naranjo,

    Plaintiff,

v.

WELLPATH, LLC, as a nominal defendant;
WELLPATH LIQUIDATING TRUST, as a nominal defendant;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;

    Defendants.

## ORDER

This matter is before the Court on Wellpath, LLC's Opposition to Its Continued Participation in Discovery and Objection to Court's October 11, 2024 Order. (["Motion"], Doc. No. 209.) Plaintiff has filed a response in opposition to the Motion (Doc. No. 211) to which Wellpath[1] has replied (Doc. No. 212). The Court held a Motion Hearing on November 10, 2025. (*See* Doc. No. 214.) During that hearing it became clear that the Motion raises just two issues for resolution. The first is Wellpath's contention that Plaintiff must seek discovery from it via third-party subpoena under Federal Rule of Civil Procedure 45, rather than utilizing the discovery tools available to and for parties under Rules 30, 33, 34, or 36. (Doc. No. 209 at 2–5.) The

---

[1] The Court notes that its use of "Wellpath" is shorthand for Wellpath, LLC and is <u>not</u> a reference to the Liquidating Trust, which is a separate entity.

second is Wellpath's request for reconsideration of the Court's prior discovery order concerning the mortality reviews and PSQIA privilege. (Doc. No. 125.)[2] After reviewing this request, the briefing, and relevant law, the Court **DENIES** the Motion.

## BACKGROUND

This case has a tortured procedural history that the Court declines to detail here. However, the Court notes that pre-bankruptcy, Wellpath took—at various junctures in the litigation—unjustifiable and at times inexplicable discovery positions. Its tactics resulted in drawn out disputes and an undue drain on judicial resources.

On November 11, 2024, during the pendency of this action, Wellpath commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas. (Doc. No. 151.) The bankruptcy proceedings triggered an automatic stay of this case pursuant to 11 U.S.C. § 362. (Doc. No. 152.) At that time, it became apparent that many of Wellpath's tactics had been aimed at staving off discovery just long enough to reach the automatic stay. Still, there was nothing this Court or the parties could do, other than wait.

On June 4, 2025, the bankruptcy court entered an order lifting the stay here and in other cases against Wellpath. (["Lift Stay Order"], Doc. No. 211-1.) The Lift Stay Order provides that "holders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party[.]" (*Id.* at 2.) On August 19, 2025, Plaintiff filed her first Amended Complaint, naming Wellpath and the Wellpath Liquidating Trust as nominal

---

[2] Wellpath's request was made as an "objection" to the Court's prior discovery order. (*See* Doc. 209.) However, because the Motion was referred to the undersigned, the Court construes it as a motion for reconsideration of its prior Order, issued at Doc. No. 125.

defendants. (Doc. No. 199.) Plaintiff's amendment was not opposed by any party. (*See* Doc. No. 198.) Soon thereafter, Wellpath took the position that as a nominal defendant it should not be burdened with party discovery, and that any participation in this case should be "like that of a third party, subject to subpoena…" (Doc. No. 203 at 7–8). Wellpath also sought relief from this Court's prior Order (Doc. No. 125) concerning the mortality reviews. Plaintiff opposed, and the Court ordered briefing. (Doc. No. 206.)

Now the Court must determine whether and to what extent Wellpath will participate in discovery, and whether the Court's prior order (Doc. No. 125) remains in effect.

## ANALYSIS

### I.      Party or Third-Party Discovery?

Wellpath argues that any discovery against it should under Rule 45 and akin to third party discovery. It anchors its position in Article IX.A of the bankruptcy plan which "discharged all pre-petition claims and liabilities and enjoined the commencement of [,] further prosecution of, or collection efforts against Wellpath." (Doc. No. 209 at 2 (citing *In re Wellpath Holdings, Inc.*, No. 24-90533 (ARP) (S.D. Tex. May 9, 2025), Dkt. No. 2596 at 128–29).) It also cites two recent orders by Judge Varholak and Judge Starnella requiring plaintiffs in other Wellpath cases to obtain discovery through Rule 45 subpoenas. (*See* 1:23-cv-01607-CNS-STV (hereinafter "*Angelo*") (ECF 204); 1:24-cv-00997-SKC-KAS (hereinafter "*Romero*") (ECF 116).)

As a threshold matter, the Court notes that while *Angelo* and *Romero* are helpful, the Court is not bound by them. *United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) (unpublished) ("[D]istrict courts in this circuit are bound by our decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts[.]").

3

However, even if the Court were bound by those orders, the circumstances here are distinguishable and their applicability is limited. First, the *Angelo* transcript reveals that at the time of the hearing, Judge Varholak was unsure whether Wellpath was even a nominal party in the case. (*See* 1:23-cv-01607-CNS-STV (ECF 205 at 4:20–25) (Judge Varholak saying "the issue of whether Wellpath is a nominal party" was not one he "[could] settle" because it was something the presiding judge had to determine).) Thus, Judge Varholak was arguably precluded from permitting party discovery at that time. (*See id.* at 7:21–23 ("I think the case law indicates that Plaintiff would need to amend to name [Wellpath] as a nominal Defendant.").) By contrast here, there is no question Wellpath is a nominal defendant.[3] (*See* Doc. No. 199.)

