IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 23-cv-1211-DDD-MDB**

THE ESTATE OF CRISTO JESUS CANETT,
by and through its personal representative Elizabeth Naranjo;

    Plaintiff,

v.

WELLPATH, LLC, as a nominal defendant
WELLPATH LIQUIDATING TRUST, as a nominal defendant
ANTHONY LUPO, individually; and
MICHELLE SILVA, individually;

    Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COUNSEL FOR DEFENDANT SILVA'S MOTION TO WITHDRAW AS COUNSEL OF RECORD (DOC. #221)**

---

Plaintiff, by and through undersigned counsel, responds in opposition to counsel for Defendant Silva's Motion to Withdraw as Counsel of Record (Doc. #221), and in support thereof states as follows:

### I.    INTRODUCTION

On January 16, 2026, counsel for Defendant Silva filed a Motion to Withdraw as Counsel of Record, arguing that good cause exists for such withdrawal because, while Defendant Wellpath had been paying to defend its employee Michelle Silva in this case, it is no longer electing to do so. Doc. #221, p. 1-2. It is unclear from the current record if Michelle Silva opposes her counsel's request to withdraw representation as to her role in this case. Counsel for Michelle Silva is also

counsel for nominal Defendant Wellpath and has not requested to be withdrawn from representation of that Defendant.

As explained in greater detail below, this Court should deny moving counsel's motion because the requested withdrawal will unduly delay this case and waste court resources, seriously prejudice Ms. Silva and materially harm her interests, significantly prejudice Plaintiff's ongoing effort to liquidate her claim against (old) Wellpath before the Liquidating Trust, and is contrary to the interests of justice.

## II. LEGAL STANDARD

"'[A] lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients.' The motion to withdraw as counsel is a 'matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion.'" *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, No. 2:19-CV-00120-BSJ, 2020 WL 9255406, at *3 (D. Utah June 29, 2020) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *Abell v. Babbitt*, No. 98-2315, 1999 WL 215403, at *2 (10th Cir. 1999) (internal citation omitted)).

As this Court readily understands, a counsel of record may motion the court to withdraw representation by showing "good cause" and "stat[ing] the reasons for withdrawal, unless the statement would violate the rules of professional conduct." D.Colo.L.AttyR 5(b).

There is no suggestion in the instant Motion to Withdraw that a mandatory withdrawal under Rule 1.16(a) is at issue here. See Doc. #221. The instant Motion is therefore also governed by the Colorado Rules of Professional Conduct, which states in relevant part for permissive withdrawals:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>> (1) *withdrawal can be accomplished without material adverse effect on the interests of the client;*
>> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>> (7) other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Colo. Rules of Professional Conduct Rule 1.16(b), (c) (italics added).

While the Tenth Circuit has not yet spoken on the specific factors a court should consider in this context, other "federal courts have largely relied on a set of common factors; 1) undue delay; 2) prejudice to any party; 3) financial burden on counsel; 4) the state of the attorney-client relationship; and 5) general interests of justice. *See Byrd v. D.C.*, 271 F. Supp. 2d 174, 177–78 (D.D.C. 2003) (citing the first three factors); *Barton v. D.C.*, 209 F.R.D. 274, 276–78 (D.D.C. 2002) (citing all five factors); *see also Sea & Exch. Comm'n v. Int'l Scanning Devices, Inc.*, 415 F. Supp. 3 (W.D.N.Y. 1974)." *Taylor*, No. 2:19-CV-00120-BSJ, 2020 WL 9255406, at *3. *See also Hagan v. Recarey*, No. 1:22-CV-00562-JLT-EPG, 2024 WL 4190104, at *1–2 (E.D. Cal. Sept. 13, 2024) ("Courts maintain the discretion to grant or deny a motion to withdraw as counsel. In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2)

the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.") (citations omitted).

Where a party opposes their counsel's request to withdraw representation, "withdrawing counsel 'must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which [may lead] to an apparently unjust verdict.'" *Taylor v. Panico*, No. 07-CV-00985-KHV-KMT, 2010 WL 3835786, at *2 (D. Colo. Sept. 23, 2010) (citing *Collie v. Estep,* Civ. Action 06–cv–00795–PSF–BNB, 2007 WL 2472053, *8 (D.Colo. Aug.28, 2007) (internal citation omitted) and *United States v. Johnson,* 961 F.2d 1488, 1490 (10th Cir.1992)).

### III.   ARGUMENT

**i)   To the extent Defendant Silva opposes this motion, her counsel has not demonstrated good cause to justify withdrawal.**

Counsel for Defendant Silva has not indicated if Ms. Silva opposes this motion. *See* Doc. #221. But this information is necessary for this Court to properly analyze the request to withdraw and could be outcome determinative. *E.g.*, *A PDX Pro Co. v. Dish Network Serv., LLC, 311 F.R.D. 642, 648–49 (D. Colo. 2015), order vacated in part on other grounds*, No. 12-CV-01699-RBJ-CBS, 2016 WL 10100276 (D. Colo. May 23, 2016). An opposed request to withdraw requires the moving counsel to make a particular showing of "good cause," in the form of "a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which [may lead] to an apparently unjust verdict." *Taylor*, No. 07-CV-00985-KHV-KMT, 2010 WL 3835786, at *2 (citations omitted). No such showing has been made here.

4

To the extent counsel for Defendant Silva argues for a conflict-of-interest rationale for the requested withdrawal, it is unclear why such a conflict exists only now that Wellpath is declining to pay the costs of defense for its employees. Since this case first began in May 2023 with the filing of the original Complaint, Wellpath and Ms. Silva have been represented by the same counsel, in three successive iterations. See Doc. #33, #49 (EOA of Brenda McClearn and Rob McCloud, representing the entity Wellpath and individual Wellpath employees); Doc. #101, ##104-106 (EOA of Katherine Dandy, John Hall, Robin Daitch, and Phillip Friduss representing Wellpath and Ms. Silva); Doc. # 126, #194 (EOA of Christopher Jones representing Ms. Silva and Wellpath). A true conflict of interest cannot arise in this context, where three sets of lawyers have comfortably represented both Wellpath and Ms. Silva without prior complaints of any such conflict. Nothing about these relationships has changed in recent weeks, other than Wellpath's corporate decision to stop paying for the legal defense of its employees for their alleged unconstitutional conduct performed in Wellpath's name. A conflict of interest cannot arise overnight based on such a decision.

### ii) Withdrawal of counsel for Defendant Silva will unduly delay the pre-trial and trial process, and will cause Ms. Silva and Plaintiff significant prejudice.

The prejudice to Ms. Silva if her counsel is allowed to withdraw will be significant. The 702 motions and dispositive motions deadlines have passed, on January 30, 2026. Doc. #214, p. 2. As such, Ms. Silva will almost certainly face trial – and the associated voluminous and technically complex work – without the aid of counsel. Asking a *pro se* litigant to defend themselves in a §1983 deliberate indifference claim will undoubtedly cause undue delay in a case that has already been long delayed, in significant part by Wellpath's prior litigation conduct. See Doc. #148 (Pltf. Mtn. for Sanctions); Doc. #155 (Courtroom Minutes re Wellpath discovery conduct) "Wellpath's

5

contrary positions, resistance to discovery, and previously inexplicable approaches to litigation – all of which were costly and a drain on judicial resources – now appear to have been a deliberate and inappropriate effort to draw out discovery disputes long enough to secure and automatic stay through bankruptcy."

Additionally, Ms. Silva remains a Defendant to an uncapped §1983 deliberate indifference claim. Asking her to navigate the pre-trial and trial processes without the aid of a lawyer significantly prejudices her ability to defend herself from potentially significant liability. Because of the timing of Wellpath's decision to stop paying her lawyer, Ms. Silva has also missed the opportunity to ask this Court to throw the case out altogether on summary judgment, and to shape the trial landscape with Rule 702 challenges to Plaintiff's experts. If Ms. Silva were to lose at trial, she would be personally liable for a potentially life-altering judgment against her. As such, withdrawal of her counsel cannot be accomplished without "material adverse effect to [her] interests under Colorado's Rules of Professional Conduct Rule 1.16(b).[1]

Plaintiff is also significantly prejudiced by allowing Ms. Silva's counsel to withdraw. As this Court well understands, Plaintiff's case against (old) Wellpath continues on, albeit in a different form. In its Lift Stay Order, the Wellpath Bankruptcy Court made clear that:

> [H]olders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28

---

[1] By invoking Rule 1.16 undersigned counsel does not at all suggest any unethical conduct by counsel for Defendant Silva. Wellpath has caused this dispute by virtue of its recent corporate decision, coming very late in this case, to stop paying for Ms. Silva's defense but to continue funding its own. Wellpath has the agency here and is the now-former party to this case that seems intent on meddling in it from behind the protective shield of its post-bankruptcy status. Mr. Jones has certainly been put in a very difficult position by Wellpath's sudden withdrawal of funds for his work as Ms. Silva's counsel, despite Wellpath paying for such defense costs since May of 2023. However, allowing the requested withdrawal simply infects the rest of the case with Wellpath's ongoing gamesmanship. The remaining parties should not have to bear the burden of delay and prejudice that comes with Wellpath's less-than-airtight commitment to pay for legal costs that it and its employees incur.

6

>U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust.

**Ex. 1**, Order Regarding Lift Stay Motions, p. 2, ¶ 4. Plaintiff is thus properly proceeding against Ms. Silva as a non-debtor Defendant and against the Liquidating Trust (as a nominal party) to recover against any available third-party insurance and establish the value of her claim in front of the Liquidating Trust. Given that the dispositive motion deadline has passed, the final step in this process is to take this case to a jury. As this Court readily understands, putting a case in front of a jury requires a great deal of technically complex work that requires both sides of a case to work hand in glove for many weeks before trial. *Pro se* litigants often reasonably struggle to understand the complex procedure of a federal civil rights claim and struggle to follow important procedural rules that may not make much sense to a layperson. Their ability to do all the necessary conferrals and stipulations necessary to streamline a case for trial presentation is compromised, at best, by their lack of formal legal training and experience. Allowing Wellpath to convert this case to a lawyer/*pro se* litigant dispute will almost certainly delay and disrupt the pre-trial and trial processes while wasting significant amounts of this court resources. Such delay and disruption also significantly prejudices Plaintiff's ability to get a fair valuation of her claim before the Liquidating Trust, and is yet another example of former Defendant Wellpath's reliance on procedural gamesmanship to frustrate merits adjudication of an important civil rights case.

### iii) The general interests of justice counsel against permitting Ms. Silva's counsel to withdraw.

This Court has a great deal of familiarity with Wellpath's litigation conduct. *See* Doc. #148; Doc. #155. Wellpath sought and received bankruptcy protection from the numerous legal claims

7

against it by this Plaintiff and many others, and Plaintiff's claim has thus been redirected to the Liquidating Trust process. But that does not, and should not, cause to disappear from the public record the alleged unconstitutional conduct of this company. Doc. #199 ¶¶ Complaint 127-175 (alleging Wellpath's systemic and reckless understaffing of its jails, reliance on nurses to practice outside the scope of their licensure, and avoidance of hospitalization for inmates in obvious need, resulting in numerous injuries and deaths).

While Wellpath no longer faces liability for this alleged systemic unconstitutional conduct, Plaintiff and the public have a strong interest in the accountability moment of getting to tell the full story of Cristo Canett's demise in a public courtroom. Accountability by trial, even in the absence of potential legal liability for the entity, is in the interest of anyone who is incarcerated, or has loved ones incarcerated, in a Wellpath jail. But this critical function of our judicial system is significantly impaired when one side of a case is forced to navigate the pre-trial process and a trial without representation. Simply put, given the many technical constraints on how a story is told in an American courtroom, it is critical to have attorneys on both sides of a case to get an important story told effectively. When one side has no lawyer, it becomes a near certainty that many pre-trial requirements will not be met, not because anyone is trying to fail, but because one side of the case did not go to law school. Similarly, trial presentation will almost certainly be marred by the disruption that comes with one side lacking the formal training or experience to present their case or object to the other side's presentation, in a way that our courts allow. A jury will therefore be significantly impaired in its ability to return a fair and just verdict. And regardless of the outcome, Plaintiff and the public in general will not be allowed the important accountability

moment for a company that has allegedly violated the United States Constitution and caused Cristo Canett's death.

Plaintiff respectfully requests that this Court deny counsel for Defendant Silva's request to withdraw. Again, undersigned counsel is sympathetic to the difficult position Mr. Jones now occupies because of Wellpath's decision to stop paying him for his work on behalf of Ms. Silva. No one wants to be made to work without pay. But Wellpath has the agency here, and the rest of us are left to react to Wellpath's gamesmanship and shifting positions and navigate the best path forward. Wellpath has paid for Ms. Silva's defense for nearly three years. Only now, after the dispositive motions deadline has passed, has it decided to stop paying for its employee's defense. While that puts Mr. Jones in a difficult position to be sure, allowing him to withdraw representation of Ms. Silva (but not Wellpath) would only cause the pain of Wellpath's ongoing gamesmanship to spread further, significantly prejudicing Plaintiff's ability to liquidate its claim against Wellpath and depriving her and the public of a much needed *full and public* accounting of Wellpath's alleged unconstitutional conduct.

At least one court has been faced with a very similar request by counsel for a former Wellpath employee. In *Hirsch v. Will County et al.*, counsel for one of Wellpath's former nurses asked that court for permission to withdraw, citing the following grounds:

> Wellpath, LLC was to pay Counsel for their representation of Nurse Simpri-Mensah throughout the course of this litigation, but has now directed Counsel to withdraw their Appearances in this cause and advised that Wellpath, LLC will not pay Counsel for their representation of Nurse Simpri-Mensah, requiring Counsel to withdraw.

**Ex. 2**, Docs. ##730, 732, *Hirsch v. Will County et al.*, No. 1:19-cv-7398 (N.D. Ill., Dec. 22, 2025).

This request, which similarly relied solely on Wellpath's recent refusal to pay the legal costs of

9

its former employees, was unceremoniously denied by minute order. This Court should follow the

*Hirsch* court and deny the requested motion in its entirety.

Respectfully submitted this 6th day of February 2026.

/s/ Dan Weiss
Dan Weiss
Anna Holland Edwards
Erica Grossman
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
dan@hheglaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2026, the foregoing was filed using the CM/ECF system. I hereby certify I will send electronic notification of said filing to the following recipients.

Christopher R. Jones
Elizabeth McGowan
GORDON REES SCULLY MANSUKHANI
crjones@grsm.com
emcgowan@grsm.com
*Attorneys for Defendants Wellpath & Silva*

Ann B. Smith
Michaela S. Morrissey
VAUGHAN & DEMURO
asmith@vaughandemuro.com
mmorrissey@vaughandemuro.com
*Attorneys for Defendant Lupo*

Zachary H. Hemenway
STINSON LLP
Zachary.hemenway@stinson.com
*Attorney for Defendant Wellpath Liquidating Trust*

/s/ Brooke Thiele-LaForest
Brooke Thiele-LaForest, Paralegal