United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al*.,[1] | Case No. 24-90533 (ARP) |
| Post-Restructuring Debtors. | (Jointly Administered) |

**GENERAL FORM OF ORDER REGARDING LIFT STAY MOTIONS**

The Court having:

a. entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 2596] (the "Confirmation Order") on May 1, 2025; and

b. entered the *Order (I) Further Extending the Automatic Stay to the Non- Debtor Defendants and (II) Granting Related Relief* [Docket No. 2599] (the "Extension Order");[2]

**IT IS HEREBY FOUND, ORDERED, AND ADJUDGED THAT:**

1. The Plan became effective and was substantially consummated on **May 9, 2025** (the "Effective Date") as set forth in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date* [Docket No. 2680].

2. As set forth in Article XIII.H of the Plan and the Extension Order, the automatic stay no longer remains in effect against the Debtors or the Non-Debtor Defendants. Except in such instances where third-party insurance proceeds are available, holders of Claims' rights to proceed

---

[1] A complete list of the Post-Restructuring Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Post-Restructuring Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, the Extension Order, or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates (with Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan"), a copy of which is attached as Exhibit A to the Confirmation Order. The rules of interpretation set forth in Article I.B of the Plan shall apply hereto. For the avoidance of doubt, unless otherwise specified, all references herein to "Articles" refer to articles of the Plan.

against the Debtors are limited by the injunction resulting from the discharge outlined in paragraph 3 below as well as the injunction outlined in Article IX.F. of the Plan.  To the extent holders of Claims did not or do not timely elect to opt out of the third-party releases contained in the Plan, the injunction outlined in Article IX.F applies to claims against Non-Debtor Defendants who meet the definition of "Released Parties" in the Plan.

3. As set forth in Article IX.A of the Plan, all Claims and Causes of Action of any nature whatsoever against the Debtors are discharged.  The distributions, rights, and treatment that are provided in the Plan are in complete satisfaction of such Claims and Causes of Action.

4. Holders of personal injury tort and wrongful death Claims against the Debtors are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim.  Such holders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust; *provided*, *however*, outside of the Pro Rata distribution from the Liquidating Trust as well as recovery from any applicable insurance plan, the Holders of such claims may not seek satisfaction of, and are permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit from, or in connection with, the Debtors, the Debtors' estates, or the Post-Restructuring Debtors.

5. Holders of Claims or Interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against all Non-Debtor Defendants, including employees of the Debtors and/or Post-Restructuring Debtors. Such holders of Claims and Interests remain enjoined from enforcing recovery from the Debtors, the Debtors' estates, or the Post-Restructuring Debtors with respect to any indemnification obligations for such employees; provided, that nothing shall prevent the Post-Restructuring Debtors from electing to honor such indemnification rights pursuant to the provisions of the Plan.

6. Pursuant to Article IX of the Plan, each Holder of a Claim or Interest that did not affirmatively elect to opt out of the Plan's Third-Party Release may not bring Claims that arose prior to the Petition Date (*i.e.*, before November 11, 2024) against the non-Debtor Released Parties (including, the Debtors' past and present directors, officers, and employees (to the extent that they were acting within the scope of their employment) and H.I.G. Capital, LLC and its affiliates, directors, officers, and employees); *provided*, pursuant to paragraph 43 of the Confirmation Order, each Holder of a Claim that is or was an incarcerated individual has until **11:59 p.m. (prevailing Central Time) on July 30 , 2025** (*i.e.*, 90 days after the Confirmation Date) to opt out from the Third-Party Release set forth in Article IX.D of the Plan. For the avoidance of doubt, the deadline has already passed for all other parties to opt out of the Third-Party Release.

7. Nothing in this Order shall prevent a party from requesting a hearing with this Court by contacting the Court's case manager by email at Tyler_Laws@txs.uscourts.gov or by phone at (713) 250-5421.

8. For the avoidance of doubt, cases filed before the Petition Date against the Professional Corporations, the Professional Corporations' current and former employees, and the

Debtors' customers and clients may now proceed because these parties were not released under the Plan and the automatic stay no longer remains in effect as to the Non-Debtor Defendants.

9. No disposition or, or determination of any question of fact or law in the course of the disposition of, any claim against a non-Debtor or in any proceeding nominally against one or more Debtor but limited solely to such Debtor(s)' insurance coverage (collectively, a "Non-Bankruptcy Proceeding"), shall dispose of, constitute *res judicata* in respect of, estop the creditor from asserting any basis of allowance, estop the Liquidating Trust from asserting any basis of disallowance of, or in itself form all or part of the basis for excusable neglect for the failure to file, any Claim arising from the same or related alleged acts or omissions.

10. To the extent any inconsistency may exist between paragraphs 3-6 of this Order and the Plan, the Plan shall govern in all respects.

Signed: June 04, 2025

Alfredo R Pérez
United States Bankruptcy Judge