**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 23-cv-1211-DDD-MDB

THE ESTATE OF CRISTO JESUS CANETT,
By and through its personal representative Elizabeth Naranjo;

      Plaintiff,

v.

WELLPATH, LLC, as a nominal defendant;
WELLPATH LIQUIDATING TRUST, as a nominal defendant;
ANTHONY LUPO, individually;
MICHELLE SILVA, individually;

      Defendants.

---

**PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS AGAINST DEFENDANT
WELLPATH FOR CONTINUING ABUSE OF DISCOVERY**

---

Plaintiff has conferred with Counsel for Wellpath, who objects to the relief requested herein.

**Wellpath's Continuing Disobedience of Court Orders**

Even as a nominal Defendant, Wellpath persists in its signature delay and obstructionist litigation tactics – tactics that have been going on for several years now in this case. As Magistrate Judge Braswell noted, "Wellpath took—at various junctures in the litigation—unjustifiable and at times inexplicable discovery positions. Its tactics resulted in drawn out disputes and an undue drain on judicial resources." Doc. #217, p. 2.

Once again, in what is now a two-year discovery dispute, Wellpath continues to defy Orders and refuses to produce mortality reviews in this jail death case, documents that have been twice Ordered produced. In 2024, after several hearings, many rounds of written briefing, and a

1

four-hour evidentiary hearing with live testimony, the Court rejected Wellpath's claim that these documents were privileged, first Ordering them produced on October 11, 2024. *See* Doc. #145.1 (October 3, 2024 Evidentiary Hearing Transcript); Doc. #209 (October 11, 2024 Order).[1]

Wellpath did not comply with the Magistrate Judge's Order. Instead, it filed a motion to stay Compliance with the Order and then the next month, filed for bankruptcy, which triggered an automatic stay. Doc. #151 & 152. These blatant procedural games led Judge Braswell to comment at a status hearing that: "Wellpath's contrary positions, resistance to discovery, and previously inexplicable approaches to litigation—all of which were costly and a drain on judicial resources— now appear to have been a deliberate and inappropriate effort to draw out the discovery disputes long enough to secure an automatic stay through bankruptcy." Doc. #155, Courtroom Minutes.

The stay was lifted on June 4, 2025. Doc. #211-1.

After the stay, Wellpath continued its dilatory litigation conduct of draining party and judicial resources, and continued to refuse to produce the documents in question. Another hearing was required, and Judge Braswell issued another Order to produce these same documents on November 19, 2025. Doc. #217.

These documents, which are in its possession and easily accessible, have still not been produced. Instead, Wellpath filed an untimely and baseless objection, this time without an attendant motion to stay. See Docs. #218 - 220. Of course, as Wellpath knows, the filing of an objection does not stay a Magistrate Judge's Discovery Order under Local Rule 30.2(b), and sound policy dictates against such stays for the precise reason it is being used here:

---

[1] In addition to considering *four* rounds of briefing, affidavits, and proffers on this topic, Magistrate Judge Braswell took testimony from Wellpath's Health Services Administrator and Patient Safety Officer, and evaluated their credibility and personal knowledge.

> Otherwise . . . parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden district judges and, in this time of congested dockets, enormously delay bringing cases to trial.

*Stanisavljevic v. Standard Fire Ins. Co.,* No. 1:22-CV-03287-RM-SBP, 2024 WL 3201638, at *1 (D. Colo. June 27, 2024) (quoting *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 655-56, 657 (D. Colo. 2001)); D.C.COLO.LCivR 30.2(b).[2]

Wellpath has engaged in repeated dilatory conduct in this case (and in deliberate indifference cases nationwide), culminating in a strategic bankruptcy filing, and still refuses to produce mortality reviews. The only proper sanction that can remedy the prejudice to Plaintiff is default judgment. Plaintiff requests that this Court invoke its inherent power to manage the discovery process, or its explicit power to do so under Rule 37 or Rule 16, to sanction Wellpath for discovery abuse that has irreparably prejudiced Plaintiff.

The discovery process cannot become a playground for one party to experiment with procedural gamesmanship to push off merits-adjudication into the distant future. Such damaging bad faith conduct appears to be the norm for this particular Defendant around the country. F.R.C.P. 1, encapsulating the spirit of Federal Rules of Civil Procedure, declares that courts "should construe and administer the Rules to secure the just, speedy, and inexpensive determination of every action and proceeding." *EEOC v. Original Honeybaked Ham Co. of Ga*., No. 11-cv-2560-MSK-MEH, 2013 U.S. Dist. LEXIS 26887, *12 (D.Colo. Feb. 27, 2013) (quoting Fed. R. Civ. P.

---

[2] Here, Wellpath did not move for a stay after filing its untimely objection, nor would they be entitled to one even if they had: "A stay of a magistrate judge's discovery order should be granted sparingly. Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt." *Stanisavljevic,* 2024 WL 3201638, at *1.

1). These rules further mandate "discovery procedures that seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Zbylski v. Douglas Cnty. Sch. Dist.*, No. 14-cv-1676-MSK-NYW, 154 F. Supp. 3d 1146, 1158 (D. Colo. Dec. 31, 2015) (citation omitted). Rule 26(b) thus permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence," so long as it is proportional to the needs of the case. *Id*.

Where a party is unable to abide by the spirit and letter of the rules, and instead acts to frustrate this Court's party-driven factfinding process, "the imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 U.S. Dist. LEXIS 14278, at \*59-65 (D.N.M. Jan. 9, 2014) "Bad faith is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Id*. In addition to Rule 37, Rule 16(f) serves as an accountability mechanism for a party that has abused the discovery process as Defendant Wellpath has in this case. *Original Honeybaked Ham*, 2013 U.S. Dist. LEXIS 26887 at \*7-11 (quoting *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440-42 (10th Cir. 1984)).

**Wellpath's Repeated Abuse of the Discovery Process**

Contrary to the spirit and letter of the Rules of Civil Procedure, which have been carefully crafted over many iterations to ensure thorough and accurate fact-finding on a reasonably prompt time scale, Wellpath has consistently abused the discovery process. Wellpath's procedural games began from the start of the case in 2023 and continued throughout the litigation. Its discovery

4

misconduct was relentless and widespread. They frequently shifted positions, changed counsel, and made meritless objections on obviously discoverable documents. Wellpath's conduct is portraited more fully in Plaintiff's first Motion for Sanctions (Doc. #148), which became moot after Wellpath filed for bankruptcy, and which is incorporated herein.

Wellpath's tactics included, but are not limited to: 1) refusing to disclose F.R.C.P. 26 mandatory disclosure insurance policies, leading to a hearing and Court Order in 2023 (Doc. #73); 2) refusing a routine Rule 34 inspection of Mr. Canett's medical record, requiring a Court Order in December 2023 (Doc. #51); 3) shifting positions (through strategic changes of counsel) regarding the mortality reviews, leading to multiple discovery hearings; 4) not responding to deposition requests and having multiple changes of counsel just weeks before discovery cutoff, preventing 30(b)(6) depositions; 5) dilatory and misleading responses to routine Requests for Production regarding the company's staffing contract and compliance, requiring Court Orders to produce the requested information in 2024. Doc. #73; and, of course, 6) refusing to comply with the Court's Order to disclose the mortality reviews, both before filing for bankruptcy and after, filing untimely baseless objections that required additional wasteful briefing and resources.[3]

**The Wellpath Playbook - Abuse of the Discovery Process as a Litigation Strategy**

Wellpath's conduct here has caused the Court to comment variously that:

- "Wellpath's improper withholding and meritless arguments have caused unnecessary delay and expenditures in this case and others;" Doc. #125, p. 8, ftn. 9

---

[3] The tactics and the goal of delay are clear. Time and again, Wellpath indicated it would behave within the rules as discovery dispute hearings have approached – effectively preying on counsel's desire to avoid the need for judicial babysitting. Time and again, Plaintiff's counsel represented to the Court that the parties were close to a solution on issues, only to have the hearing pass and Wellpath's commitment to cooperate evaporate. Delay was the entire game. Delay toward bankruptcy, delay toward spending down Plaintiff's costs fund, delay toward avoiding liability.

- "This case has a tortured procedural history that the Court declines to detail here. However, the Court notes that pre-bankruptcy, Wellpath took—at various junctures in the litigation— unjustifiable and at times inexplicable discovery positions. Its tactics resulted in drawn out disputes and an undue drain on judicial resources … it became apparent that many of Wellpath's tactics had been aimed at staving off discovery just long enough to reach the automatic stay." Doc. #217, p. 2;

Unsurprisingly, Wellpath has been sanctioned by federal judges across the country for strikingly similar abusive discovery conduct. The following is a non-exhaustive list of sanctions issued in response to Wellpath's litigation strategy:

- *Jones v. Wellpath, LLC, et al.*, No. 22-CV-42-KKC-EBA, Doc. No. 96 (E.D. Ky. May 13, 2024) (ordering extended discovery and awarding attorneys' fees to sanction Wellpath for non-disclosure, for almost a full year, of a case-critical echocardiogram report while allowing Plaintiff's counsel to build her case assuming that no such echocardiogram was done, and noting that Wellpath's own expert seemingly had access to this document to buttress his report).

- *Hirsch v. Will Cnty., et al.*, Order on Plaintiff's 18th Motion to Compel, No. 1:19-cv-7398, Doc. No. 433 (N.D. Ill. Feb. 12, 2024) ("**Plaintiff's effort to obtain discovery from Wellpath has resulted in a protracted, energy draining battle that, in turn, has spawned voluminous motion practice**."); *see also Hirsch,* Minute Order, No. 1:19-cv-7398, Doc. No. 486 (N.D. Ill. May 24, 2024) (describing Wellpath's **"persistent and willful non compliance"** and noting that **"[s]ince February 2024, the Court has repeatedly ordered Wellpath to make certain productions by certain dates to little avail. [] Wellpath has made minimal productions pursuant to these orders…. Further, in defiance of this Court's explicit orders, Wellpath stated on the record that it will not produce documents on a rolling basis and will instead make a single production whenever it is prepared to do so**."); *see also Hirsch*, Order, No. 1:19-cv-7398, Doc. No. 621 (N.D. Ill. Oct. 23, 2024) (discussing Track I, Track II, and Track III sanctions against Wellpath and ordering payment of more than $300,000 in discovery sanctions by Dec. 9, 2024).

- *Hernandez v. Cnty. of Monterey*, No. 13-cv-2354-BLF, 2023 U.S. Dist. LEXIS 171877 (N.D. Cal. Sept. 26, 2023) (Wellpath found in contempt of court for violating 43 of 44 provisions of a settlement agreement and court-approved implementation plans);

- *Johnson for Est. of Stewart v. Coos County*, No. 6:19-cv-1883-AA, Doc. No. 119 (E.D. Or. June 14, 2023) (entering default judgment against Wellpath for violating discovery obligations, and discussing in detail Wellpath's discovery abuses and lack of candor with Plaintiffs and with the Court on pages 6-12 of the Order);

6

- *Marziale v. Correct Care Sols*, LLC, No. 5:18-CV-86-DPM, U.S. Dist. LEXIS 143872 (E.D. Ark. July 28, 2020) (Magistrate Judge **recommends sanctions and finds that Wellpath had "thrown sand in the gears" of the discovery process** by delaying production of responsive documents for months, failing to disclose responsive documents until deponents themselves did so under examination, providing contradictory information in discovery responses, affidavits, and later affidavits purporting to answer the same questions, and destruction of paper medical file after preservation letter and filing of lawsuit); *see also Marziale*, 2020 U.S. Dist. LEXIS 144952 (E.D. Ark. Aug. 10, 2020) (adopting MJ recommendation and noting that **"…Defendants' many discovery dodges, stumbles, and foot-drags have created the need to do the clean-up discovery,"** and ordering additional sanctions for **Wellpath's "discombobulation of the case in discovery.**").

- *Nall v. Correct Care Solutions, LLC*, No. 19-5289 RJB, U.S. Dist. LEXIS 143969 (W.D. Wash. Aug. 11, 2020) (granting Plaintiffs' motion to compel and sanctioning Wellpath for its failure to respond and lack of candor in some of its written discovery responses); *see also Nall*, No. 19-5289 RJB, U.S. Dist. LEXIS 267561*2 (W.D. Wash. Aug. 31, 2020) (granting motion to clarify Aug. 11, 2020 Order and noting that **"Plaintiffs properly argue that it isn't just that the responses to these requests for production were served in late December and in January, it is the responses that were served 'deliberately mislead' Plaintiffs such that they constituted a failure to respond."**).

- *Est. of Moreno v. Corr. Healthcare Cos, Inc.*, 2020 U.S. Dist. LEXIS 40680 (E.D. Wash. Jan. 8, 2020) (illustrating the self-contradictory information provided by Wellpath in various discovery responses and affidavits, and an 8-month delay in complying fully with a prior discovery order); *see also Moreno*, 2020 U.S. Dist. LEXIS 108370 (E.D. Wash. June 1, 2020) (entering default judgment against Wellpath for spoliation).

- *Early v. Arizona, et al.*, No. 2:16-cv-00031-PHX-SPL, Doc. No. 191 (D. Ariz. May 22, 2018) (ordering sanctions against CHC, one of Wellpath's corporate predecessors, for failing to disclose, after repeated requests and repeated denials that such documents existed, nursing protocols that did in fact exist and were clearly relevant to Plaintiff's claims).

- *Brogdon v. Correct Care Solutions, LLC*, No. 1:16-cv-12 (BJR), 2016 U.S. Dist. LEXIS 186116 (W.D. Pa. Dec. 21, 2016) ("**It appears that Defendants have been waiting until the eleventh hour to identify and deliver documents requested by Plaintiff, which results in disputes and controversies that require further delays. Such behavior undermines the fair, efficient administration of justice.");** *see also Brogdon*, 2017 U.S. Dist. LEXIS 91950 (W.D. Pa. May 9, 2017) (granting Plaintiff's request for an adverse inference that missing medical records "would reflect negatively on the supervision provided by supervising physicians to physician assistants" because CCS "failed to fulfill their discovery obligations."); *see also Brogdon*, U.S. Dist. LEXIS 143677 (Aug. 15, 2017) (granting Plaintiff's sanctions request for $45,180 and noting that "**Defense counsel's**

7

**dilatoriness and failure to produce discovery has been admonished on the record at virtually every stage of this litigation.")**

**Wellpath's Repeated Abuse of the Discovery Process Justifies Terminating Sanctions**

Wellpath treats courts as playgrounds to try different combinations of its well-honed tactics of obstruction and delay: i) withholding basic documents other litigants would disclose as a matter of course; ii) supporting improper non-disclosure with boilerplate, meritless objections; iii) delaying responses to opposing counsel, or offering and then withdrawing compromises, (thus avoiding conferral and/or court supervision); iv) shifting legal rationales for improper non-disclosure (again frustrating the conferral/court supervision process); v) misleading and outright dishonesty to opposing parties and courts; and vi) delaying or denying production of clearly relevant documents, causing needless motion practice, court involvement, and months or years of delay. The strong inference to be gleaned from such widespread discovery abuse is that Wellpath simply doesn't think it is, or should be, bound by rules of discovery or the Court.

Here, Wellpath sabotaged discovery for so long and to such a degree, that it drove Plaintiff directly into an unavoidable stay of proceedings during bankruptcy. Even after bankruptcy, Wellpath continues to throw sand in the gears, again taking conflicting and inconsistent positions about their status as a party, and providing representation to individual defendants in the various cases in this district until enough time had passed that progress was again being made, then suddenly withdrawing financial resources for defense of their own prior employees. While the filing of bankruptcy caused a stay and ultimately severely altered Plaintiffs ability to achieve justice in this matter, the Court is not without any recourse. It has ample discretion and authority to discipline a Defendant that has flippantly thwarted the rules and orders of the Court:

8

> A district court may issue default judgment as a sanction if a party fails to obey an order or to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(vi). To determine if such a severe sanction is warranted, courts consider the factors set forth in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the party seeking discovery; (2) the amount of interference with the judicial process; (3) the culpability of the resisting party, (4) whether the court warned the resisting party in advance that dismissal of the action or default judgment would be a likely sanction, and (5) the efficacy of lesser sanctions. 965 F.2d 916, 921 (10th Cir. 1992); *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013).

*Kokot v. Maxim Healthcare Servs.*, No. 18-cv-00689-RM-KMT, 2020 U.S. Dist. LEXIS 55782, at \*2-3 (D. Colo. Mar. 31, 2020); *see also Est. of Moreno v. Corr. Healthcare Cos, Inc.*, 2020 U.S. Dist. LEXIS 40680 (E.D. Wash. Jan. 8, 2020) (illustrating the self-contradictory information provided by Wellpath in various discovery responses and affidavits, and an 8-month delay in complying fully with a prior discovery order); *Moreno*, 2020 U.S. Dist. LEXIS 108370 (E.D. Wash. June 1, 2020) (entering default judgment against Wellpath for spoliation).

Plaintiff understands that default judgment is a severe sanction, but such a remedy must have its place where "the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 731 (10th Cir. 1991). Wellpath has effectively halted the adversary process. It has employed obstructionist tactics to cause interminable delay, waste of resources, and continued uncertainty about Plaintiff's rights. Throughout discovery, Wellpath has lacked candor with Plaintiff and with this Court. When lack of candor will further its litigation playbook, Wellpath has shown itself happy to mislead and obfuscate. This discovery abuse has not only forced the need to do clean-up discovery and repeatedly extend deadlines, but has also caused

9

Plaintiff and this Court to use limited resources and court time for endless discovery dispute hearings.

These deliberate delay tactics experienced in this case were clearly part of Wellpath's larger plan to follow in the bankruptcy footsteps of another correctional health care corporation, Corizon Health, Inc. Like Wellpath, Corizon faced hundreds of federal lawsuits from inmates and their families. After losing a number of trials in 2022, Corizon filed for Chapter 11 bankruptcy in Texas, organized a different company to conduct the same business at the same jails. This legal maneuver has been called "the Texas Two-Step" by the Wall Street Journal, commenting that Corizon "expands a legal tactic for cleansing businesses of litigation through bankruptcy." See articles and public statement of the Senate Judiciary Committee. Doc. #148.21. Notably, Corizon has recently twice defaulted on bankruptcy obligations and now may lose that protection years later – after who knows how many cases have been abandoned as unrecoverable.[4]

Terminating sanctions are the only remedy that will cure the prejudice to plaintiff from Wellpath's bad-faith and refusal to obey Court Orders. *Ehrenhaus*, 965 F.2d at 921. In the face of a bankruptcy proceeding and likely stay, an alternative sanction, such as money for the hundreds of hours wasted, will not cure the prejudice to Plaintiff.

WHEREFORE, the Court is asked to enter default judgment against Wellpath.

Respectfully submitted this 11th day of March 2026.

> */s/ Erica Grossman*
> Erica Grossman
> Anna Holland Edwards
> HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
> 1437 High Street

---

[4] See Bloomberg's coverage on this topic, as well as an update by Community Oriented Correctional Health Services on the same, attached as **Ex. 1**.

Denver, CO 80218
erica@hheglaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2026, the foregoing was filed using the CM/ECF system. I hereby certify I will send electronic notification of said filing to the following recipients.

Christopher R. Jones
Elizabeth McGowan
GORDON REES SCULLY MANSUKHANI
crjones@grsm.com
emcgowan@grsm.com
*Attorneys for Defendant Wellpath*

Jonathan L. Stein
ROBINSON & HENRY, P.C.
jonathan.stein@robinsonandhenry.com
*Attorney for Defendant Lupo*

Zachary H. Hemenway
STINSON LLP
Zachary.hemenway@stinson.com
*Attorney for Defendant Wellpath Liquidating Trust*

*/s/ Brooke Thiele-LaForest*
Brooke Thiele-LaForest, Paralegal

11