Second, the *Romero* transcript reveals that Judge Starnella (who read *In re Paul*, 534 F.3d 1303 (10th Cir. 2008), to "suggest" a plaintiff should use third party discovery tools for nominal defendants, (*id.* at 9:15–10:3)), based her decision—at least in part—on the notion that any efficiencies to be gained from party discovery (as opposed to third-party discovery) were limited at best. (*Id.* at 10:4–11:17.) But that is not the case here. Wellpath's conduct before *this Court* has been dilatory and at times bordering on obstructionist.[4] The party discovery rules—which offer the Court several tools by which to curb discovery abuses, and hold parties to a different standard than third parties—would meaningfully aid this Court in holding Wellpath to its

---

[3] In its Reply, Wellpath appeared to have advanced a new argument, challenging its nominal defendant designation. (*See* Doc. No. 212 (saying the bankruptcy "order is clear that Plaintiff's claims may proceed against the Liquidating Trust as a nominal party to determine liability, not continue to litigate against Wellpath as if the bankruptcy never occurred").) However, during the Hearing, Wellpath disavowed any challenge to its status as a nominal defendant and conceded that the issue is settled—Wellpath is indeed a nominal defendant. (*See* Doc. No. 214.)

[4] The Court is referring to conduct pre-bankruptcy, at a time when Wellpath had different counsel.

4

discovery obligations. They would also limit the extent to which Wellpath could rely on burden and other barriers to avoid discovery. In other words, here—unlike in the case before Judge Starnella—there *are* efficiencies to be gained through party discovery.

Moreover, the Court is not persuaded that *In re Paul* stands for the proposition that nominal defendants should only be subjected to third party discovery. 534 F.3d 1303. The *In re Paul* court said, "[t]he Debtor ... is not relieved of the responsibility she has, as do all citizens, to testify at trial and/or participate in discovery as a witness." *Id.* (quoting *In re Doar,* 234 B.R. 203, 206 (Bankr. N.D. Ga. 1999) (internal quotation marks omitted)). Wellpath seizes on the word "witness" to argue that a nominal defendant should *only* participate in discovery as a third party. In other words, the use of the word "witness" limits a debtor's participation in discovery. But *In re Paul* is not about limitations, it's about the debtor's continued responsibility to participate in discovery.

In *In re Paul*, the court held that continued litigation against a bankruptcy debtor as a nominal defendant did not violate the bankruptcy court's 11 U.S.C. § 524(a)(2) discharge injunction. *See In re Paul*, 534 F.3d at 1307. In so finding, the court rejected the sanction levied by the bankruptcy court upon a creditor for pursing discovery in a state action against the debtor as a nominal defendant. As the court explained, "requiring a debtor to bear such collateral burdens of litigation as those relating to discovery (as opposed to the actual defense of the action and potential liability for the judgment), does not run afoul of § 524(a)(2)." *Id.* In other words, *In re Paul approves* discovery against a debtor, and does nothing to prescribe the mechanisms by which a nominal defendant will participate in discovery. In fact, the *In re Paul* court appeared to defer to the state court's framing and approach to discovery. *See In re Paul*, 534 F.3d at 1306

(approvingly acknowledging the state court's approach to discovery).[5] In sum, *In re Paul* does not stand for the proposition that nominal defendants *must* proceed under Rule 45.

Wellpath also overreads Article IX.A of the bankruptcy plan. It is true that the plan "discharged all pre-petition claims and liabilities and enjoined the commencement of[,] further prosecution of, or collection efforts against Wellpath," *In re Wellpath Holdings, Inc.*, No. 24-90533 (ARP) (S.D. Tex. May 9, 2025), Dkt. No. 2596 at 128–29, but participation in discovery does not saddle Wellpath with pre-petition claims or liabilities, nor is it a "prosecution" or "collection effort" against Wellpath. Instead, the discovery from Wellpath will allow Plaintiff to continue prosecuting claims against *other* defendants.

Finally, the Court observes a most obvious but compelling point: the term "nominal *defendant*" necessarily reflects Wellpath's status as a *party*. It may not be a party for purposes of liability, but it is a party for other purposes that do not run afoul of the law or the plan, such as discovery.

## II. Motion for Reconsideration

While the Federal Rules of Civil Procedure do not directly provide for a motion to reconsider an interlocutory ruling, district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash

---

[5] In any event, the use of the word "witness" cannot reasonably be understood as a procedural directive.

old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

As the Court noted during the last hearing (Doc. No. 214), the mortality review dispute was raised several times in this and other cases, and the Court carefully dissected the law, the facts, and the arguments made by all parties, to reach its decision. The Court even held an evidentiary hearing to hear directly from the people most familiar with the processes and issues surrounding the PSQIA protections. Wellpath has offered no valid basis or persuasive argument for reconsideration, and the Court sees no reason to reverse course on a thoroughly researched and carefully considered decision it reached over a year ago.

## CONCLUSION

For the foregoing reasons, Wellpath, LLC's Opposition to Its Continued Participation in Discovery and Objection to Court's October 11, 2024 Order (Doc. No. 209) is **DENIED**.

Dated this 19th day of November, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge